2017R00153

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 20-744 (RBK) |
| v. | : | HON. ROBERT KUGLER |
| JOHN W. BARRY JR. | : | |

**MOTION FOR PROTECTIVE ORDER**

The United States moves for entry of a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to limit the defendant's disclosure of any discovery produced by the United States in this case.

The documents that the United States intends to produce pursuant to its discovery obligations include confidential information, including personal identification information and tax return information, belonging to unindicted third parties.   The proposed protective order is necessary to protect this and other confidential information from disclosure beyond what is necessary for the defendant to prepare his defense.   Accordingly, for good cause, the Court should enter the proposed protective order submitted with this motion.

**DISCUSSION**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."   Relatedly, the Supreme Court has held that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).   Good cause exists for entry of such an order in this case.

The discovery the United States intends to produce in this case includes personal, sensitive, and confidential information regarding the defendant's clients—those to whom he aided and assisted in filing tax returns and other tax documents with the IRS. This includes, among other things, those clients' bank records, mortgage documents, e-mails, and tax returns. It also includes IRS records related to the clients. These records are replete with personal identifying information that, regrettably, can be—and often is—used for fraudulent purposes. Indeed, for this reason, such information has to be redacted prior to being presented to the Court. *See* Fed. R. Crim. P. 49.1.

In addition to containing personal identifying information, the United States' anticipated production includes tax returns and other tax return information. Section 6103 of the Internal Revenue Code generally proscribes the disclosure of tax returns and tax return information. 26 U.S.C. § 6103(a). "Returns" and "return information" under this section include, among other things, tax returns and supporting schedules as well as information furnished to the IRS regarding the determination of tax liability. *See* 26 U.S.C. §§ 6103(b)(1), (2). Section 6103 permits the government to disclose return information in federal proceedings, however, to comply with its discovery obligations. Specifically, Section 6103(h)(4)(D) provides that disclosure is appropriate "to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title." *See* 26 U.S.C. § 6103(h)(4)(D). With this proposed order, the United States would be permitted to disclose tax returns and tax return information while furthering the congressional mandate to limit dissemination of taxpayer data only to the extent necessary to allow a criminal defendant to

defend against the charges.

Additionally, the protective order is necessary to protect the secrecy of grand jury material. As referenced in the indictment, Barry participated in a vast conspiracy that included as yet unindicted co-conspirators. Further investigation may result in indictment of Barry's co-conspirators and others who promoted the same scheme. The United States will be producing some grand jury material and material gathered as part of an investigation into a far-reaching conspiracy and scheme. The profound interest in grand jury secrecy counsels against unnecessary disclosure of grand jury material that the government is otherwise obligated to provide to the defendant in a pending case. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 & 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. . . . The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system."); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 & n.6 (1958). The protective order will allow the defendant to prepare his defense without thwarting the investigation of other co-conspirators by precluding him from sharing grand jury or other investigative material with them.

The foregoing amply demonstrates "good cause" for protecting the discovery in this case from being disclosed beyond what is necessary for the defendant to prepare his defense. Moreover, there is no countervailing interest in allowing disclosure of documents produced by the United States beyond the defendant and those retained or appointed to assist in his defense. *See, e.g., N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 430 (3d Cir. 2016) ("[T]here is no tradition of access to criminal discovery. To the contrary, discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole

purpose of discovery is to assist trial preparation.") (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)).

Finally, the Court need not obtain the defendant's consent to enter the order.  *See* FRCP 16(d).   Thus, although the defendant refused at the prior status conference to consent to a protective order and stated that he did not want discovery in this case, the Court can—and should—independently enter the order for good cause.

## CONCLUSION

For the foregoing reasons, the Court should enter the proposed protective order.

                              Respectfully submitted by:

                              STUART M. GOLDBERG
                              Acting Deputy Assistant Attorney General
                              U.S. Department of Justice, Tax Division


                              _/s/Sean M. Green_____
                              SEAN GREEN
                              Trial Attorney
                              JOHN KANE
                              Assistant Chief
                              U.S. Department of Justice
                              Tax Division, Northern Criminal Enforcement
                              (202) 307-2554
                              Sean.M.Green@usdoj.gov
                              John.N.Kane@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2020, I filed this motion vie ECF, thereby affecting service on counsel for defendant John W. Barry Jr.

By:/s/ *Sean M. Green*
SEAN M. GREEN
Trial Attorney
U.S. Department of Justice
Tax Division
601 D. Street, N.W.
Washington, D.C. 20530
202-307-2554 (v)
Sean.M.Green@usdoj.gov