2017R00153

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 20-744 (RBK) |
| v. | : | HON. ROBERT KUGLER |
| JOHN W. BARRY JR. | : | |

**UNITED STATES' MOTION FOR HEARING**

The United States respectfully requests that the Court hold a *Faretta* hearing in light of a letter the defendant has addressed to his counsel and filed with the Court. (Doc. Nos. 53, and 54). In the letter, the defendant writes:

> I have decided to terminate our current legal relationship and I do not want you to represent me further. I believe it will best suit the needs of my case that I move in equity and present myself in this case.

(*Id*.). To be sure, this is an eleventh-hour decision on a topic that the Court has taken considerable time and energy attempting to address with the defendant. Indeed, on three occasions spanning the duration of the case, the Court has attempted to get a clear answer from Mr. Barry about whether he wishes to represent himself or be represented by counsel. (Doc. Nos. 30, 42, 44). During a *Faretta* hearing held on June 3, 2021, and after having been held in contempt of court, the defendant stated in one instance that "under threat, duress and coercion, I will represent myself." (Hearing Tr. at p. 7.) Later in the same hearing, the defendant stated that "under threat, duress and coercion . . . I will accept the counsel." (*Id*. at p. 30.) Following a lengthy colloquy with the defendant, the Court held that the defendant was "not making an informed and voluntary decision to represent himself in this matter at this time."

1

(*Id.*)

Despite the Court's prior ruling, in light of Mr. Barry's subsequent letter, we respectfully ask the Court to again hold a hearing to ascertain whether the defendant knowingly, voluntarily, and unequivocally wants to represent himself and waive his right to counsel. *See United States v. Peppers*, 302 F.3d 120, 132 (3d Cir. 2002); *Fischetti v. Johnson*, 384 F.3d 140, 146 (3d Cir. 2004). In the event the defendant provides absurd responses as he has in the past, the Court can certainly deny the defendant the right to represent himself. *See, e.g. United States v. Hall*, 2013 WL 5707346, at *4 (D.S.C. Oct. 18, 2013) (denying defendants' request to terminate counsel and proceed *pro se* based on "absurd responses to the court's basic questions during the *Faretta* hearing."); *see also, United States v. Glover*, 715 F. App'x 253, 255 (4th Cir. 2017) ("We conclude that the district court had sufficient grounds to terminate the defendants' pro se status and to appoint counsel to represent them. From the beginning of the district court proceedings, the defendants filed meritless pro se motions based on the assertion that the defendants were "sovereign citizens.")

Whether Mr. Barry represents himself or is represented by counsel, the case should proceed as scheduled. The jury is scheduled to be selected on July 12th. Evidence will begin being presented on July 19th. There is no reason that Mr. Barry's eleventh-hour request to terminate his counsel—especially given the considerable time and care the Court has already taken to ascertain Mr. Barry's intent on that subject—should delay the proceedings. Indeed, the timing of Mr. Barry's letter gives the appearance of a delay tactic. If so, it should not succeed.

For the foregoing reasons, we request that a *Faretta* hearing be held. Counsel for the government will be in Camden on July 12th for jury selection, and respectfully requests that a

2

hearing be held on that date if convenient for the Court.

                                        Respectfully submitted by:

                                        DAVID A. HUBBERT
                                        Acting Assistant Attorney General
                                        U.S. Department of Justice, Tax Division


                                        _/s/Sean M. Green_
                                        SEAN GREEN
                                        Trial Attorney
                                        SAMUEL BEAN
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Tax Division, Northern Criminal Enforcement
                                        (202) 307-2554
                                        Sean.M.Green@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2021, I filed this motion vie ECF, thereby affecting service on counsel for defendant John W. Barry Jr.

By: */s/ Sean M. Green*
SEAN M. GREEN
Trial Attorney
U.S. Department of Justice
Tax Division
601 D. Street, N.W.
Washington, D.C. 20530
202-307-2554 (v)
Sean.M.Green@usdoj.gov