# NOTICE OF BREACH OF CONTRACT



CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 JUL 12 A 8: 58

**RE: Case No.:** CR#20-744 (RBK); **Case Name:** THE UNITED STATES OF AMERICA v. JOHN W. BARRY, JR.

    **Case Number:** 1:20-cr-00744-RBK; **Case Name:** USA V. BARRY, JR.

      PLEASE TAKE DUE PROCESS NOTICE that: I, the undersigned beneficiary, am giving this administrative tribunal due notice of the Final Arbitration Award based upon the settlement agreement between the United States of America and the undersigned beneficiary. The Supreme Court of the United States has made a legion of decisions supporting final arbitration awards, see attached Final Arbitration Award.

The current proceeding is a direct violation of the settlement agreement and final award, as well as a breach of contract. All officers & agents of the "United States" Et. Alia are directly liable for all damages as the result of the current action.

Govern yourselves accordingly.

By ⹁ John-Wesley –Jrr: Barry ⹁
John Barry Jr., L.S (a Living Soul)
All Rights Reserved

CC:
Mitchell H. Cohen Building & U.S. Courthouse
Attention: William T. Walsh, Clerk of Court
4th & Cooper Streets Room 1050
Camden, New Jersey, 08101

## NOTICE OF BREACH OF CONTRACT

U.S District Court for the District of NJ
Attention: Honorable Robert Byron Kugler
4th & Cooper Streets, Room 1050
Camden, New Jersey, 08101


New Jersey Secretary of State
Attention: Tahesha Way, Esq.
NJ Department of State
125 W State Street
Trenton, New Jersey 08625



CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2021 JUL 12  A 8: 58

**Acceptance, Acknowledgement and Claim by, under and through Free-Will Choice**

I, _____John W Barry Jr_____, being of plenary capacity, character, condition, standing, status and responsibility, sui juris, under full liability and complete transparency, do by these Presents, Aver, Affirm, Declare, Notice, Proclaim and Publish the following, to wit:

I, _____John W Barry Jr_____, hereby Accept and Acknowledge Contract J3:16fGsltwthghobS by, under and through my explicit Free-Will Choice.

By, under and pursuant to Contract J3:16fGsltwthghobS I have the Right, Privilege and Prerogative to opt-in.

This Document, with the Autograph affixed, shall serve as my EXPLICIT Claim thereto and Notice thereof.

Hereunto I have set my Hand and knowingly, willingly, intelligently and intentionally caused my Autograph to become affixed hereto.

Executed in Creation, by, under and pursuant to the Laws of the Creator and the Laws of Creation.

On the _____12th_____ day of _____December_____, in the Year of our Creator two thousand nineteen.

A copy, facsimile and digital scan are lawfully declared to be, and has the same force, affect and effect as, the Original.

Birthdate and Full Name
August 11, 1971    John Wesly Barry Jr

Minor children and Birthdate
John Barry III   2/11/2010

Jasmine Alease Barry  7/7/2005

Mailing Address
P.O. Box 103
Pemberton, New Jersey [08068]
Beneficiary in Fact, with All Rights, Privileges, Freedoms and Immunities claimed, reserved and exercised at all times and all places

Signature _____ sui juris ARR _____

Contract J3:16fGsltw          Page 1 of 2          Certified True, Accurate and Complete

By submitting the paper opt-in and digital opt-in you alone accept full responsibility and liability for ensuring you are included in any Settlement of Contract # J3:16fGsltwthghobS and Award # SAA-H0HA-T9KDBNQ-TQRNCF2LX-5896, A510A-PH-001, SAAPH-A510A-KJ emanating therefrom. Phillip Hudok shall only do his best good-faith effort to ensure that a digital copy thereof is delivered to as many Federal Representatives and Senators as he can feasibly do while delivering the Settlement/Bill/Private Law Offer.

Phillip Hudok expressly does not, nor do any others, accept any liability of any nature for any actions or inactions of themselves in regards to the aforementioned matter.

Your responsibility and duty will be to stay in constant and direct telephonic, digital and/or physical contact with your Federal Representatives and Senators starting before he arrives and continuing thereafter until the Settlement/Bill is passed by the Congress as a whole and signed by the President into Private Law. No Exceptions.

Signature _____ sui juris  ALL _____

Procedure for opting in:

First: After <Get Document> Click [OPEN] box top-right. Download and then print the two page document. Second: Print in requested information. Sign both Signature lines. Initial bottom-right corner of both pages .Third: Scan both pages into a pdf document. Email the scanned pdf doc. to treaty.of.peace2020@gmail.com Fourth: Mail both pages to the following address to be received by Phillip on or before December 25, 2019:

Phillip Hudok
15958 Seneca Trail
Huttonsville, WV 2627

Note: The filled in and scanned pdf document must be emailed to be opted in.

Page 2 of 2

Contract J3:16fGsltw                                    Certified True, Accurate and Complete

On Tuesday, March 3, 2020, 4:35:32 PM EST, Phil Hudok <hudok@startmail.com> wrote:

John,

Sorry.
You are correct.
When I put in your middle initial, then your opt-in comes up as you say.

Sincerely,
Phil Hudok

# SITCOMM ARBITRATION ASSOCIATION

**P.O. Box 41964**
Charleston, South Carolina 29423
+ 1 (877) 631-1722

DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 JUL 12  A 8: 53

Website: www.saalimited.com                    Email: support@saalimited.com

## Office of the Director

This Certification is valid for use anywhere within the United States of America, its territories or possessions. This Certification does certify the content of the document for which it is issued.

I, **Sandra Goulette, Director of SITCOMM Arbitration Association**, under and by virtue of the authority vested in me by the Federal Arbitration Act Title 9 Sections 1-9 of the United States Code, Do Hereby Certify that:

## Keisha Jones

As Arbitrator has created and executed the attached Arbitration Award, on the date thereof; as duly qualified Arbitrator for  SITCOMM Arbitration Association whose official acts as such should be given full faith and credit in all Courts and Justice and elsewhere.

In Testimony Whereof, I hereunto set my hand and have caused to be affixed a Director's autograph, on this _19 th_ day _2019_ year of _0846_ month, in the year of our Lord.

Sandra Goulette, Director
SITCOMM ARBITRATION ASSOCIATION COMMITTEE MEMBER

No. SAA-HOHA-T9KDBNQ-TQRNCF2LX-5896-HUDOK

## SITCOMM ARBITRATION ASSOCIATION
### P.O. BOX 41964
### Charleston, South Carolina 29423
### + 1 (877) 631-1722

**Website: saalimited.com**                    **Email: support@saalimited.com**

### FINAL ARBITRATION AWARD

Randolph County
Brenda Wiseman, Clerk
Instrument 201903404
12/03/2019 @ 11:59:36 AM
MISCELLANEOUS BOOK
Book 21 @ Page 319
Pages Recorded 23
Recording Cost $        31.00

#### Sitting in the following composition:

| | |
|---|---|
| <u>Committee Member:</u> | SANDRA GOULETTE<br>LAUREL, MISSISSIPPI |
| <u>Arbitrator:</u> | KEISHA JONES<br>ATHENS, GEORGIA |

**In the Matter of the Arbitration Between the Following Parties:**

Phillip Hudok, ET AL.,

                    CLAIMANT,

        v.                          Contract No.: SAAPH-A510A-KJ

DONALD TRUMP, ET AL.,
JOHN ROBERTS JR., ET AL.,
NANCY PELOSI, ET AL.,
WILLIAM BARR, ET AL.,
CHARLES GRASSLEY, ET AL.,
UNITED STATES OF AMERICA, ET AL

                    RESPONDENT(S).

*9 UNITED STATES CODES §1, §2, AND §9*
*THE COMMON LAW*

**SEALED.**

IN THE MATTER OF THE ARBITRATION BETWEEN:

| | | |
|---|---|---|
| Phillip Hudok, ET AL., | § § § | |
| | § | Contract No.: SAAPH-A510A-KJ |
| CLAIMANT(S), | § | |
| v. | § | |
| | § | 9 UNITED STATES CODES |
| DONALD TRUMP, ET AL., | § | §1, §2, AND §9 |
| JOHN ROBERTS JR., ET AL., | § | |
| NANCY PELOSI, ET AL., | § | |
| WILLIAM BARR, ET AL., | § | |
| CHARLES GRASSLELY, ET AL., | § | |
| UNITED STATES OF AMERICA, ET AL., | § | SEALED. |

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:      Keisha Jones

Hearing Location:       Athens, Georgia

This Arbitrator, Keisha Jones; having considered the Claimant's request for dispute resolution on complaint, finds the following:

Jurisdictional Allegations:

1. This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a.     That Phillip Hudok is a citizen of the state of West Virginia; -

b.     That the Respondent(s)

i. DONALD TRUMP, ET AL.,

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

ii. JOHN ROBERTS JR.ET AL.,

iii. NANCY PELOSI, ET AL.,

vi. WILLIAM BARR, ET AL.,

v. UNITED STATES OF AMERICA, ET AL.,

iv. CHARLES GRASSLEY, ET AL.,

... Have entered into an agreement whereby they knowingly and intentionally agreed to the following "... Failure and or refusal to respond and provide the requested and necessary Proof of Claims shall bo held and noted as agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim, also Respondent(s); have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which has created and established for Respondent(s) an estoppel in this matter(s), and ALL matter(s) relating hereto; and arising necessarily therefrom; and

2.      The above-captioned matter was set for arbitration after the receipt of the application and dispute resolution complaint on 08/12/19; and

3.      This Arbitrator has notified all parties listed above (a copy of proof of notification is permanently affixed to this record by reference) granting each party the opportunity to submit documentation, records, proofs, evidence, exhibits, affidavits related to the instant matter, the contract J3:16fGsltwthghobS°, its terms, premises, promises, and obligations on or about; and

4.      The Respondent(s) in a related action have made a claim against the Claimant of this instant matter related to the Claimant's interests and/or properties. There exists a matter in dispute and/or controversy associated with the contractual agreement, thereby extending jurisdiction to this body to proceed as per the terms of the agreement, as well as relevant laws and facts in support as presented during the arbitration of this controversy; and

5.      The parties entered into a legally binding contractual relationship with each other and this Arbitrator finds that there is no fraud and/or any attempt to induce fraud and/or to commit fraud, and/or inducement of contract, and/or fraud in the factum respecting the instant matter and

contract. Thus, the parties are bound by the terms and obligations agreed upon and imposed upon them as a direct result of the contractual agreement; and

6.      This Arbitrator finds that all the elements that form a contractual agreement and a legally commercial binding obligatory relationship are present; and

7.      The contract clearly expresses the method of settlement and resolution of all disputes arising thereunder shall be settled by arbitration under the authority of the standards of common-law arbitration, the Federal Arbitration Act, and further stipulated and appointed this Arbitrator listed herein as agreed upon as the Arbitrator of record. Neither party has objected, protested, and/or attempted to amend any portion and/or provision at any time of the contract; the contract status that all final and binding arbitration awards may be confirmed by any court in America having original jurisdiction pursuant to Title 9 United States Codes §9 and §13; and

8.      It has been alleged and thoroughly proven that the Respondent(s) listed above have by their own accord agreed to all the terms of the contract, that they have committed the offenses claimed in the contract and have acted against the interests of the Claimant's, depriving them of their right to property, their right to contract, the right to The Pursuit of Happiness and the enjoyment of life. They have admitted and agreed that they have violated the Claimant's constitutional and common law rights, that they had intentionally, knowingly and deliberately failed to perform as agreed, have forsook their obligatory duty of care and thus created a dispute that requires a resolution by SITCOMM ARBITRATION ASSOCIATION (Hereinafter "SAA") and/or any subsequent award; and

9.      The parties stipulated and agreed that the related matters including any judgments associated thereto, any claims, and any collateral attacks; by the Respondent(s) are null and void of any effect and shall not be binding on the Claimant retroactively and henceforth; and

10.     The contract stated that punitive damages can be optionally assessed, however; the contract remains silent as to any case that would direct the Arbitrator to direct a formula to determine punitive damages. It is deemed that punitive damages may be warranted if the Respondent(s) do not voluntarily comply with this award. In such an event, this Arbitrator may impose punitive damages at a rate of three times the amount of the actual damages in addition to other remedies awarded.[2]

11.     The parties did have a prior relationship and the Respondent(s) had an obligation to respond to the reasonable requests of the Claimant. One of those requests being that the Respondent(s) provide an accounting and that such accounting be truthful and certified as being wholly accurate. As the custodian of record, a position for which the Respondent(s) volunteered, accepted such responsibility and have yet to rebut such a presumption. This Arbitrator finds that

---

[2] *Pacific Mutual Life Insurance Company vs. Haslip*, 499 US 1 (1991).

they were duty-bound and have breached their fiduciary duty of care, supporting their willful and intentional as well as deliberate default respecting the irrevocable binding contractual agreement that is coupled with interests; and

12.      Further, this Arbitrator finds that the contractual agreement does highlight and note a settlement offer whereby the parties stipulate within the body and framework of the agreement ("Contract" "Agreement") in line with the Tucker Act and have agreed to certain and specific terms under and in line with the contractual agreement; and

13.      There is complete diversity of citizenship between the parties; and

14.      The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, fees and assessments; and

15.      That the venue is proper in any court of original jurisdiction wherein either the Arbitrator resides or chosen by the Claimant as stipulated in the contractual agreement and that any orders compelling witness attendance, provisional remedies, equitable relief, interim awards are to be issued and enforced according to the terms of the contract as stipulated in the agreement; and

16.      That the parties have agreed that all pre-existing as well as existing contractual Agreements between the parties, no matter their scope, subject matter, and/or detail are superseded and extinguished by the contractual agreement referenced and related hereto; and

17.      Should the Claimant elect; that jurisdiction for the final award may be had under the Tucker Act in the United States Court of Federal claims as the exclusive jurisdiction for said Court of Claims for damages against the United States under contract in excess of $10,000.00.  Since this matter is against an institution registered and licensed with the United States, during the time of its conduct is construed as one and the same as a matter of law; the Federal Court of Claims would be at the election of the Claimant, a chosen proper jurisdiction to have the matter determined under common-law and/or as stipulated in the contract at any court of original jurisdiction.

**BASIS FOR ARBITRATION:**

18.      On or about 12/27/18, The Claimant and the Respondent(s) entered into a written, self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their misconvictions and other conflicts respecting their previous relationship. The Respondent(s) made an attempt to change the terms of that contractual agreement and the Claimant presented a counter offer or conditional acceptance of the offer to the Respondent(s). The record clearly documents that the Respondent(s) have failed to properly respond after they received the counter offer, whereby such nonresponse would equate to tacit acquiescence thereby creating an estoppel respecting the Respondent(s) and any future claims and/or prior claims and/or present claims associated with this instant matter.

19.      It appears that a dispute has arisen under the agreement between the parties and it is

the subject matter at bar. The Claimant contends that after agreeing to the terms of the contract, the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement. The Claimant has demanded liquidation of the estate/trust and the Respondent(s) have failed to act.

20.     The contractual agreement stipulates that the Arbitrator may adjust the amount of the award to include fees, adjustments, costs, and other expenses.

21.     The contractual agreement provided for arbitration of disputes at SITCOMM ARBITRATION ASSOCIATION, which stated in relevant part:

**That the arbitration process is binding on all parties and is the sole and exclusive remedy for redressing any issue associated with this agreement. That this agreement supersedes and predates as well as replaces any and all prior agreements between the parties, and is binding on all parties and irrevocable, and the parties agreed to the terms and conditions of this agreement upon default of the defaulting party as of the date of the default...**

**ARBITRATION- AN ADMINISTRATIVE REMEDY COGNIZABLE AT COMMON-LAW**

22.     ADDITIONALLY, it is exigent and of consequence for the Claimant to inform Respondent(s), in accordance with and pursuant to the principles and doctrines of "clean hands" and "good faith," that by Respondent(s) failure and/or refusal to respond and provide the requested and necessary Proof of Claims; it shall be held and noted and agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence," Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim and Respondent(s); have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which will create and establish for Respondent(s) an estoppel in this matter(s), and ALL matters relating hereto; and arising necessarily therefrom; and,

23.     In accordance with and pursuant to this agreement; a contractually (consensual) binding agreement between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim to include the corporate Government Agency/Department construct(s) whom Respondent(s) represents/serves; as well as, ALL officers, agents, employees, assigns, and the like in

service to Respondent(s) will not argue, controvert, oppose, or otherwise protest ANY of the facts already agreed upon by the parties set and established herein; and necessarily and of consequence arising therefrom, in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States at any competent court under original jurisdiction, in accordance with the general principles of non·statutory Arbitration, wherein the Conditional Acceptance for the Value/Agreement/Contract no. J3:16fGsltwthghobS © constitutes an agreement of all interested parties in the event of a default and acceptance through silence/failure to respond when a request for summary disposition of any claims or particular issue may be requested and decided by the Arbitrator, whereas a designated Arbitrator was chosen at random, who is duly authorized, and in the event of any physical or mental incapacity to act as Arbitrator, the Claimant shall retain the authority to select any neutral(s)/Arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties and with respect to this contractual agreement; the defaulting party waives any and all rights, services, notices, and consents to the Claimant and or the Claimant's representative selection of the Arbitrator thereby constituting agreement and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the Arbitrator may hear and decide the controversy upon evidence produced although a party who was duly notified of the arbitration proceeding did not appear; that the Claimant deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Claimant deems appropriate. "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[3]

24.    Further, Respondent(s) agree that the Claimant can secure damages via financial lien on assets, properties held by them or on their behalf for ALL injuries sustained and inflicted upon the Claimant for the moral wrongs committed against the Claimant as set, established, agreed and consented to herein by the parties hereto, to include but not limited to: constitutional impermissible misapplication of statute(s)/law(s) in the above referenced alleged Commercial/Civil/Cause; fraud, conspiracy (two or more involved); trespass of title, property, and the like; and, ALL other known and unknown trespasses and moral wrongs committed through ultra vires act(s) of ALL involved herein; whether by commission or omission. Final amount of damages to be calculated prior to submission of Tort Claim and/or the filing of lien and the perfection of a security interest via a Uniform Commercial Code Financing One (1) Statement; estimated in excess of TEN (10) Million dollars (USD· or other lawful money or currency generally accepted with or by the financial markets

---

[3] *Aflor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).

in America) and notice to Respondent(s) by invoice. Per Respondent(s) failure and/or refusal to provide the requested and necessary Proof of Claims and thereby; and therein consenting and agreeing to ALL the facts set, established, and agreed upon between the parties hereto, shall constitute a self-executing binding irrevocable durable general power of attorney coupled with interests. This Conditional Acceptance for Value and counter offer/claim for Proof of Claim becomes the security agreement under commercial law whereby only the non-defaulting party becomes the secured party, the holder in due course, the creditor in and at commerce. It is deemed and shall always and forevor be held that the Claimant and all property, interest, assets, estates, trusts commercial or otherwise shall be deemed consumer and household goods not-for-profit and or gain, private property, and exempt, not for commercial use, nontaxable as defined by the Uniform Commercial Code Article 9 §102 and Article 9 §109 and shall not in any point and/or manner, past, present and/or future be construed otherwise- see the Uniform Commercial Code Articles 3, 8, and 9.

25.      Respondent(s) have allowed the ten (10) Calendar days or twenty (20) Calendar days total if request was made by signed written application for the additional ten (10) Calendar days to elapse without providing the requested and necessary Proof of Claims for which Respondent(s) have entered into fault and the Claimant has transmitted a Notice of Fault and Opportunity to Cure and Contest Acceptance to the Respondent(s); wherein Respondent(s) were given an additional three (3) days (72 hours) to cure Respondent(s) fault. Respondent(s) failed or otherwise refused to cure Respondent(s) fault and Respondent(s) are found in default and thereby; and therein, Respondent(s) have established Respondent(s) consent and agreement to the facts contained within the Conditional Acceptance for Value and counter offer/claim for Proof of Claim as said facts operate in favor of the Claimant; e.g., that the judgment of alleged "court of record" within the above referenced alleged Commercial/Civil/Cause is VOID AB INITIO for want of subject-matter jurisdiction of said venue; insufficient document (Information) and affidavits in support thereof for want of establishing a claim of debt; want of Relationship with the "source of authority" for said statute(s)/law(s) for want of privity of contract, or contract itself; improperly identified parties to said judgment, as well as said dispute/matter; and,

26.      Respondent(s) agreed and consented that Respondent(s) do have a duty and obligation to Claimant; as well as the corporate Government Department/agency construct(s) Respondent(s) represents/serves, to correct the record in the alleged Commercial/Civil/Cause and thereby; and therein, release the indenture (however termed/styled) upon the Claimant and cause the Claimant to be restored to liberty and release the Claimant's property rights, as well as ALL property held under a storage contract in the "name" of the all-capital-letter "named" defendant within the alleged Commercial/Civil/Cause within the alleged commercially "bonded" warehousing agency d.b.a., for the commercial corporate Government construct d.b.a. the United States. That this arbitration award is to be construed contextually and not otherwise and that if any portion and/or provision contained

within this arbitration award, the self-executing binding irrevocable contractual agreement coupled with interests; is deemed non-binding it shall in no way affect any other portion of this arbitration award. That this Arbitrator is permitted and allowed to adjust the arbitration award to no less than two times the original value of the properties associated with this agreement, plus the addition of fines, penalties, and other assessments that are deemed reasonable to the Arbitrator upon presentment of such claim, supported by prima facie evidence of the claim.

27.     The defaulting party will be estopped from maintaining or enforcing the original offer/presentment; i.e., the above referenced alleged Commercial/Civil/Cause as well as ALL commercial paper (negotiable instruments) therein, within any court or administrative tribunal/unit within any venue, jurisdiction, and forum the Claimant may deem appropriate to proceed within in the event of ANY and ALL breach(s) of this contractual agreement by Respondent(s) to compel specific performance and or damages arising from injuries therefrom. The defaulting party will be foreclosed by laches and/or estoppel from maintaining or enforcing the original offer/presentment in any mode or manner whatsoever, at any time, within any proceeding/action.

28.     Furthermore, the Respondent(s) are foreclosed against the enforcement, retaliation, assault, infringement, imprisonment, trespass upon the rights, properties, estate, person whether legal, natural or otherwise of the presenter/petitioner and/or his interest and/or his estate retroactively, at present, post-actively, forever under any circumstances, guise, and/or presumption.

**NOTICE OF COMMON-LAW ARBITRATION:**

29.     Please be advised that in-as-much as the Claimant has "secured" the "interest" in the "name" of the all-capital-letter "named" defendant as employed/used upon the face; and within, ALL documents/instruments/records within the alleged Commercial/Civil/Cause, to include any and all derivatives and variations in the spelling of said "name" except the "true name" of the Claimant, through a Common-Law Copyright, filed for record within the Office of the Secretary of State and having "perfected said interest" in same through incorporation within a Financing (and all amendments and transcending filings thereto), by reference therein, the Claimant hereby and herein, waives the Claimant's rights as set, established, and the like therein, and as "perfected" within said Financing Statement acting/operating to "register" said Copyright, to allow for the Respondent(s) to enter the record of the alleged "court of record" within the alleged Commercial/Civil/Cause for the SOLE purpose to correct said record and comply with Respondent(s) agreed upon duty/obligation to write the "order" and cause same to be transmitted to restore and release the Claimant, the Claimant's corpus and ALL property currently under a "storage contract" under the Claimant's Common-Law Copyrighted trade-name; i.e., the all-capital-letter "named" defendant within the above referenced alleged Commercial/Civil/Cause, within the alleged commercially "bonded" warehousing agency d.b.a. the commercial corporate Government juridical

construct d.b.a. the United States. Please take special note, that the copyright is with reference to the name and its direct association and/or correlation to the presenter.

30.    **NOTICE:** The Arbitrators, "Must not necessarily judge according to the strict law but as a general rule ought chiefly to consider the principles of practical business."[4]

- "Internationally accepted principles of law governing contractual relations."[5]

- If the contract (valid or otherwise) contains an arbitration clause, then the proper forum to determine whether the contract is void or not, is the arbitration tribunal.[6]

- That any determination by the Arbitrator is binding upon all parties, and that all parties agree to abide by the decision of the Arbitrator. The Arbitrator is to render a decision based upon the facts and conclusions as presented within the terms and conditions of the contract. Any default by any party must be supported by proof and evidence of said default, that default shall serve as tacit acquiescence on behalf of the party who defaulted as having agreed to the terms and conditions associated with the self-executing binding irrevocable contract coupled with interests. That the Arbitrator is prohibited from considering and/or relying on statutory law, as it has been held that any time any party relies on or enforces a statute, they possess no judicial power.

- "A judge ceases to set as a judicial officer because the governing principals of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments and rationale for that of the agency. Additionally, courts are prohibited from their substituting their judgments for that of the agency."[7]

- "...Judges who become involved in enforcement of mere statutes (civil or criminal in nature and otherwise), act as mere "clerks" of the involved agency... "[8]

- "...Their supposed 'court' becoming thus a court of limited jurisdiction' as a mere extension of the involved agency for mere superior reviewing purposes."[9] "When acting to enforce a statute, the judge of the municipal court is acting an administrative officer and not as a judicial capacity; courts in administrating or enforcing statutes do not act judicially, but, merely administerially."[10]

- "It is basic in our law that an administrative agency may act only within the area of jurisdiction marked out for it by law. If an individual does not come within the coverage of the particular agency's enabling legislation tho agency is without power to take any action which affects him."[11]

[4] *Norske Atlas Insurance Co v London General Insurance Co* (1927) 28 Lloyds List Rep 104.
[5] *Deutsche Schachtbau v R'As al-Khaimah National Oil Co* (1990) 1 AC 295.
[6] *Heyman v Darwins Ltd.* (1942) AC 356.
[7] *AISI v US*, 568 F2d 284.
[8] K.C. Davis, ADMIN. LAW, Ch. 1 (CTP. West's 1965 Ed.)
[9] K.C. Davis, ADMIN. LAW, P. 95, (CTP, 6 Ed. West's 1977) *FRC v G.E.* 281 US 464; *Keller v PE*, 261 US 428.
[10] *Thompson v Smith*, 155 Va. 376. 154 SE 583, 71 ALR 604.
[11] *Endicott v Perkins*, 317 US 501.

> "It is not every act, legislative in form, that is law. Law is something more than mere will be
> exerted as an act of power...Arbitrary power, enforcing its edicts to the injury of the person
> and property of its subjects is not law." [12]

- Some of the aforementioned cases are not published, however; these are still fundamental
  principles of law, and one of the fundamental principles of arbitration is that the Arbitrator
  sits as judge over the facts, and as such to preserve the sanctity of the process and Arbitrator
  receives the same immunity as a judge and is exempt from prosecution and or review, unless
  they can be proved that the Arbitrator intentionally ignored the evidence and acted in
  conspiracy to defraud the parties.

31.     As the Claimant has no desire NOR wish to tie the hands of Respondent(s) in performing
Respondent(s) agreed upon duty/obligation as set, established, and agreed upon within this
Conditional Acceptance for Value and counter offer/claim for Proof of Claim and thereby create/cause
a "breach" of said contractually binding agreement on the part of the Respondent(s), Respondent(s) is
hereby; and herein, NOTICED that if this waiver of said Copyright is not liberal, NOR extensive
enough, to allow for the Respondent(s) to specifically perform all duties/obligations as set,
established, and agreed upon within the Conditional Acceptance for Value and counter offer/claim for
Proof of Claim: Respondent(s) may; in "good faith" and NOT in fraud of the Claimant, take all
needed and required liberties with said Copyright and this waiver in order to fulfill and accomplish
Respondent(s) duties/obligations set, established, and agreed upon between the parties to this
agreement.

32.     If Respondent(s) has any questions and or concerns regarding said Copyright and or the
waiver, Respondent(s) is invited to address such questions and or concerns to the Claimant in
writing and causing said communiqués to be transmitted to the Claimant and below named
Notary/Third Party. The respondents have acted as if the contract quasi-or otherwise does not place
a binding obligation upon their persons, upon their organizations, upon their institutions, upon their
job qualifications, and breaching that obligation breaches the contract, for which they cannot address
due to the direct conflict of interest. It is as a result of that conflict of interest that binding
arbitration shall be instituted.

33.     Your failure to respond, and this would include each of the Respondent(s) by their
representative, and if represented by the Attorney General, such representation must be responsive
for each State and/or State organization/department/agency, separately and severally to each of the
points of averment, failure to respond to a single point of averment will constitute acquiescence,
forfeiture, and a waiver of all rights with respects all of the points raised in this presentment.

34.     Pursuant to the terms of the contractual agreement the Claimant has provided proof that

---

[12] *Hurtado v. California* (1884) 110 US 515 (1984).

they have attempted to communicate with the Respondent(s) for compliance of the contractual agreement and have exhausted the requirements of the contractual agreement in that regard.

35.    The Respondent(s) have agreed and consented to binding arbitration under the terms of the contractual agreement and have waived all rights to vacate, modify, appeal, contest, or collaterally attack the decision, rulings, orders, remedies, and/or award (both interim and final) of this Arbitrator.

**THE FEDERAL ARBITRATION ACT Application:**

36.    Pursuant to the contractual agreement's arbitration clause, the agreement evidences a transaction involving or affecting "commerce," within the meaning of Article 9 United States Code Subsection 1, and that the facts attributable to the claimant's in the underlying associated matters/cause/actions are associated with the use of instrumentalities as described in the foreign sovereign immunities act or otherwise affected "commerce among the several states" within the meaning of the statute and Article 9 United States Code § 1.

37.    **DUE TO THE FACT THAT THE CONTRACTUAL AGREEMENT IS A BINDING IRREVOCABLE CONTRACT WHICH AFFECTS "COMMERCE," THE ARBITRATION PROVISIONS CONTAINED WITHIN IT ARE "VALID, IRREVOCABLE AND ENFORCEABLE WITHIN THE MEANING OF 9 UNITED STATESS CODE SUBSECTION 2.**

38.    "Valid, Irrevocable and Enforceable" arbitration agreements and the orders, rulings, decisions, remedies, and award made therefrom may be enforced in the United States courts by way of confirmation and entry of a judgment of the court within the meaning of the statute and Article 9 United States Codes § 9 and §13. The supreme court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[13] Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[14]

39.    It was held by the supreme court that "the "wholly groundless"[15] exception to arbitrability is inconsistent with the federal arbitration act and this court's precedent. Under the act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms.[16] The parties to such a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also 'gateway' questions of 'arbitrability.'" Therefore, when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless."[17]

**PROCEDURES ON ARBITRATION PROCEEDINGS:**

---

[13] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[14] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).
[15] *Henry Schein, Inc., et al. v. Archer & White Sales, Inc.* (2019).
[16] *Rent-A-Center, West, Inc. v. Jackson*, 561 US 63, 67.
[17] Ibid.

40.     The Claimant is seeking equitable relief and monetary damage relief from the Respondent(s) and that the parties have agreed that arbitration proceedings should be bifurcated into separate phases: Phase One (1) should address the claims for monetary damages; and Phase Two (2) should address the claims for equitable relief.

41.     The parties have stipulated that any court of original jurisdiction may enforce the provisions of Phase Two (2) equitable relief awarded by the Arbitrator.

42.     The Arbitrator shall have the exclusive jurisdiction for the enforcement of any and all matters associated with Phase One (1) monetary damage relief.

43.     Due to time constraints and the paramount danger affecting the public interest, justice, and due process; the parties' consented and applied for the arbitration proceedings to commence without delay.

44.     First set of claims' (due to the extensive nature of the claims, each of the claims by the Claimant is incorporated herein by reference) ...

☐      The record shall reflect and note that the Claimant has attached a copy of the original contract which list all the claims within the form of stipulation, that the parties have all agreed to, and that they have incorporated each of those claims by reference. This Arbitrator finds that such incorporation is appropriate and accepts that incorporation as a matter of record.

☐      As noted above, the Claimant has alleged that the Respondent(s) have breached the contractual agreement and because the agreement is binding on all parties and was irrevocable; the Respondent(s) have acted in bad faith, with unclean hands, and have breached their fiduciary duty of care, responsibilities and are liable to the Claimant for the amount of the contractual agreement, plus additional costs, fees, assessments, penalties, and other equitable relief remedies.

☐      That the Respondent(s) have agreed to discontinue all use of the Claimant's personal information, assets, properties, within its publication, its databases, its system of record keeping, and to have surrendered all records associated with this matter to the Claimant and have failed to do as agreed.

☐      That the Respondent(s) have agreed to compensate the Claimant for their gross misrepresentation of facts and other information pertinent to the welfare and well-being of the Claimant. Respondent(s) have failed to provide such compensation as agreed and have failed to provide any documentation which would substantiate their having complied with this requirement of the contractual agreement.

☐      That the Claimant has agreed and accepted the fact that the United States has declared a national banking emergency which is supported by the "EMERGENCY ECONOMIC BANKING RELIEF ACT," "PROCLAMATION 2038, 2039, and 2040," and the "NATIONAL EMERGENCIES ACT," which resulted in the suspension of all normal banking activities and have

and/or been notified of the existence of the contract and of their right to waiver.

48.    The Respondent(s) failure to respond constituted an act of "tacit acquiescence."

49.    Respondent(s) have failed and/or refused to respond and provide the requested and necessary Proof of Claims as requested by the Claimant. Therefore, it shall be held, noted and agreed to by all the parties; that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim, but also Respondent(s) have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which will create and establish for Respondent(s) an estoppel in this matter(s), and ALL matters relating hereto; and arising necessarily therefrom...and

50.    Respondent(s) have waived all rights, claims, defenses, and/or standing respecting the matter and is estopped from any collateral attacks and/or seeking disposition from any other venue as a result of the knowing, intentional and deliberate consent to the contractual agreement.

1.    I find that the Claimant as well as the Respondent(s) are consenting adults, having attained the age of majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts.

2.    I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement; and

3.    I find that the contractual agreement is binding on all parties, remains irrevocable and that the contractual agreement remains in effect as stipulated within the agreement until all the obligations are satisfied by the defaulting party. As of this day, those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order; and

4.    I find that the Respondent has failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within

the terms of the contractual agreement; and make the injured party (the claimant) whole again by complying with the terms of contract to the letter.

5.  I find that the Claimant has demanded liquidation of the estate/trust and that the Respondent(s) have failed to act. The Claimant has also demanded a full review and audit, comprehensive in nature; of all revenue for the estate/trust over the course of the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of the insurance policies held, and a copy of any bonds held by the debtor. The Claimant, also acting as the Creditor in this matter; has requested such information to preserve their standing and position.

6.  The agreement stipulates that the Arbitrator may adjust the amount of the award to include fees, adjustments, costs, and other expenses.

7.  This award is final and binding upon issuance and execution of the arbitrator's signature below and takes full force and effect immediately upon issuance.

8.  I find the Claimant 's award to be 0.00 U.S. Dollars in total per Respondent(s) for failure to state a claim in which relief can be granted. An award cannot be granted at this time because:

   a.  Each Claimant's payment covers themselves and a spouse, any other Claimants have to pay a separate fee.

   b.  A prior relationship has not been proven or established between the parties.

   c.  Arbitration is a private common law remedy; no statutory law can be included into these proceedings.

   d.  I find that Donald Trump is not responsible for an award because the Claimant failed to state a claim in which relief can be granted.

   e.  I find that John Roberts Jr. is not responsible for an award because the Claimant failed to state a claim in which relief can be granted.

   f.  I find that Nancy Pelosi is not responsible for an award because the Claimant failed to state a claim in which relief can be granted.

   g.  I find that William Barr is not responsible for an award because the Claimant failed to state a claim in which relief can be granted.

   h.  I find that the United States of America is not responsible for an award because the Claimant failed to state a claim in which relief can be granted.

   i.  I find that Charles Grassley is not responsible for an award because the Claimant failed to state a claim in which relief can be granted.

51.  The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,'

which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[21]  A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[22]  "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[23]

52.      This order shall be binding on all the parties, in all jurisdictions, and shall take precedent over all collateral and/or related matters heretofore, at present and forthwith until the agreement is fully satisfied. The Respondent(s) are estopped from maintaining and/or bringing forth any action against the Claimant, the Claimant's heirs, and/or the Claimant's properties permanently. This order shall constitute a permanent injunction against the Respondent(s) respecting the Claimant's and the Claimant's interest comprised and embodied within the contractual agreement.

53.      The Respondent(s) are hereby ordered to release the demanded information of the Claimant which includes a full review and audit of all revenue for the estate/trust over the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of any insurance policies associated with the estate/trust and a copy of any bonds held in respect to the estate/trust. The purpose of this information shall be for the Claimant to liquidate any and all assets of the estate/trust; and

54.      The Respondent(s) are hereby ordered to release any and all claims against any and all properties of the Claimant's, to return any and all properties held in any manner, to include records, documents, audiotapes, discoveries, exculpatory or otherwise, and that this order/mandate shall not be construed other than its intent and its contextual rendering.

55.      Accordingly, Justice Kavanaugh of the Supreme Court expressed his opinion as "We must interpret the Act as written, and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."[24]

56.      Further, Kavanaugh continued: "That conclusion follows not only from the text of the Act but also from precedent. We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be frivolous."[25] A court has "'no business weighing the merits of the grievance'" because the "'agreement

[21] Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 587 (2008).
[22] Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp., 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008).  White v. Roosevelt Union Free School District Board of Educ., 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[23] Aftor v. Geico Insurance Co., 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[24] Henry Schein, Inc., et al. v. Archer & White Sales, Inc. (2019).
[25] AT&T Technologies, Inc. v. Communications Workers, 475 U. S. 643, 649-650 (1986).

is to submit all grievances to arbitration, not merely those which the court will deem meritorious."[26]
AT&T Technologies principle applies with equal force to the threshold issue of arbitrability. Just as a
court may not decide a merits question that the parties have delegated to an arbitrator, a court may
not decide an arbitrability question that the parties have delegated to an arbitrator.

**This award is consistent with the following:**

57.     5 U.S. Code § 572 - General authority

(a) An agency may use a dispute resolution proceeding for the resolution of an issue in controversy
that relates to an administrative program, if the parties agree to such proceeding.

(b)An agency shall consider not using a dispute resolution proceeding if—

(1) A definitive or authoritative resolution of the matter is required for precedential value, and such
a proceeding is not likely to be accepted generally as an authoritative precedent;

(2) The matter involves or may bear upon significant questions of Government policy that require
additional procedures before a final resolution may be made, and such a proceeding would not likely
serve to develop a recommended policy for the agency;

(3) Maintaining established policies is of special importance, so that variations among individual
decisions are not increased and such a proceeding would not likely reach consistent results among
individual decisions;

(4) The matter significantly affects persons or organizations who are not parties to the proceeding;

(5) A full public record of the proceeding is important, and a dispute resolution proceeding cannot
provide such a record; and

(6) The agency must maintain continuing jurisdiction over the matter with authority to alter the
disposition of the matter in the light of changed circumstances, and a dispute resolution proceeding
would interfere with the agency's fulfilling that requirement.

(7) Alternative means of dispute resolution authorized under this subchapter are voluntary
procedures which supplement rather than limit other available agency dispute resolution
techniques.[27]

58.     The Claimant and Respondent(s) have agreed that this private contractual agreement
involving private parties has no bearing on the public and/or the SITCOMM ARBITRATION
ASSOCIATION'S policies and/or procedures, and that the award is consistent with the terms of the
agreement and the general principles of arbitration that have been delineated through the annuals a
time.

59.     That the contractual agreement between the parties was specific to the parties only and did
not involve any nonrelated party and/or entity, does not affect government and/or its abilities to
carry out its functions, policies, and/or procedures. That the parties saw arbitration as an alternative

---

[26] *Steelworkers v. American Mfg. Co.*, 363 U. S. 564, 568 (1960).
[27] Added Pub. L. 101–552, § 4(b), Nov. 15, 1990, 104 Stat. 2739, § 582; renumbered § 572, Pub. L. 102–354, § 3(b)(2), Aug. 26, 1992, 106 Stat. 944.

remedy and agree to the alternative remedy within the construct of the binding irrevocable contractual agreement that remains coupled with interests.

60.     That the term and/or phrase agency as defined by the statute does not apply to the parties and their private contractual matters, - (1)"agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include— (A) the Congress; (B) the courts of the United States; (C) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia; (E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them; (F) courts martial and military commissions; (G) military authority exercised in the field in time of war or in occupied territory; or (H) functions conferred by; subchapter II of; or sections 1884, 1891–1902, and former appendix; 1.

        (a) that none of the following cases apply wherein the award may be vacated—

(1) As this Arbitrator relied upon the facts and evidence[28] presented and that the award was not procured by corruption, fraud, or undue means; and/or

(2) That no aspect of the parties political affiliation, sexual orientation, gender, religious Association, and/or otherwise partiality or corruption are present in the Arbitrators, or and/or the issuance of this award; and/or

(3) The Arbitrator is not guilty of misconduct in refusing to postpone the hearing, as each party was given an opportunity to have such a hearing postponed whether or not they provided sufficient cause, or and that there was in no case a refusal to hear evidence pertinent and material to the controversy; or any misbehavior by which the rights of any party could be perceived as having been prejudiced; and/or

(4) That the Arbitrator operated only within the powers delegated by the contractual agreement, powers that were detailed in the agreement, and to the best of the Arbitrator's ability have perfectly executed those powers to the extent that a mutual, final, and definite award upon the subject matter submitted has been rendered.  Title 5 §572 has been complied with by this Arbitrator and SITCOMM ARBITRATION ASSOCIATION.

61.     That this award may only be modified under the following circumstances —

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award, the Arbitrator relied on the contract and the amount specified within the agreement; and

(b) Where the Arbitrators may have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted, the Arbitrator has relied upon the evidence presented and the contractual agreement and terms specified therein; and

---

[28] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy. This Arbitrator may modify and correct the award, so as to affect the intent thereof and promote justice between the parties, the Arbitrator has intended to promote justice, fairness, and render due process between the parties irrespective of the Arbitrator's personal opinion, rationale, arguments and/or disposition.

62.     It shall be forever known and stated, that this Arbitrator relied on the evidence presented and the intentions of the contract; and not otherwise. That I am duly appointed by the parties as stipulated in the agreement and as per the law this order is binding on all parties and I have come to the conclusions stated herein based on the facts and the evidence presented at the time of this arbitration award. This decision and/or rendering is not interim, that this is a final decree and judgment by this Arbitrator shall remain in effect and enforced as un-amendable immediately upon issuance.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

## NOTICE OF THE ISSUANCE OF THE AWARD TO BE DELIVERED TO:

**ORIGINAL:**

**CLAIMANT**

    **NAME:** Phillip Hudok, ET AL.,
    **ADDRESS:** 15968 SENECA TRAIL
    HUTTONSVILLE, WV 26273

**COPIES:**

**RESPONDENT(S)**

    **NAME:** DONALD TRUMP, ET AL.,
    **ADDRESS:** 1600 PENNSYLVANIA AVE
    WASHINGTON DC, 20500

    JOHN ROBERTS JR., ET AL.,
    1 FIRST STREET, NE
    WASHINGTON DC, 20543

    NANCY PELOSI, ET AL.,
    UNITED STATES CAPITOL
    WASHINGTON DC, 20515

    CHARLES GRASSLEY
    104 HART OFFICE BUILDING
    WASHINGTON DC, 20510

    WILLIAM BARR, ET AL.,
    950 PENNSYLVANIAL AVENUE SW
    WASHINGTON DC, 20530

    UNITED STATES OF AMERICA
    950 PENNSYLVANIA AVENUE SW
    WASHINGTON DC, 20530

**EMAIL:**        hudok@startmail.com

**SO, AWARDED.**

Be it so this 19th day August 2019.

At: Athens, Georgia

Printed Arbitrators Name: KEISHA JONES

Arbitrator's Signature: /s/ *Keisha Jones*

Printed Name of Committee Member: SANDRA Goulette

Committee Member's Signature: *Sandra Goulette*

IMPORTANT NOTICE: Certification of services rendered. The Original Arbitration Award is given to the Claimant to be
retained as private property. No Trespass. Certified Copies of the Original can only be issued with permission of
SITCOMM ARBITRATION ASSOCIATION.

## ALL-PURPOSE PROOF OF SERVICE

I,   SITCOMM ARBITRATION ASSOCIATION, being at or above the age of 18, of the majority and not a party to the action, a citizen of the United States of America, did mail the document entitled:                NOTICE OF ARBITRATION AWARD
by placing it in an envelope addressed to: Name and address:

Phillip Hudok
15958 Seneca Trail
Huttonsville, WV 26273
USPS Tracking # 9114 9014 9645 0433 9897 82

Donald Trump
1600 Pennsylvania Avenue N.W.
Washington, D.C. 20500
USPS Tracking # 9114 9014 9645 0433 9897 99

William Pelham Barr
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
USPS Tracking # 9114 9014 9645 0433 9898 05

Nancy Patricia Pelosi
1236 Longworth HOB
Washington, D.C. 20515
USPS Tracking # 9114 9014 9645 0433 9898 12

Charles Earnest Grassley
135 Hart Office Building
Washington, D.C. 20510
USPS Tracking # 9114 9014 9645 0433 9898 29

John Glover Roberts
1 First Street N.E.
Washington, D.C. 20543
USPS Tracking # 9114 9014 9645 0433 9898 36

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day September 13, 2019.

THE SITCOMM ARBITRATION ASSOCIATION

WEST VIRGINIA, RANDOLPH COUNTY CLERK'S OFFICE
This instrument was this day presented to me in my office, and thereupon, together with the Certificate thereto annexed, is admitted to record.                     12-3-2019
Teste Brenda Wiseman
Clerk

The summary of my Bill for Settlement of the Award is as follows:

- There is to be an opt-in process for the beneficiaries designed to be simple and rapid.

- There is to be an unconditional release and setting at Liberty of the beneficiaries.

- Beneficiaries, are as defined in the bill, all Americans that opt-in and includes their immediate family (minors).  For married couples, both adults need to opt-in which then includes their children.

- Any case past or present is void.

- Beneficiaries are to receive immediate and unconditional indemnification.

- Beneficiaries are to receive immediate and unconditional immunity.

- There is immediate issuance of necessary documentation of the indemnification and the immunity for the beneficiary.

- A return of all property and assets.

- All records and systems of records, other than the provided Diplomatic status, are to be expunged and destroyed.

- A land patent will be issued, titled in fee simple absolute and possession (the highest form obtainable).  It allows you to leave it to your heirs and under a land patent it is free and clear from government obstruction.  It must be issued from the Land Patent Office, not from the Bureau of Land Management.

- An accounting and return of any and all accounts, of any nature, shape, cause, form, format and kind held or managed by any entity and emanating from the beneficiary.

- No effect on payments based on extraction of funds from labor related but not limited to Social Security, Medicare, and Pensions.

What will be covered in this summary are sections of most importance within the award, being sections 5, 6, 7, 8, 9, 11, 16, 19, 26, 27, 28, 44, 45(a, b, c, d, e), 48, 50( 1, 2, 3, 4, 5, 7), 52, 53, 54,

5. The parties entered into a legally binding contractual relationship with each other and this Arbitrator finds that there is no fraud and/or any attempt to induce fraud and/or to commit fraud, and/or inducement of contract, and/or fraud in the factum respecting the instant matter and contract. Thus, the parties are bound by the terms and obligations agreed upon and imposed upon them as a direct result of the contractual agreement; and

5. This section refers to the contract established, **J3:16fGsltwthghobS**©, as counter offer to the contract held by the constitution and the five claimants as citizens bound to it. A legal and binding contract under contract **J3:16fGsltwthghobS**©, is now the working contract. The respondents are bound by its terms and obligations, not that of the constitution. No fraud was found in establishment of this contract.

6.      This Arbitrator finds that all the elements that form a contractual agreement and a legally commercial binding obligatory relationship are present; and

6. Self-explanatory, all elements forming a legally binding contract are present.

7.      The contract clearly expresses the method of settlement and resolution of all disputes arising thereunder shall be settled by arbitration under the authority of the standards of common-law arbitration, the Federal Arbitration Act, and further stipulated and appointed this Arbitrator listed herein as agreed upon as the Arbitrator of record. Neither party has objected, protested, and/or attempted to amend any portion and/or provision at any time of the contract; the contract status that all final and binding arbitration awards may be confirmed by any court in America having original jurisdiction pursuant to Title 9 United States Codes §9 and §13; and

7. The contract, **J3:16fGsltwthghobS**©, clearly states if there's a dispute it goes to arbitration

8.      It has been alleged and thoroughly proven that the Respondent(s) listed above have by their own accord agreed to all the terms of the contract, that they have committed the offenses claimed in the contract and have acted against the interests of the Claimant's, depriving them of their right to property, their right to contract, the right to The Pursuit of Happiness and the enjoyment of life. They have admitted and agreed that they have violated the Claimant's constitutional and common law rights, that they had intentionally, knowingly and deliberately failed to perform as agreed, have forsook their obligatory duty of care and thus created a dispute that requires a resolution by SITCOMM ARBITRATION ASSOCIATION (Hereinafter "SAA") and/or any subsequent award; and

8.      It was alleged, in contract **J3:16fGsltwthghobS**©, that all 573 points were breached. By their silence the respondents proved all facts in the favor of the claimants; they didn't have the right to do any of those actions.

9.    The parties stipulated and agreed that the related matters including any judgments associated thereto, any claims, and any collateral attacks! by the Respondent(s) are null and void of any effect and shall not be binding on the Claimant retroactively and henceforth; and

9.    Under the contract **J3:16fGsltwthghobS<sup>⊕</sup>**, any interaction past present and future (i.e. traffic stops, court appearance) are null, void, of no effect.

11.    The parties did have a prior relationship and the Respondent(s) had an obligation to respond to the reasonable requests of the Claimant. One of those requests being that the Respondent(s) provide an accounting and that such accounting be truthful and certified as being wholly accurate. As the custodian of record, a position for which the Respondent(s) volunteered, accepted such responsibility and have yet to rebut such a presumption. This Arbitrator finds that they were duty-bound and have breached their fiduciary duty of care, supporting their willful and intentional as well as deliberate default respecting the irrevocable binding contractual agreement that is coupled with interests; and

11. Because of contract **J3:16fGsltwthghobS<sup>⊕</sup>** a relationship(presumptive) was established between the claimants and respondents, the respondents having had a fiduciary trustee obligation and duty to respond. The respondents failed to respond being a breach of obligation and duty as government officers.

16. That the parties have agreed that all pre-existing as well as existing contractual Agreements between the parties, no matter their scope, subject matter, and/or detail are superseded and extinguished by the contractual agreement referenced and related hereto! And

16. The parties agreed, under contract **J3:16fGsltwthghobS<sup>⊕</sup>**, that any previous interaction (i.e. Traffic stop violation, court proceeding) is void.

19. It appears that a dispute has arisen under the agreement between the parties and it is the subject matter at bar. The Claimant contends that after agreeing to the terms of the contract, the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement. The Claimant has demanded liquidation of the estate/trust and the Respondent(s) have failed to act.

19. Simply put, pursuant to the complaint there's a dispute. Claimants complied with the contract **J3:16fGsltwthghobS<sup>⊕</sup>**, the Respondents failed to comply.

26. Respondent(s) agreed and consented that Respondent(s) do have a duty and obligation to Claimant! as well as the corporate Government Department/agency construct(s) Respondent(s) represents/serves, to correct the record in the alleged Commercial/Civil/Cause and thereby! And therein, release the indenture (however termed/styled) upon the Claimant and cause the Claimant to be restored to liberty and release the Claimant's property rights, as well as ALL property held under a storage contract in the "name" of the all-capitaMetter "named" defendant within the alleged Commercial/Civil/Cause within the alleged commercially "bonded" warehousing agency d.b.a., for the commercial corporate Government construct d.b.a. the United States. That this arbitration award is to be construed

contextually and not otherwise and that if any portion and/or provision contained within this arbitration award, the self-executing binding irrevocable contractual agreement coupled with interests; is deemed non-binding it shall in no way affect any other portion of this arbitration award. That this Arbitrator is permitted and allowed to adjust the arbitration award to no less than two times the original value of the properties associated with this agreement, plus the addition of fines, penalties, and other assessments that are deemed reasonable to the Arbitrator upon presentment of such claim, supported by prima facie evidence of the claim.

26. The Arbitrator, here, finds the Respondent, by their silence, agreed they had a fiduciary trustee obligation to correct the records. This is where an injunction is created and a return of property afforded. The wording is not to be construed other than the contextual manner in which it appears. The award may be adjusted upon further findings.

27. The defaulting party will be estopped from maintaining or enforcing the original offer/presentment; i.e., the above referenced alleged Commercial/Civil/Cause as well as ALL commercial paper (negotiable instruments) therein, within any court or administrative tribunal/unit within any venue, jurisdiction, and forum the Claimant may deem appropriate to proceed within in the event of ANY and ALL breach(s) of this contractual agreement by Respondent(s) to compel specific performance and or damages arising from injuries therefrom. The defaulting party will be foreclosed by laches and/or estoppel from maintaining or enforcing the original offer/presentment in any mode or manner whatsoever, at any time, within any proceeding/action.

27. Everything the Respondents did previously are void, being every interaction and anything emanating from them.

28. Furthermore, the Respondent(s) are foreclosed against the enforcement, retaliation, assault, infringement, imprisonment, trespass upon the rights, properties, estate, person whether legal, natural or otherwise of the presenter/petitioner and/or his interest and/or his estate retroactively, at present, post-actively, forever under any circumstances, guise, and/or presumption.

28. This is restatement of injunction. The Respondents are wholly restricted from interaction of any kind...FOREVER! Everything ever done previously is VOID!

44.     First set of claims' (due to the extensive nature of the claims, each of the claims by the Claimant is incorporated herein by reference) ...The record shall reflect and note that the Claimant has attached a copy of the original contract which list all the claims within the form of stipulation, that the parties have all agreed to, and that they have incorporated each of those claims by reference. This Arbitrator finds that such incorporation is appropriate and accepts that incorporation as a matter of record.

☐     As noted above, the Claimant has alleged that the Respondent(s) have breached the contractual agreement and because the agreement is binding on all parties and was irrevocable! The Respondent(s) have acted in bad faith, with unclean hands, and have breached their fiduciary duty of care, responsibilities and are liable to the Claimant for the amount of the contractual agreement, plus additional costs, fees, assessments, penalties, and other equitable relief remedies.

□     That the Respondent(s) have agreed to discontinue all use of the Claimant's personal information, assets, properties, within its publication, its databases, its system of record keeping, and to have surrendered all records associated with this matter to the Claimant and have failed to do as agreed.

□     That the Respondent(s) have agreed to compensate the Claimant for their gross misrepresentation of facts and other information pertinent to the welfare and well-being of the Claimant. Respondent(s) have failed to provide such compensation as agreed and have failed to provide any documentation which would substantiate their having complied with this requirement of the contractual agreement.

□     That the Claimant has agreed and accepted the fact that the United States has declared a national banking emergency which is supported by the "EMERGENCY ECONOMIC BANKING RELIEF ACT," "PROCLAMATION 2038, 2039, and 2040," and the "NATIONAL EMERGENCIES ACT," which resulted in the suspension of all normal banking activities and have agreed that any claim of debt by the Respondent(s) is fraudulent, and that they willfully attempted and committed fraud against the Claimant. That the Respondent(s) have agreed that THE NATIONAL BANKING HOLIDAY permits them to issue what's known as emergency script as prescribed by the March 9, 1933 Act (the reference notes of Congress lend to this conclusion), have agreed to issue book keeping entry credit and/or tax credits to the Claimant in the amount of the initial claim and owe Claimant as much as treble damages associated with the initial claim.

□     The Respondent(s) have further agreed to turn over any and all properties, assets, securities, documents, accounting records to the claimant's upon demand/default and have failed and/or refused to do so, thus putting them in further breach in violation of the contractual agreement, entitling the Claimant to equitable relief.

44. The claims have been brought forth by reference.  Box 1 The original contact is brought forth and incorporated. Box 2 the Respondents have been found in breach of contract **J3:16fGsltwthghobS**® and the contract is irrevocable, that they acted in bad faith with unclean hands and breached their duties. Box 3 The Respondents agree to discontinue anything emanating from the Claimants, but failed to perform. Box 4 Respondent agreed to compensate for gross misrepresentation and failed to do so. Box 5 Acts of fraud. Box 6 Respondent agreed to a return of all property, assets etc., and failed to do so.

45.  It is the determination of this Arbitrator that the following are facts that are undisputed and uncontroverted:

a.     That there is a binding irrevocable contractual agreement that has been coupled with interests that exist between the parties.

b.     That the parties had a pre-established relationship which placed an obligation on each to communicate with the other.

c.     That the Respondent(s) have made changes to the original agreement which permitted and allowed the Claimant to present a counter offer and/or conditional acceptance of the offer to change the agreement to the Respondent(s).

d.     That the self-executing binding contract coupled with interests stands as irrevocable.

e.     That the Respondent(s) have agreed to the contract, agreed to all the terms and conditions of the contract by their acceptance of the waiver which was included as part of the contractual agreement; that waiver being the right not to respond as highlighted by the Supreme Court of the United States-

45. The Facts: a. There is/was a binding contract, b. there is/was a duty to communicate, c. Changes were made to the Original Contract (the Constitution) allowing for a counter offer, d. Contract **J3:16fGsltwthghobS®** with interests is irrevocable, e. Respondents have agreed to contract **J3:16fGsltwthghobS®** are bound to it by waiver (Maxim of law "silence is acquiescence")

48.     The Respondent(s) failure to respond constituted an act of "tacit acquiescence."

48.  Respondents failed to respond therefore they tacitly agreed.

50.     Respondent(s) have waived all rights, claims, defenses, and/or standing respecting the matter and is estopped from any collateral attacks and/or seeking disposition from any other venue as a result of the knowing, intentional and deliberate consent to the contractual agreement.

1.     I find that the Claimant as well as the Respondent(s) are consenting adults, having attained the age of majority! not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts.

2.     I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement! and

3.     I find that the contractual agreement is binding on all parties, remains irrevocable and that the contractual agreement remains in effect as stipulated within the agreement until all the obligations are satisfied by the defaulting party. As of this day, those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order! and

4.     I find that the Respondent has failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and make the injured party (the claimant) whole again by complying with the terms of contract to the letter.

5.     I find that the Claimant has demanded liquidation of the estate/trust and that the Respondent(s) have failed to act. The Claimant has also demanded a full review and audit, comprehensive in nature! of all revenue for the estate/trust over the course of the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of the insurance policies held, and a copy of any bonds held by the debtor. The Claimant, also acting as the Creditor in this matter! has requested such information to preserve their standing and position.

7.      This award is final and binding upon issuance and execution of the arbitrator's signature below and takes full force and effect immediately upon issuance.

50. The Respondents have waived any defense. 1. Establishes an age of majority to validly enter contract, 2. No one entering the contract is incapable, 3. Contract **J3:16fGsltwthghobS<sup>©</sup>** is binding on all parties, and Respondents have failed in their obligations under it 4. Respondents failed perform and the Claimants are due remedy/relief under the contractual terms, 5. Full audit and liquidation of estate and trusts. Claimants now in position of Creditor, 7. This award takes full force and effect immediately.

52.      This order shall be binding on all the parties, in all jurisdictions, and shall take precedent over all collateral and/or related matters heretofore, at present and forthwith until the agreement is fully satisfied. The Respondent(s) are estopped from maintaining and/or bringing forth any action against the Claimant, the Claimant's heirs, and/or the Claimant's properties permanently. This order shall constitute a permanent injunction against the Respondent(s) respecting the Claimant's and the Claimant's interest; comprised and embodied within the contractual agreement.

52. This sets the injunction, much like a restraining order and immunity

53 .      The Respondent(s) are hereby ordered to release the demanded information of the Claimant which includes a full review and audit of all revenue for the estate/trust over the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of any insurance policies associated with the estate/trust and a copy of any bonds held in respect to the estate/trust. The purpose of this information shall be for the Claimant to liquidate any and all assets of the estate/trust; and

53. Full audit of estate and trusts emanating from the Claimants, whatever it may be.

54.      The Respondent(s) are hereby ordered to release any and all claims against any and all properties of the Claimant's, to return any and all properties held in any manner, to include records, documents, audiotapes, discoveries, exculpatory or otherwise, and that this order/mandate shall not be construed other than its intent and its contextual rendering.

54. Release/liquidation of all property and assets to the claimants, being essentially what is found from section 53.

In the instant matter of Contract J3:16fGsltwthghobS
Dispute Resolution on Complaint and Demand
Factual Notice, Declaration and Demand for Duly Required and Due Summary Relief and Remedy

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

Qui tam pro domino rege quam pro se ipso in hac parte sequitur
Pro rex regum et heredes

2021 JUL 12  A 8: 58

Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent

Undersigned Claimants
Phillip Hudok
Gene Stalnaker
Alicia Lutz-Rolow
Leonard Frank house of Harview
Keith Lawrence Moore
15958 Seneca Trail
Huttonsville, W.Va. [26273]

RESPONDENTS
Donald John Trump aka/dba DONALD JOHN TRUMP aka/dba Donald J. Trump aka/dba DONALD J. TRUMP aka/dba
OFFICE OF THE PRESIDENT aka/dba PRESIDENT OF THE UNITED STATES aka/dba PRESIDENT DONALD J. TRUMP aka/dba
COMMANDER IN CHIEF aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNITED STATES GOVERNMENT aka/dba
THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba UNITED STATES aka/dba UNKNOWN,
foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations, letters and
their combinations, styles, abbreviations, idem sonans and/or all other legal, financial and managerial forms and formats
of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate,
military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and
format, and any and all variations and combinations thereof, any and all creations and liabilities by, of, through and from
of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all
political subdivisions and instrumentalities of any nature, shape, cause kind, form and format, and any and all variations
and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law
forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and
all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees,
members of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any
and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any
nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the
aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any
and all variations and combinations of the aforementioned, without limitation, private for profit entities providing quasi-
governmental and other goods and services purporting to be lawful government.
THE WHITE HOUSE
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

John Glover Roberts, Jr. aka/dba JOHN GLOVER ROBERTS aka/dba John Roberts aka/dba JOHN ROBERTS aka/dba CHIEF
JUSTICE aka/dba CHIEF JUSTICE JOHN ROBERTS aka/dba OFFICE OF THE CHIEF JUSTICE aka/dba UNITED STATES
SUPREME COURT aka/dba SUPREME COURT OF THE UNITED STATES aka/dba JUDICIARY COURTS OF THE UNITED STATES
aka/dba ADMINISTRATOR aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNITED STATES GOVERNMENT
aka/dba THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba UNITED STATES aka/dba
UNKNOWN, foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations,
letters and their combinations, abbreviations, styles, idem sonans and/or all other legal, financial and managerial forms

Page 1 of 30
Contract J3:16fGsltwthghobS                                    Certified True, Accurate and Complete

and formats of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate, military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all creations and liabilities by, of, through and from of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all political subdivisions and instrumentalities of any nature, shape, cause kind, form and format, and any and all variations and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees, members of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any and all variations and combinations of the aforementioned, without limitation, private for profit entities providing quasi-governmental and other goods and services purporting to be lawful government.
1 FIRST STREET, NE
WASHINGTON, DC 20543

Charles Ernest Grassley aka/dba CHARLES ERNEST GRASSLEY aka/dba Charles Grassley aka/dba CHARLES GRASSLEY aka/dba SENATOR CHARLES GRASSLEY aka/dba OFFICE OF SENATOR CHARLES GRASSLEY aka/dba PRESIDENT PRO TEMPORE OF THE UNITED STATES SENATE aka/dba UNITED STATES SENATE aka/dba OFFICE OF SENATOR aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNITED STATES GOVERNMENT aka/dba THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba UNITED STATES aka/dba UNKNOWN, foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations, letters and their combinations, abbreviations, styles, idem sonans and/or all other legal, financial and managerial forms and formats of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate, military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all creations and liabilities by, of, through and from of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all political subdivisions and instrumentalities of any nature, shape, cause kind, form and format, and any and all variations and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees, members of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any and all variations and combinations of the aforementioned, without limitation, private for profit entities providing quasi-governmental and other goods and services purporting to be lawful government.
135 HART OFFICE BUILDING
WASHINGTON, DC 20510

Nancy Patricia D'Alesandro Pelosi aka/dba NANCY PATRICIA D'ALESANDRO PELOSI aka/dba Nancy Pelosi aka/dba NANCY PELOSI aka/dba SPEAKER NANCY PELOSI aka/dba SPEAKER OF THE HOUSE aka/dba SPEAKER OF THE HOUSE OF THE UNITED STATES aka/dba CONGRESSWOMAN NANCY PELOSI aka/dba REPRESENTATIVE NANCY PELOSI aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNITED STATES GOVERNMENT aka/dba THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba UNITED STATES aka/dba UNKNOWN, foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations, letters and their combinations, abbreviations, styles, idem sonans and/or all other legal, financial and managerial forms and formats of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate, military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and format, and any and all

Certified True, Accurate and Complete

variations and combinations thereof, any and all creations and liabilities by, of, through and from of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all political subdivisions and instrumentalities of any nature, shape, cause kind, form and format, and any and all variations and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees, members of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any and all variations and combinations of the aforementioned, without limitation, private for profit entities providing quasi-governmental and other goods and services purporting to be lawful government.
1236 LONGWORTH HOB
WASHINGTON, D.C. 20515


William Pelham Barr aka/dba WILLIAM PELHAM BARR aka/dba William P. Barr aka/dba WILLIAM P. BARR aka/dba ATTORNEY GENERAL WILLIAM BARR aka/dba US ATTORNEY GENERAL aka/dba UNITED STATES ATTORNEY GENERAL aka/dba OFFICE OF THE ATTORNEY GENERAL aka/dba US DEPARTMENT OF JUSTICE aka/dba UNITED STATES DEPARTMENT OF JUSTICE aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNITED STATES GOVERNMENT aka/dba THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba UNITED STATES aka/dba UNKNOWN, foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations, letters and their combinations, abbreviations, styles, idem sonans and/or all other legal, financial and managerial forms and formats of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate, military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all creations and liabilities by, of, through and from of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all political subdivisions and instrumentalities of any nature, shape, cause kind, form and format, and any and all variations and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees, members of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any and all variations and combinations of the aforementioned, without limitation, private for profit entities providing quasi-governmental and other goods and services purporting to be lawful government.
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001


ALL of the aforementioned acting as agents for, of and through the following, to wit:
THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba UNITED STATES aka/dba United States aka/dba United States of America aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNITED STATES GOVERNMENT aka/dba UNKNOWN, foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations, letters and their combinations, styles, abbreviations, idem sonans and/or all other legal, financial and managerial forms and formats of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate, military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all creations and liabilities by, of, through and from of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all political subdivisions and instrumentalities of any nature, shape, cause

Page **3** of **30**
Contract J3:16fGsltwthghobS                                  **Certified True, Accurate and Complete**

kind, form and format, and any and all variations and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees, members, et cetera, of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any and all variations and combinations of the aforementioned, without limitation.

**Constructions are to be made liberally, on account of the simplicity of the laity, in order that the thing may rather have effect than perish, Co. Litt. 36a; Broom, Max. 540.**

This is a pure Contractual dispute with the authority for Arbitration/Neutral disposition and judgment contained within Contract J3:16fGsltwthghobS as the sole and proper manner in which to resolve this matter. Therefore, jurisdiction is contractually decided and proper.
Undersigned Claimants are currently sustaining Citizenship under the Creator within His Creation. Some may mistakenly or falsely proclaim and sustain that it is the fiction of Law UNITED STATES CITIZEN or STATE OF ... CITIZEN by and through semantic deceit and constructive fraud. All Undersigned Claimants are under unlawful presumptive and assumptive care, custody and/or control.
The agent Respondents and Principal are the alleged GOVERNMENT OF THE UNITED STATES located within WASHINGTON, DISTRICT OF COLUMBIA, and may be currently, and have been, served Proper and Due Notice throughout this instant matter, including but not limited to this tangible medium. Addresses utilized are contained previously in this tangible medium directly below each agent Respondent and by and through the Principal's legal representative aka/dba ATTORNEY GENERAL.
The Undersigned Claimants and Respondents have entered into, and are parties to, Contract J3:16fGsltwthghobS, served by third party initially. Proof thereof is incorporated herein, and restated in its entirety, as if set forth in full as part of this and Creation-wide record and attached hereto. There was zero response thereto by the Principal by and through the agent Respondents and subsequent interactions were conducted by, under and through the principles of "clean hands" and "good faith" styled Declaration and Notice of Default and Dishonor, Opportunity to Cure and Notice and Offer for Dispute Resolution Negotiations. Both of the subsequent interactions were served via certified mail by and through the USPS with return receipt confirmation by, under and through full liability and complete transparency under Declaration and Notice of Service penned and autographed by Phillip Hudok. Proof thereof is incorporated herein, and restated in its entirety, as if set forth in full as a part of this and Creation-Wide record and attached hereto. Phillip Hudok does hereby, under full liability, Declare that there has been no response. The attached document from the third-party notary, incorporated herein, and restated in its entirety, as if set forth in full as a part of this and Creation-Wide record and attached hereto, certifies that she has received no response either.
There is a complete diversity of Citizenship claimed and maintained by and between parties.
The amount in controversy is $777 per diem per Undersigned, starting on the ninth day of January, in the Year of our Creator two thousand nineteen up until the twenty first day of January, in the Year of our Creator two thousand nineteen, continuing and accruing per diem at the rate of $777 per party until full payment, settlement and closure. Total as of the twenty first day of January, in the Year of our Creator two thousand nineteen duly perfected, due and owing is $10,101 per Undersigned, due and payable immediately, with additional contractual per diem per Undersigned starting after judgment and/or award. Therefore, final amount is undetermined.
A dispute has arisen under Contract J3:16fGsltwthghobS with the general summary of Remedy and Relief being the following, to wit:
- opt-in process for Beneficiaries designed to be simple and rapid;
- unconditional release and the immediate setting at full liberty of the Undersigned and opt-in Beneficiaries;
- any pending and adjudicated cases of the Undersigned and opt-in Beneficiaries, regardless of venue, are hereby void ab initio;

Page 4 of **30**
**Contract J3:16fGsltwthghobS**  ·                                    **Certified True, Accurate and Complete**

- immediate and unconditional indemnification of the Undersigned and opt-in Beneficiaries;
- immediate and unconditional recognition of immunity of the Undersigned and opt-in Beneficiaries;
- immediate issuance of proper and necessary documentation of the indemnification and recognized immunity of the Undersigned and opt-in Beneficiaries;
- immediate return of any and all property and assets that may have been seized and captured, or the market value thereof, of the Undersigned and opt-in Beneficiaries;
- expunging and destruction of all records and systems of records of the Undersigned and opt-in Beneficiaries maintained by the Respondents;
- immediate issuance of Land Patent titled in fee simple absolute in possession;
- immediate accounting for, and return of, any and all accounts and assets of any nature, shape, cause, form, format and kind held or managed by any entity and emanating from the Undersigned and opt-in Beneficiaries;
- immediate payment of any and all monetary damages as assessed by the Undersigned so as to make whole;

The Respondents by their silence agreed and acknowledged that they breached the terms of Contract J3:16fGsltwthghobS by utterly failing to perform its obligations thereunder, and explicitly consents to any necessary provisional remedies and reliefs, orders for specific performance, interim and other awards and judicial enforcement thereof.

The Contract J3:16fGsltwthghobS provides for the exclusive settling of these matters is within Arbitration by a Neutral/Arbitrator.

By, under and pursuant to Contract J3:16fGsltwthghobS the Undersigned have complied and attempted negotiations, or in the alternative, for the submission of the controversy to Arbitration by Neutral/Arbitrator.

The Respondents have agreed and consented to Arbitration under the terms of Contract J3:16fGsltwthghobS, and further consented to and stipulated the waiver of rights to vacate, modify, appeal or collaterally attack the decisions, rulings, orders, remedies, reliefs and awards of the Neutral/Arbitrator.

The Contract J3:16fGsltwthghobS evidences interactions contractually based and that may involve and/or affect and effect commerce because the facts involved in this matter may have in some manner and way moved in, used instrumentalities of and/or otherwise affected and effected commerce among the several States within the The United States Arbitration Act, by, under and through simple Contract Law and Custom.

Because the Contract J3:16fGsltwthghobS, does in fact, involves, affects and/or effects commerce in some manner and way, and is contractually based, the arbitration provision contained within it is valid, irrevocable and enforceable within The United States Arbitration Act, by, under and through simple Contract Law and Custom.

Valid, irrevocable and enforceable arbitration agreements and the orders, rulings, decisions, remedies, reliefs and/or awards made therefrom may be enforced in the/any District Court of the United States of America by way of confirmation, enrollment and entry of a judgment and enforcement thereon.

Because the Undersigned seek equitable and other relief and remedy and monetary damages from the Respondents, the Undersigned agrees that it is best for all involved that the Arbitration proceedings should be bifurcated into separate phases: Phase 1 should address the claims for equitable and other remedy and relief, and Phase 2 should address the claims for monetary damages.

The Undersigned and Respondents have agreed, explicitly and/or by tacit acquiescence, to enforcement by any and all means available and chosen exclusively by the Undersigned, including but not limited to a District Court of the United States of America.

Because time is of the essence and the paramount danger to the Undersigneds' free-will choice and liberty, the Undersigned hereby explicitly consent to fast-track Arbitration proceedings.

## Claims for Breach of Contracts
### Admissions, Agreements, Acknowledgements and Stipulations of General Facts

The Respondents have flagrantly and willfully breached the Contract J3:16fGsltwthghobS with the Undersigned by failing to perform to its obligated promises.

The Respondents continue to benefit from the Undersigneds' performances of the promises and terms of Contract J3:16fGsltwthghobS, in addition to the continued benefit of the Undersigneds' custody and/or control of any and/or all forms and formats; At the same time the Undersigned are incurring and suffering irreparable damage and harm through

Certified True, Accurate and Complete 

unlawful and un/non Constitutional interference in the daily course of our private lives and free-will choice by nefarious and pre-conceived conspiracies and means.

The Undersigned have been incurring and suffering, and will continue to incur and suffer, irreparable damage and harm by the Respondents' previous and on-going breaches of the Original Contract aka the Constitution for the United States of America c1819 and subsequent Contract J3:16fGsltwthghobS.

The Respondents have knowingly, willingly, intelligently, intentionally, explicitly and/or tacitly admitted, agreed to, acknowledged and stipulated the following general facts of this instant matter, to wit:

- The Undersigned and Respondents knowingly, willingly, intelligently and intentionally entered into a contractual arrangement titled and styled Conditional Acceptance for Value upon Proof of Claim Contract J3:16fGsltwthghobS on the twenty seventh day of December in the Year of our Creator two thousand eighteen;

- The Undersigned are not and/or were not knowing, willing, intelligent and intentional signatories to the Constitution for the United States of America c1819 and/or State of... equivalents, and any and all derivatives thereof regardless of style;

- The Undersigned are not and/or were not knowing, willing, intelligent and intelligent parties to the Constitution for the United States of America c1819 and/or State of ... equivalents, and any and all derivatives thereof regardless of style;
- A man cannot be/is not a knowing, willing, intelligent and intentional signatory/party absent a valid signature/autograph upon the contract, however styled;

- The Constitution for the United States of America c1819 and State of ... equivalents, and any and all derivatives thereof regardless of style, is a contract;

- The United States of America, State of ... and local equivalents are not factually and actually the same entities as UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style;
- By, under and pursuant to the Constitution for the United States of America c1819, and State of ... equivalents, and any and all derivatives thereof regardless of style, the aforementioned entities were not granted explicit authority to operate and/or conduct business under any nature, shape, cause, kind, form and format they so desire, ie corporate, commercial, military, political, ecclesiastical and other capacities, characters, conditions, status, standings, jurisdictions, venues and law forms;

- By, under and pursuant to the Constitution for the United States of America c1819 and State of ... equivalents, and any and all derivatives thereof regardless of style, the aforementioned entities were not granted explicit authority to alter and/or change jurisdictions, venues, law forms, authorities, processes and procedures as specifically laid out therein;
- By, under and pursuant to the Constitution for the United States of America c1819 and State of ... equivalents, and any and all derivatives thereof regardless of style, the aforementioned entities were not granted explicit authority to operate by, under and pursuant to emergency powers, authorities, processes and procedures not in times of actual and factual unwarranted civil unrest and/or foreign invasion within the borders of the United States of America;

- The Judicial branch of the United States of America, State of ... and local equivalents thereof, and any and all derivatives regardless of style, does not have and/or has not had explicit authority to legislate and create "law" from the "bench" that in any nature, shape, cause, kind, form or format affects or effects any man not a party to the controversy therein;

- The Undersigned were not and/or are not intelligently, intentionally, knowingly and willingly placing ourselves upon the UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents thereof, and any and all derivatives regardless of style, in any and/or all interactions/matters in any and/or all places and any and/or all times;

- The Undersigned were not and/or are not intelligently, intentionally, knowingly and willingly joined/joining ourselves to any and all matters/interactions in any and/or all places and any and/or all times to the UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents thereof, and any and all derivatives regardless of style.

- The UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents thereof, are not actually and factually the real-party-in-interest in any and/or all matters and/or interactions with the Undersigned.

- The Respondents do not have explicit Constitutional authority to deviate from and/or violate the Constitution for the United States of America c1819, State of ... equivalents, and any and all derivatives regardless of style, at any time and/or any place.

Certified True, Accurate and Complete

- There exists no explicit authority contained within the Constitution for the United States of America c1819 for the Respondents to effectuate, implement, enforce and/or utilize inherent and/or implied processes, procedures, authorities, jurisdictions, venues and/or law forms.

- The Respondents and their Principal, United States of America, State of ... and Local equivalents, and any and all derivatives thereof regardless of style, possess no explicit Constitutional authority, standing, status, character, condition and capacity to seek any and/or all claims, remedies and/or relief, civil and/or criminal, and other interactions actions against the Undersigned.

- The Respondents and their Principal, United States of America, State of ... and Local equivalents, and any and all derivatives thereof regardless of style, possess no explicit Constitutional authority for the implementation, exercise and/or enforcement of malum prohibitum jurisdiction against the Undersigned.

- The Respondents and their Principal, United States of America, State of ... and Local equivalents, and any and all derivatives thereof regardless of style, possess no explicit Constitutional authority to interfere with and/or alter a private Contract between the Undersigned and the Creator of all that was, is and shall be.

- The Respondents and their Principal, United States of America, State of ... and Local equivalents, and any and all derivatives thereof regardless of style, possess no Constitutional and Lawful document(s), paper(s), digital data, tangible medium(s) and/or tangible item(s) in their care, custody and control thereof which demonstrate and prove that the Undersigned are knowing, willing, intelligent and intentional party(ies) and/or signatory(ies) to any social, public, civil, quasi-public, political, private, commercial, ecclesiastical, military, universal and/or other compact, agreement, covenant, contract and any other terms of art describing, demonstrating and/or utilized to mean the same, and any and all combinations and variations of the aforementioned, which can be demonstrated to operate to confer any actual and factual controlling, insurable, lawful, legal, private, public, quasi-public, equitable, political, commercial, social, civil, corporate, international, universal, quantum, spiritual, administrative, Talmudic, Babylonian, ecclesiastical, military, beneficial, admiralty/maritime, statutory, pecuniary, managerial, regulatory and/or any and all other interest, share, title, authority, relationship, jurisdiction, venue, et cetera, of any nature, shape, cause, kind, form and format, and any and all variations and combinations of the aforementioned, without limitation, in and/or over the Undersigneds' physical, natural, spirit and/or soul being(s) and representation(s) thereof, of any nature, kind, cause, form and format, and any and all variations and combinations thereof, without limitation, the Undersigneds' cestui que vie trust, estate, any and all other trusts and constructs, and any and all sub and/or constructive trusts and constructs thereof, any and all thereto, thereof, therewith and therefrom the Undersigned, without limitation, any and all property and assets of any nature, kind, form and format, and our share, as Heirs of the Creator of all that was, is and shall be, without limitation, in any nature, way, cause and/or kind to the benefit of the Respondents' and their Principal, United States of America, State of ... and Local equivalents, and any and all derivatives thereof regardless of style;

- The Undersigned are not specifically named/identified in any UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, acts, codes, statutes, rules, regulations, ordinances, et cetera;

- The Undersigned do not have and/or have not had specific attachment/liability to any UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, acts, codes, statutes, rules, regulations, ordinances, et cetera.

- The CONSTITUTION OF THE UNITED STATES, STATE OF ... equivalents, Constitution for the United States of America c1819, State of ... equivalents, and any and all derivatives thereof regardless of style, does not by way of Lawful nexus operate upon the Undersigned.

- The Undersigned are not Lawfully bound by or to any institutions formed by our fellow man without our individual explicit consent.

- The UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not real, but are imaginary and/or a fiction of law.

- The Respondents by and through the UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, as imaginary creations and fictions of law cannot Lawfully interface with Living men.

**Certified True, Accurate and Complete**

· - The Undersigned cannot Lawfully be identified in all caps style by the Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, in contradiction to a Lawfully given birth name.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are foreign to the Undersigned.

- The Undersigned have lived and/or are living under unlawful pretended and/or fraudulent emergency, military, commercial and/or other rule in absolute violation and breach of the Constitution for the United States of America c1819.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not legally and lawfully abridging and/or have not legally and lawfully abridged the free-will choice of the Undersigned by Constitutional "laws" brought into force by actual and factual states of Constitutional and Lawful "national or other emergency".

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not solvent and have no plenary sovereign capacity, character, condition, status and standing at any and/or all places and any and/or all times.

- The UNITED STATES OF AMERICA, STATE OF ..., and any and all derivatives thereof regardless of style, are not independent sovereign nations.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, have aided and abetted the removal of gold and silver from backing the National currency.

- There cannot be any limitation on the power and authority of the Undersigned in proper capacity, character, condition, status and standing.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, do not issue Constitutional and Lawful documents, presentments, instruments or any other term of art describing, demonstrating and/or utilized to mean the same, in any and/or all matters and any and/or all interactions.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, do not operate and/or have not operated with "clean hands" and in "good faith"  in any and/or all matters and any and/or all interactions with the Undersigned.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, do not effectuate and utilize and/or have not effectuated and utilized police powers and authorities by, under and through explicit authorities explicitly emanating from the Constitution for the United States of America c1819.

- The Respondents, UNITED STATES OF AMERICA, STATE OF... and LOCAL equivalents, and any and all derivatives thereof regardless of style, do not utilize and/or have not utilized explicit Constitutional authority to declare the Undersigned enemies in and on their own land.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not in plenary compliance to/with the Constitution for the United States of America c1819 in any and/or all matters and any and/or all interactions with the Undersigned.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, and any and all employees, agents, assigns, successors, contractors, et cetera thereof, are not in · plenary compliance to/with explicit provisions of the Law of the Land aka Constitution for the United States of America c1819 at any and/or all times and any and/or all places in any and/or all matters and any and/or all interactions.

- The Respondents, UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, and any and all employees, agents, assigns, successors, contractors, et cetera thereof, are not holding and/or have not held Constitutional Office and/or positions with perfected title thereto, and are not exercising and/or have not exercised authorities and privileges therein in plenary compliance to explicit provisions of the Law of the Land aka Constitution for the United States of America c1819 at any and/or all places and any and/or all times in any and/or all matters and any and/or all interactions.

Certified True, Accurate and Complete

- The·Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, do not have and/or have not had plenary authority by and through the Constitution for the United States of America c1819 to rule over and interfere with the private dealings and affairs of the Undersigned.

- The capacities, characters, conditions, status and standing effectuated and utilized by the Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been in plenary compliance with, and explicitly authorized by, the Constitution for the United States of America c1819.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, and any and all employees, agents, assigns, successors, contractors, et cetera thereof, have not taken lawful Oaths to the Constitution for the United States of America c1819.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, and any and all employees, agents, assigns, successors, contractors, et cetera thereof, are not operating and/or have not operated by and through full disclosure in any and/or all of their respective day to day matters concerning/affecting/effecting, and interactions with, the Undersigned.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to commercially and otherwise benefit from the utilization of the laws of occupation, laws of war and/or the EMERGENCY BANKING RELIEF ACT to the detriment and injury of the Undersigned.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to maintain and operate commercial/military courts, prisons and police for the use against, suppression of, and to the detriment and injury of the Undersigned.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to claim ownership of, or place liens against, the Undersigned and/or any and all of their property and assets.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to alter and/or blend the jurisdictions of Law, Equity and Admiralty/Maritime.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to operate and utilize malum prohibitum authority against the Undersigned.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to operate and utilize martial rule/law against and over the Undersigned without actual and factual proof of unwarranted civil unrest and/or foreign invasion.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to ignore, hamper and/or violate the Undersigneds' right to expatriate.

- The Undersigned cannot be forced to serve two masters.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to adhere to, and respect, legislation from the bench.

- The Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, are not and/or have not been granted explicit authority from the Constitution for the United States of America c1819 to hinder and/or alter the Undersigneds' God-granted free-will choice of right to plenary Life, Liberty and Pursuit of Happiness.

- The Undersigned are not fictions of law created by the Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, therefore there is no nexus and thereby no authority over the same.

Page 9 of 30
Contract J3:16fGsltwthghobS                    Certified True, Accurate and Complete

· - The Undersigned are not officesr, agents, shareholders, franchises or fiduciary agents, residents of, inhabitants of or domiciled in the UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents.

- The Undersigned are not vessels and/or other entities registered to the UNITED STATES OF AMERICA.

- The Undersigned are not actual and factual enemies of the Respondents, UNITED STATES OF AMERICA, STATE of ... and LOCAL equivalents, and any and all derivatives thereof regardless of style, or any of its creations and liabilities.

- The presumption that the Undersigned are any of the aforementioned, and/or any and all documentation implying the same absent a wet-ink signature/autograph, is not Lawful and is not in explicit compliance to the Constitution for the United States of America c1819, and is fraudulent, illusionary, and is a false representation of a matter of fact and/or a kind of artifice employed by the same for self-serving purposes.

- The Respondents failed to substantiate the validity, Constitutionality, lawfulness and accuracy of any and/or all of its indictments, warrants, processes, procedures and other interactions, and/or otherwise;

- The Respondents failed to produce duly and Constitutionally sanctioned public/private delegation of authority, and/or otherwise;

- The Respondents failed to produce duly signed and witnessed Constitutional "Oaths of Office";

- The Respondents failed to produce any valid, lawful and Constitutional explicit and written contracts or agreements bearing the duly bona fide autographs, signatures and/or acceptances and acknowledgements of any Undersigned specifically named or otherwise;

- The Respondents failed to produce lawful and Constitutional authority of the UNITED STATES OF AMERICA, STATE OF ... and/or LOCAL equivalents/instrumentalities, and any derivatives thereof regardless of style, to act against and/or interact with the Undersigned and others;

- The Respondents failed to produce any explicit, lawful and Constitutional basis/nexus upon which any claim regardless of form and/or format operates upon the Undersigned and others;

- The Respondents failed at any and/or all times and any and/or all places to operate with, under and pursuant to "good faith," "clean hands," and "fair business dealings" in any and/or all interactions;

- The Respondents failed to provide full disclosure at any and/or all times and any and/or all places in any and/or all interactions;

- The Respondents failed to conduct any and/or all commercial-criminal and other cases/interactions by, under and through the principles, processes and procedures of ancient Custom and Constitutional American Jurisprudence and Law;

- The Respondents failed to act in a manner so as to not to cheat, hinder, delay, and/or defraud the Undersigned and others in any manner and way regardless of type, form and format of interactions;

- The Respondents failed to act in a manner so as not to threaten, coerce and place physical and/or psychological duress upon the Undersigned and others in any manner and way regardless of type, form and format of interaction;

- The Respondents failed to insure and prove that any and/or all interactions with, investigations of and/or gathering of any evidence against the Undersigned and others met a minimum of "good faith," "clean hands," customs and Constitutional standards of due process and procedure, and further failed to factually and actually prove and establish all elements necessary and required by the aforementioned to be proven beyond any and/or all reasonable doubt as to a Constitutional Public Law violation(s) regardless of venue;

- The Respondents failed to provide the duly requested, required and necessary Proofs of Claim under Contract J3:16fGsltwthghobS;

- The Respondents failed to reject and/or contest any offer and contest acceptance, acknowledgement and agreement of Contract J3:16fGsltwthghobS in any manner according to its explicit written terms;

The Respondents further knowingly, willingly, intelligently, intentionally, explicitly and/or tacitly admitted, acknowledged, agreed and unconditionally stipulated the following, to wit:

- The Respondents are bound to the explicit terms of Contract J3:16fGsltwthghobS and the procedure/process for remedy is exclusively via Arbitration/Neutral Party chosen exclusively by the Undersigned; and further, are bound to the remedy procedure/process, and that it is irrevocable, and no COURT regardless of jurisdiction, venue and law form may interfere and/or overturn by any process or procedure the final and binding award, decision, judgment and/or disposition;

Page **10** of **30**
**Contract J3:16fGsltwthghobS**

**Certified True, Accurate and Complete**



· - The Respondents in these matters and others, and any and all matters hereto, did, and continue to, knowingly, willingly, intelligently and intentionally commit, including but not limited to, fraudulent concealment, denial of custom and Constitutional substantive and procedural due process and procedure in any and all interactions, mutual conspiracy to engage in a scheme of unjust enrichment, flagrant and willful unlawful custody, incarceration and control, flagrant and willful violations of processes and procedures guaranteed, preserved and protected by, under and pursuant to the Laws of Creation, ancient Custom and the Constitution for the United States of America c1819, flagrant and willful breach of contract, flagrant and willful fraud in the inducement, flagrant and willful fraud in the factum, flagrant and willful breach of fiduciary and trustee duties and responsibilities, flagrant and willful blending and altering of jurisdictions, venues and law form, flagrant and willful violations of free-will choice, flagrant and willful slavery by and through the aforementioned action/inactions, flagrant and willful Ultra Vires acts, flagrant and willful fraud by mail and/or false assumptions of debt, without limitation;

- The Respondents unlawfully and un/non Constitutionally interacted with, arrested, indicted, convicted, adjudged, sentenced, maintained custody, control and/or imprisoned the Undersigned in flagrant and willful violation of their respective initial contract offer entitled and styled the Constitution for the United States of America c1819, entered into by the Respondents knowingly, willingly, intelligently and intentionally and offered to the Undersigned upon their respective filing of a sworn Oath;

- The Respondents dissolved their own claimed immunity and/or sovereignty claims and defenses by, under and pursuant to their own actions and inactions via their respective interactions of any nature, shape, cause, kind, form and format with the Undersigned;

- The Undersigned are entitled as a matter of fact and right to any and all relief and remedy that would make them whole and as if the Respondents did not interfere in any nature, shape, cause, way, form and/or kind with the Undersigneds' enjoyment of free-will choice absent causing actual and factual harm to a man or his property; and further, the Respondents cannot contest in any way, format and/or form the said relief and remedy demanded and sought via summary and/or other award, disposition, judgment, decision and/or order by and through Arbitration/Neutral Party by, under and pursuant to Contract J3:16fGsltwthghobS, the terms thereof and the doctrines of silent acquiescence, res judicata, estoppel and/or laches;

-The Undersigned are entitled as a matter of fact and right to any writ, decision, judgment, bill, disposition, order (any and all executive and/or judicial) that would in effect release them from custody, confinement and/or control of any nature, shape, cause, kind, form and/or format whether said custody, confinement and/or control be presumed, assumed, by operation of law, constructive and/or actual.

- The Undersigned are entitled as a matter of fact and right to immediate release from any assumptive, presumptive, constructive and/or factual and actual confinement, custody and/or control regardless of form and/or format thereof;

- The Undersigned are entitled as a matter of fact and right to immediate payment of any reasonable claimed monetary damages regardless of nature and form by the Respondents through both/either personal assets, any and all assets of the Principal and the JUDGMENT FUND INTERNET CLAIM SYSTEM;

- The Undersigned have exhausted any and all contractual administrative remedies required and necessary to enforce any and all claims, modes of redress under Contract J3:16fGsltwthghobS and are entitled as a matter of fact and right to any and all relief and remedy claimed thereunder and thereto;

- The Undersigned are entitled as a matter of fact and right to any and all relief and remedy claimed by, under and pursuant to Contract J3:16fGsltwthghobS;

- The Respondents are bound by Contract J3:16fGsltwthghobS, and the same is restated in its entirety, and incorporated herein, as if set forth in full as a part of this record and Creation-wide record;

- The Respondents have duly authorized and empowered the Undersigned to execute an enforceable irrevocable Special Power of Attorney Coupled with Interest appointing them severally/individually as the lawful designee and authorized agent of the OFFICE OF THE UNITED STATES ATTORNEY GENERAL, to sign and initial for, initiate, execute, prosecute, settle, et cetera, all claims and litigation regardless of form and format and jurisdiction, venue and law form processed/proceeded through, as related and confined to the resolution and enforcement of these matters, Contract J3:16fGsltwthghobS and any and all matters related thereto and emanating therefrom;

**Certified True, Accurate and Complete**

- The Respondents have agreed that the subject matter of this agreement at least partially involves commerce as applicable under The United States Arbitration Act, and that the same may be utilized for enforcement of any awards, decisions, judgments, orders, dispositions executed and issued by an Arbitrator/Neutral Party.

The Respondents have further knowingly, willingly, intelligently, intentionally, explicitly and/or tacitly admitted, agreed, accepted, acknowledged and unconditionally stipulated the following obligations, to wit:

- The Respondents have agreed to fully indemnify and immunize the Undersigned and opt-in Beneficiaries from any further legal, administrative and other action, interaction, prosecution, process and procedure et cetera of civil, criminal and other causes conducted by and/or instituted by and/or through the UNITED STATES OF AMERICA, STATE OF ... and LOCAL equivalents/instrumentalities, and any Territories and Possessions thereof, and any and all instrumentalities of the aforementioned, and any and all derivatives thereof regardless of style;

- The Respondents have agreed to summary proceedings and issuance of summary/consent awards, decisions, judgments, orders, dispositions and confirmation, enrollment and entry of any and all awards, decisions, judgments, orders, dispositions thereon by any District Court of the United States of America and/or Supreme Court of the United States of America;

- The Respondents have agreed that the/any Irrevocable Special Power of Attorney Coupled with Interest tangible medium is lawful and that it properly appoints the named Undersigned therein Special Power of Attorney to bind the Respondents in any legal and lawful manner for resolution of any and all claims and litigation under the Contract J3:16fGsltwthghobS and any and all matters thereto, and the Respondents do hereby explicitly consents to be so bound as to the matters of the aforementioned and no others;

- The Respondents have agreed to comply with, and to not contest in any manner, format or form, the issuance of any and all necessary and required writs, orders, awards, judgments, decisions, dispositions, bills and/or injunctions by any District Court of the United States of America and/or Supreme Court of the United States of America in aid of its jurisdiction to enforce any and all provisions, remedies, relief, arbitration/neutral party proceedings/processes, pre-award rulings, awards, orders, judgments, dispositions and/or injunctions emanating from Contract J3:16fGsltwthghobS and any matters related thereto.

- In case any provision in Contract J3:16fGsltwthghobS shall be held invalid, illegal, unlawful and/or unenforceable, the validity, legality, lawfulness and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.


The contractual monetary damages as contained within are in no way unreasonable considering the fact that the Respondents have operated in default and dishonor for years.

The Respondents have knowingly, willingly, intentionally and intelligently failed and refused to correct their respective unlawful and un/non Constitutional actions, inactions and interactions. Because of that alone any monetary and equitable remedy and relief could never actually place the Undersigned in a position of being whole, but will at least be a deterrent for the future.

The Undersigned have attempted to receive adequate remedy and relief in law and equity but the Respondents are presently, and have been, covering up their breach by the compounding thereof.

By the Respondents' own corporate rules aka US CODE FEDERAL TORT CLAIMS ACT, the Principal GOVERNMENT OF THE UNITED STATES is wholly liable for the actions and inactions of its officers, agents, employees and contractors as they are, and have been, acting on behalf thereof.

The Undersigned have been forced to seek arbitration for dispute resolution in order to compel the Respondents to perform to its obligations under the Original Contract aka the Constitution for the United States of America c1819 and Contract J3:16fGsltwthghobS and receive full and adequate remedy and relief and redressable damages. As a direct and proximate result of the Respondents' breach, the costs and fees of these arbitration proceedings and all costs in any way associated with judicial and other enforcement should be paid by the Respondents, or the Undersigned are entitled to recover the same from the Respondents. Furthermore, the Undersigned are entitled to interest on any monetary award and judgment associated with this matter.

The Respondents have knowingly, willingly, intelligently, intentionally, explicitly and/or tacitly agreed, acknowledged, and consented that the Beneficiaries, under the Qui tam authority and by, under and pursuant to the doctrine of My

Certified True, Accurate and Complete

· Brother's Keeper aka Pro rex regum et heredes', are eligible and shall be permitted to opt-in via free-will choice of the same.

Wherefore, there are no triable issues of fact or controversy in this instant matter;

Therefore, the Undersigned respectfully demand an issuance of Interim award for equitable and other remedy and relief under Phase 1 of the proceedings, to wit:

- Find, adjudge and decree that the Contract J3:16fGsItwthghobS is a valid, lawful and binding agreement/contract between the Undersigned and Respondents.

- Admit into evidence of these proceedings the agreements, acknowledgements and stipulations of the Respondents as conclusive evidence analogous to rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE.

- Admit into evidence of these proceedings the previously and aforementioned knowing, willing, intentional, intelligent, explicit agreements, acknowledgements, and stipulations, and other documents and tangible mediums in support thereof, as the facts of this matter and conclusive evidence as to those so stated.

- Order an opt-in process for Beneficiaries designed to be simple and rapid;

- Order an unconditional release and the immediate setting at absolute liberty of the Undersigned and opt-in Beneficiaries;

- Order any pending and/or adjudicated cases of the Undersigned and opt-in Beneficiaries, regardless of venue, are hereby void, ab initio;

- Order an immediate and unconditional indemnification of the Undersigned and opt-in Beneficiaries;

- Order an immediate and unconditional recognition of immunity of the Undersigned and opt-in Beneficiaries;

- Order an immediate issuance of necessary documentation of the indemnification and recognized immunity of the Undersigned and opt-in Beneficiaries;

- Order an immediate return of any and all property and assets that may have been seized and captured, or the market value thereof, belonging to the Undersigned and opt-in Beneficiaries;

- Order an expunging and destruction of all records and systems of records of the Undersigned and opt-in Beneficiaries maintained by the Respondents;

- Order an immediate issuance of Land Patent titled in fee simple absolute in possession;

- Order an immediate accounting and return of any and all accounts of any nature, shape, cause, form, format and kind held or managed by any entity and emanating from the Undersigned and opt-in Beneficiaries;

- Order an immediate payment of any and all monetary damages as assessed by the Undersigned so as to make whole; Wherefore, the Undersigned explicitly consent and agree that the Neutral/Arbitrator at the conclusion of Phase 1 conduct a hearing under phase 2 of these proceedings and:

- Enter a Final Award in favor of the Undersigned so as to recover from the Respondents the final calculated contractual, actual, compensatory and/or exemplary monetary damages;

- Order that the Undersigned recover any and all fees, costs and expenses leading up to and of these proceedings and the enforcement thereof in total;

- Order that all costs, fees and expenses for conducting these Neutral/Arbitration proceedings, including but not limited to, the judicial and other enforcement of any rulings, orders, interim awards and final awards be borne by the United States of America.

<div align="center">Notice and Cognizance Required<br>Non-Binding on, and Inapplicable against, the Undersigned</div>

Universal Declaration of Human Rights
International Covenant on Civil and Political Rights
Leiber Code
Costui Que Vie Act of 1666 and all amendments thereto
Constitution for the United States of America c1819
Declaration of Independence c1776
Treaty of Paris c1783
Federal Reserve Act of 1913 and all amendments thereto
Trading with the Enemy Act of 1917
Emergency Banking Relief Act of 1933
Senate Report 93-594
Clearfield Doctrine

Page **13** of **30**
**Contract J3:16fGsItwthghobS**                    **Certified True, Accurate and Complete**

21 USC 321(g)
Doctrine of Clean Hands
Executive Orders 6073, 6102, 6111 and 6260
Laws of Virginia published on March 12, 1819
Public Statute Laws of the State of Connecticut 1821
5 USC 903
22 USC 286 et seq.
PUBLIC LAW 94-564
CRS 24-36-104
CRS 24-60-1301(h)
Montevideo Treaty of 1933
26 IRC 165(g)(1)
CRS 39-22-103.5
50 USC
CONGRESSMAN TRAFFICANT Speech CONGRESSIONAL RECORD vol.33 pg 1303
22 USC 611c (1)(iv), 612, 613
RABINOWITZ V KENNEDY 376 U.S. 605, 11 L. Ed. 2d 940
THE BANK OF THE UNITED STATES v PLANTERS BANK OF GEORGIA, 6 L. Ed. (9 Wheat) 244
U.S. V BURR, 309 U.S. 242
CRS 11-60-103
21 USC 5323
18 USC 219, 9S1
American Jurisprudence 2nd Edition, sections 71 and 82
The Public Papers and Addresses of FRANKLIN ROOSEVELT, Vol. II, pgs. 18-24
HOME BUILDING & LOAN ASSOCIATION V BLAISDELL 290 U.S. 398
An Act concerning the Rights of American Citizens in foreign States
TREASURY DELEGATION ORDER  no. 91
DEPARTMENT OF THE ARMY field manual 1969, FM 41-10, pgs. 1-4, sec. 1-7(b), 1-10(7)(c)(1)
22 USC 284, 286, 287
Ex parte MILLIGAN 71 U.S. 2
31 USC 6700 et seq.
CONGRESSIONAL RECORD May 23, 1933, pgs. 4055-4058
ATKINS et al V US, S5G F 2d 1028, pgs. 1072 and 1074
5 USC 5305 and 5335
4 USC 104-113
SPRINGFIELD V KENNY 104 N.E. 2d 65
WHEELING STEEL CORP V FOX U.S. 193, 80 L. Ed. 1143, 56 S. Ct. 773
PUBLIC LAW 89-719
CRS 5-1-106
Handbook of the National Conference of Commissioners on Uniform State Laws 1966 Edition, pgs. 152-53
PRESIDENTIAL PROCLOMATION 3972
8 USC 1481
22 USC 611-13
50 USC 781
Research Technical Manual TM-SW7905.1, pgs. 3,7
PUBLIC LAW 97-280
REORGANIZATION PLAN no. 26
CONGRESSIONAL RECORD, SENATE December 13, 1967, MR. THURMOND
DEPARTMENT OF THE ARMY 1985 Edition FM41-10
26 USC 7701(a)(1)
TREASURY DELEGATION ORDER 150-10
22 USC 611 (c)(iii)
TREASURY DELEGATION ORDER no. 91
22 USC 219
22 USC 9S1
DEPARTMENT OF THE ARMY Pamphlet 27100-70, Military Law Review vol. 70
PUBLIC LAW 95-147
PUBLIC LAW 101-167
18 USC 219, 951
CINEMA S V CINERAMA 528 F2d 1384
EASLY V BROOKLINE TRUST 25G SW 2d 983
US V WOODLY 726 F2d 1328, 7S1 F2d 1008
COHEN V VIRGINIA 6 wheat 264
US V THROCKMORTON 98 US 61
26 IRC 6103(k)(5)
INTERNAL REVENUE MANUAL section 1132.61, 1100-40.1 through 1100-40.2 1992 Edition
FEDERALIST PAPER # 78
CONGRESSIONAL RECORD October 17, 2001, pgs. H1720-H1725
PRESIDENTIAL PROCLOMATION April 15, 1861

**Contract J3:16fGsltwthghobS**                    **Certified True, Accurate and Complete** 

INTERNATIONAL ORGANIZATION IMMUNITIES ACT
5 USC 331-333
22 CFR Foreign Relations 92.12-92.31
8 USC 1481
NATIONAL EMERGENCIES ACT
INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT
18 USC 1918
CONGRESSIONAL RECORD June 13, 1967, pgs. 15641-15646
15 USC 1-2
PAPAL BULL UNUM SANCTUM c1302
CRUDEN V NEALE 2 N.C. 338, 2 S.E. 70
CITY OF DALLAS V MITCHELL 245 S.W. 944
March 3, 1901 56th congress session 2 31 stat 1189,chapter 56 in sec 1617 at 31 stat 1432
HAGUE CONVENTIONS of 1899 and 1907
50 USC in its entirety
10 USC Chapter 13 252.1 and 253.1

1. [See: Black & White Taxi Transfer Co. v. Brown & Yellow Taxi Transfer Co., 276 U.S. 518, 533; 72 L.Ed. 681, 38 S Ct 404 (1928), which states: "Law in the sense in which the courts speak of it today, does not exist without some definite authority behind it."]

6. [See: Borden v. State, 11 Ark. 519, 526 (1851), which states: "Man's laws are strength-less before Jehovah the Living God's Law, consequently a law, directly contrary to the law of Jehovah the Living God, would be an absolute nullity."]

8. [See: United States v. Seeger, 380 U.S. 163, 172, 13 L. Ed. 2d 733, 85 S Ct 850 (1965), which states: "There is a higher loyalty than loyalty to this country, loyalty to Jehovah the Living God."]

14. [See: Gibson v. State, 214 Ala. 38, 106 So. 231, 235]]; i.e., into a complete system of positive law, scientifically ordered, and promulgated ( i.e., to publish; to announce officially; to make public as important or obligatory [See: Price v. Supreme Home of the Ancient Order of Pilgrims, 285 S.W. 310, 312 (Tex.Com.App.)]] by legislative authority of the statutes/laws of a State and/or the United States of America; and specifically the United States Code and specifically THE ACT OF MARCH 9TH, 1933 AND Titles 4, 7, 11, 12, 15, 16, 18, 28 and 42 thereof as employed and used within the above referenced alleged Criminal Case/Cause, is not a redrafting and simplification of the entire body of a statute which effects a revision, and a complete restatement of the law which is then substituted - i.e. put in place of the former; exchanged, serving in lieu of and displaces and repeals the former law as it stood relating to the subjects within its purview. [See: MacLean v. Brodigan, 41 Nev. 468, 172 P. 375; Elite Laundry Co. v. Dunn, 126 W.Va. 858, 30 S.E.2d 454, 458]; and, is not drastically different in nature and scope that a mere compilation. [Fidelity & Columbia Trust Co. v. Meek, 171 S.W.2d 41, 43-44 (Ky. 1943), which states: "A compilation is merely an arrangement and classification of the legislation of a state in the exact form in which it was enacted, with no change in language. It does not require a legislative action in order to have the effect it is intended to have. A revision, on the other hand, contemplates a redrafting and simplification of the entire body of a statute. A revision is a complete restatement of the law. It requires enactment by the legislature in order to be effective..."]

19. [See: East Kodak Co. v. Richards, 204 N.Y.S. 246, 248, 123 Miscel. 83]; to deliberate about and ponder over [See: People v. Tru-Sport Pub. Co., 291 N.Y.S. 449, 457, 160 Miscel. 628] [See: Constitution of/for the United States of America (1789, as amended 1791) Art. I, § 7, cl. 1, 2, 3; Harvey Walker, Law Making in the United States, N.Y., 1934, p. 272, which states: "The usual practice is to introduce the revision [of statutes] as a single bill. Obviously, however, the members of the legislature cannot give such a comprehensive measure adequate consideration. It is almost as difficult for a committee to do so."] [...in pari materia to all other state constitutions.]

21. [See: State v. Mauer, 164 S.W. 551, 552, 255 Mo. 152 (1914), which states: ". . . revisers have no legislative authority, and are therefore powerless to lessen or expand the letter or meaning of the law."]

22. [See: Harvey Walker, supra, ibid. at 19, p. 316, which states: "The three essential parts of every bill or law is: (1) the title, (2) the enacting clause, and (3) the body."]

23. [See: Joiner v. State, 155 S.E.2d 8, 10, 223 Ga. 367 (1967), NOTE: This case/cause arose in Georgi, α state whose Constitution contains no express provisions for the use and employment of an enacting clause just as the United States Constitution does not contain an express provision; Ferrill v. Keel, 151 S.W. 269, 272, 105 Ark. 380 (1912); State v. Reilly, 95 Atl. 1005, 1006, 88 N.J.Law 104 (1915); Harvey Walker, supra, ibid at 19, p. 346, which states: "The enacting clause is a short formal statement, appearing after the title, indicating that all which follows is to become law, and giving the authority by which the law is made. There is no excuse for not using it."; Title 1 USC § 101] [...and pari materia to all other state constitutions.]

25. [See: 73 Am.Jur.2d, Statutes, § 93, which states: "The almost unbroken custom for centuries has been to preface laws with a statement in some form declaring the enacting authority. The purpose of an enacting clause of a statute is to identify it as an act of legislation by expressing on its face the authority behind the law."; Sjoberg v. Security Savings & Loan Ass'n, 73 Minn. 203, 212-213 (1898), which states: "Written laws, in all times and all centuries, whether the edicts of absolute monarchs, decrees of King and Council, or the enactments of representative bodies, have almost invariably, in some form, expressed upon their face the authority by which they were promulgated or enacted. The almost unbroken Custom for Centuries has been to preface laws with a statement in some form declaring the enacting authority."; State v. Burrow, 104 S.W. 526, 529, 119 Tenn. 376 (1907), which states: "The propriety of an enacting clause in conformity to this ancient usage was recognized by several states of the Union after the American Revolution, when they came to adopt constitutions for their Governments, and without exception, so far as we can ascertain, express provision was made for the form to be used by the legislative department of the state in enacting laws."; cf. Title 1 USC § 101; Commonwealth v. Illinois Cent. R. Co., 170 S.W. 171, 175, 160 Ky. 745 (1914); State v. Kozer, 239 P. 805, 807 (Oregon 1925); Joiner v. State, 155 S.E.2d 8, 9, 223 Ga. 367 (1967); City of Carlyle v. Nicolay 165 N.E. 211, 216-217 (Ill. 1929); Cane v. Robbins, 131 P.2d 516, 518, 61 Nev. 416 (1942), which states: "A declaration of the enacting authority in law is a usage and custom of great antiquity... and a compulsory observance of it is found in sound reason."; Ruling Case Law, vol. 25, Statutes, § 22, p. 776, which states: "In recognition of this custom [of using an enacting clause], it has sometimes been declared that an enacting clause is necessary to the validity of a statute, though there no provision in the fundamental law requiring such a clause."; Cushing's Law and Practice of Legislative Assemblies (1819), § 2102, which states: "(2) Where the enacting words are not prescribed by a constitutional provision, the enacting authority must notwithstanding be stated, and any words which do this to a common understanding are doubtless sufficient, or the words may be prescribed by rule. In this respect much must depend on usage." 82 C.J.S., Statutes, § 65, p. 104, which states: "Although there is no constitutional provision requiring an enacting clause, such a clause has been held to be requisite to the validity of a legislative enactment."; Harry Bettenson, Documents of the Christian Church, 2nd ed., Oxford Univ. Press, 1963, p. 65; Select Documents of the English Constitutional History, edited by G. Adams and H. Stephens, MacMillian Co., London, 1926, p. 68, 124; Thorpe, Federal and State Constitutions, Washington, 1909, vol. I, p. 46; [George III, 1792) 32 George III.c.60; Documents of American History, edited by Henry S. Cummager, Appleton, N.Y., 1949, p.13, op. cit., p. 40]

26. [See: Nevada v. Rogers, 10 Nev. 250, 255, 256 (1875); approved: Caine v. Robbins, 131 P.2d S16, S18, 61 Nev. 416 (1942)]

27. [See: Morgan v. Murray, 328 P.2d 644, 654 (Mont. 1958), which states: "The enacting clause of a bill goes to the substance of that bill, it is not merely procedural."]

Page 15 of 30
Contract J3:16fGsltwthghobS                                    Certified True, Accurate and Complete

28. [See: Scudder v. Smith 331 Pa. 165, 200 A. 601, 604; McDowell v. People, 68 N.E. 379, 204 Ill. 499; Conley v. Texas Division of United Daughters of the Confederacy, Tex.Civ.App. 164 S.W. 24, 26; Ex parte Hague, 104 N.J.Eq. 31, 144 A. 546, 559; Chicago & N.P.R. Co. v. City Of Chicago, 51 N.E. 596, 598 (ill. 1898; Village of Altamont v. Baltimore & O.S.W. Ry. Co., 56 N.E. 340, 341, 184 Ill. 47; Van Hovenberg v. Holeman, 144 S.W.2d 718, 721, 261 Ark. 370 (1940); 73 Am.Jur.2d, Statutes, § 3, p.270, cases cited.]

29. [See: In re Seat of Government, 1 Wash. Ter. 115, 123 (1861), which states: "Strip this act of its outside appendages, leave it 'solitary and alone,' is it possible for any man to tell by what authority the seat of Government of Washington Territory was to be removed from Olympia to Vancouver? The [...] fact that the constitutions of so many states, made and perfected by the wisdom their greatest legal lights, contain a statement of an enacting clause, in which the power of the enacting authority is incorporated, is to our minds a strong, and powerful argument of its necessity. It is fortified and strengthened by the further fact that Congress, and other states, to say nothing of the English Parliament, have, by almost unbroken custom and usage, prefaced all their laws with some set form of words, in which is contained the enacting authority. Guided by the authority of such eminent jurists as Blackstone, Kent, and Cushing, and the precedents of national and state legislation, the Court arrives with satisfaction and consciousnesses of right in declaring, that where an act like the one now under consideration, is wanting in the essential formalities and solemnities which have been mentioned, it is inoperative and void, and of no binding force or effect."]

30. [See: State v. Naftalin, 74 N.W.2d 249, 261, 246 Minn. 181 (1956); Cunningham v. Great Southern Life Ins. Co., 66 S.W.2d 765, 773 (Tex.Civ.App.), which states: "Face has been defined as the surface of anything; especially the front, upper, or outer part of surface; that which particularly offers itself to the view of a spectator." cf. In re Stoneman, 146 N.Y.S. 172, 174, which states: 'The face of an instrument is shown by the language employed without any modification or addition from extrinsic facts of evidence.']

31. [See: Preckel v. Byrne, 243 N.W. 823, 826, 62 N.D. 356 (1932), which states: "The purpose of an enacting in legislation is to express in the face of the legislation itself the authority behind the act and identify it as an act of legislation." State v. Burrow, 104 S.W. 526, 529, 119 Tenn. 376 (1907), which states: "The purpose of provisions of this character [enacting clauses] is that all statutes may bear upon their faces a declaration of the sovereign authority by which they are enacted and declared to be the law, and to promote and preserve uniformity in legislation. Such clauses also import a command of obedience and clothe the statute with a certain dignity, believed in all times to command respect and aid in the enforcement of law."; People v. Dettenhalwer, 77 N.W. 450, 451, 118 Mich. 595 (1898), citing: Swan v. Bank 40 Miss. 268 (1866), which states: "It is necessary that every law should show on its face the authority by which it is adopted and promulgated, and that it should clearly appear that is intended by the legislative power that enacts it that it should take effect as law."; Sjoberg v. Security Saving & Loan Ass'n, 73 Minn. 203, 213, 75 N.W. 1116 (1898), which states: "If an enacting clause is useful and important, if it is desirable that laws shall bear upon their face the authority by which they are enacted, so that people who are to obey them need not search legislative and other records to ascertain the authority..."; Vinsant, Adm'x v. Knox 27 Ark. 266, 284, 285 (1871), which states: "[A] legislative act, when made, should be a written expression of the legislative will, in evidence, not only of the passage, but of the authority of the law-making power, is nearly or quite a self-evident proposition. Likewise, we regard it as necessary that every act, thus expressed, should show on its face the authority by which it was enacted and promulgated, in order that it should clearly appear, upon simple inspection of the written law, that it was intended by the legislative power, which enacted it, that it should take effect as law. These relate to the legislative authenticity of the legislative will. These are features by which courts of justice and the public are to judge of its authenticity and validity. These then, are essentials of the weightless importance, and the requirements of their observance, in the enacting and promulgation of laws, are imperative. Not the least important of these essentials is the style or enacting clause."]

33. [See: Joiner v. State, 155, S.E.2d 8, 10, 223 Ga. 367 (1967), in which the Supreme Court of Georgia; a State whose Constitution contains no express provision for using and employing enacting clauses upon the face of "bills/laws"; nevertheless, in considering an act containing no enacting clause, held the act to be: "...a nullity and of no force and effect as law.", for its lack/want of an enacting clause.; cf. Walden v. Town of Whigham, 48 S.E. 159, 120 Ga. 646 (1904); In re Swartz, 27 P. 839, 840, 47 Man. 157 (1891), which states: "The publication of an act of the legislature, omitting the enacting clause or any other essential part thereof, is no publication in law. The law not being in force when the indictment was found against the petitioner, nor when the acts complained of therein were done, the petitioner could not have been guilty of any crime under its provisions, and is therefore, so far as this indictment is concerned, entitled to his discharge."; State v. Kearns, 623 P.2d 507, 509, 229 Kan. 207 (1981), which states: "In [the case of] In re Swartz, Petitioner, 47 Kan. 157, 27 P. 839 (1891), this court found the act in question was invalid because it had been mistakenly published without an enacting clause. We again adhere to the dictates of the opinion."; Ruling Case Law, vol. 25, Statutes, § 133, p. 884, citing: L.R.A. 1915B, p. 1065, which states: "The publication of a statute without the enacting clause is no publication."; Commonwealth v. Illinois R. Co., 170 S.W. 171, 175, 160 Ky. 745 (1914), which states: "It will be noticed that the act does not contain an enacting clause.... The alleged act or law in question is unnamed; it shows no sign of authority; it carries with it no evidence that the General Assembly or any other lawmaking power is responsible or answerable for it."]

35. [See: Bouvier's Law Dictionary, Banks-Baldwin Law Pub., Cleveland 1948, p. 955] does change or effect anything regarding the nature of the statute/law contained therein aside from its weight of evidence; i.e., as "legal evidence," of the law therein. [See: United States v. Zuger, 602 F.Supp. 889, 891 (1984); Ryan v. Bilby, 764 F.2d 1325, 1328 (C.A. 9 (Ariz.) 1985)]

38. [See: Hornick v. Bethlehem Mines Corp., 161 A. 75, 77, 307 Pa. 264; Oko v. Krzyzanowski, 27 A.2d 414, 419, 150 Pa. Super. 205]

41. [See: Cane v. Robbins, 131 P.2d 516 S18 (Nev. 1942), which states: "[N]othing becomes a law simply and solely because men who possess the legislative power will that it shall be, unless they express their determination to that effect, in the mode pointed out by the instrument which invests them with power, and under all the forms which that instrument has rendered essential."; Vinsant Adm'x v. Knox, 27 Ark. 266, 277 (1871), which states: "These rules and solemnities, whether derived from the common law or prescribed by the Constitution, which are of the essentials of lawmaking, must be observed and complied with, and, without such observance and compliance, the will of the legislature can have no validity as law."]

44. [See: Title 1 USC § 101]

45. [See: Thomas M. Cooley, A Treatise on the Constitutional Limitations, Little, Brown & Co., Boston, 1883, p. 493, which states: "The proceedings in any court are void if it wants jurisdiction of the case in which it has assumed to act. Jurisdiction is, first, of the subject-matter; and, second, of the persons whose rights are to be passed upon."; 21 Am.Jur., Criminal Law, § 338, p. 558, which states: "To try a person for the commission of a crime, the trial court must have jurisdiction of both the subject-matter and the person of the defendant."]

46. [See: State v. Brown, 64 S.W.2d 841, 849 (Tenn. 1933), which states: "Personal jurisdiction, or the authority to judge a person, is primarily one of venue or procedure. Generally, if one is standing in a court, it has some degree of jurisdiction over the person. Thus, if one is named in suit, but is 'absent' from court by being either in prison or by escape, there is a want of jurisdiction over the person, and the Court cannot proceed with the trial."]

47. [See: Smith v. State, 148 S. 858, 860 (Ala. App. 1933); State v. Smith, 70 A.2d 175, 177, 7 N.J.Super. 85 (1949)]

48. [See: Stilwell v. Markman, 10 P..2d 15, 16 (Kan. 1932), which states: "The subject-matter of a criminal offense is the crime itself. Subject-matter in its broadest sense means the cause; the object, the thing in dispute."; Black's Law Dictionary, Rev. 4th Ed., 1968, p. 53 at ACTUAL, which states: "Real; substantial; existing presently in act, having a valid objective [of/or having to do with a material object as distinguished from a mental concept; having actual existence of reality] existence [as opposed to artificial; e.g. corporations, L.L.C.s, franchises, ens legis entities existing only in contemplation of/or by force of law; i.e., in the mind only, a mental concept, and its "by-laws' which are; ipso facto, artificial laws of the artificial entity existing only in contemplation of/or by force of law, a mental concept] as opposed to that which is merely theoretical or possible... Something real, in opposition to constructive or speculative." NOTE: bracketed material added by the Undersigned.]

Certified True, Accurate and Complete

49. [See: Brown v. State, 37 N.E.2d 73, 77 (Ind. 1941), which states: "Jurisdiction over the subject matter of action is essential to power of court to act, and is conferred only by constitution or by valid statute."]

50. [See: 22 C.J.S., Criminal Law, § 157, p. 189, citing: People v. Katrinak, 185 Cal.Rptr. 869, 136 Cal.App.2d 145 (1982), which states: "If a criminal statute is unconstitutional, the court lacks subject-matter jurisdiction and cannot proceed to try the case."]

51. [See: Kelley v. Meyers, 263 P. 903, 905 (Ore. 1928), which states: "If these sections are unconstitutional, the law is void and an offense created by them is not a crime and a conviction under them cannot be a legal cause of imprisonment, for no court can acquire jurisdiction to try a person for acts which are made criminal only by an unconstitutional law."; State v. Christensen, 329 N.W.2d 382, 383, 110 Wis.2d 538 (1983), which states: "Where the offense charged does not exist, the trial court lacks jurisdiction."; cf. State ex rel. Hansen v. Rigg, 104 N.W.2d 553, 258 Minn. 388 (1960)]

52. [See: Singleton v. Commonwealth, 208 S.W.2d 325, 327, 306 Ky. 454 (1948), which states: "The law creates courts and defines their powers. Consent cannot authorize a judge to do what the law has not given him the power to do."; cf. Brown v. State, 37 N.E.2d 73, 77 (Ind. 1941); 21 Am.Jur.2d, Criminal Law, § 339, p. 589, which states: "Jurisdiction of the subject matter is derived from the law. It can neither be waived nor conferred by consent of the accused. Objection to the court over the subject matter may be argued at any stage of the proceedings, and the right to make such an objection is never waived."; cf. Harris v. State, 82 A.2d 387, 389, 46 Del. 111 (1950); Matter of Green, 313 S.E.2d 193, 195 (N.C.App. 1984), which states: "It is elementary that the jurisdiction of the court over the subject-matter of the action is the most critical aspect of the court's authority to act. Without it, the court lacks any power to proceed; therefore, a defense based upon this lack cannot be waived and may be asserted at any time. Accordingly, the appellant may raise the issue of jurisdiction over the matter for the first time on appeal although they initially failed to raise the issue before the trial court."; cf. Monaco v. Carey Canadian Mines, Ltd., 514 F.Supp. 357 (D.C. PA 1981); Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531 (1970); Athens Community Hosp., Inc. v. Schweiker, 686 F.2d 989 (1982); Edwards on Behalf of Nagel v. Department of the Army, 545 F.Supp. 328 (1982); Zenith Radio Corp. v. Matsushita Elec. Indus. Co, Ltd., 494 F.Supp. 1161 (D.C.PA 1980); Basso v. Utah Power & Light Co., 494 F.2d 906, 910; Hill Top Developers v. Holiday Pines Service Corp., 478 So.2d 368 (Fla.2d DCA 1985); People v. McCarty, 445 N.E.2d 298, 304, 94 Ill.2d 28 (1983), (cases cited), which states: "Subject matter jurisdiction cannot be conferred by a guilty plea if it does not otherwise exist.... The guilty plea or verdict must confess some punishable offense to form the basis of a sentence. The effect of a plea or verdict of guilty is a record admission of whatever is well alleged in the indictment. If the latter is insufficient the plea or verdict confesses nothing."]

53. [See: State v. Dungan, 718 P.2d 1010, 1014, 149 Ariz. 357 (1985), which states: "When a criminal defendant is indicted under a not-yet-effective statute, the charging document is void."; cf. 42 C.J.S., Indictments and Information, § 1, p. 833; 22 C.J.S., Criminal Law, § 324, p. 390, which states: "The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court, ...and renders all proceedings prior to filing of a proper instrument void ab initio."; Ex parte Waldock, 286 P. 765, 766 (Okl. 1930), which states: "The allegations in the instrument or information determines the jurisdiction of the court."; People v. Hardiman, 347 N.W.2d 460, 462, 132 Mich. App. 382 (1984); 22 C.J.S., Criminal Law, § 157, p. 188, citing: People v. McCarty, 445 N.E.2d 298, 94 Ill.2d 28, which states: "Where an information charges no crime, the court lacks jurisdiction to try the accused, and a motion to quash the information or charge is always timely."; Honomichl V. State, 333 N.W.2d 797, 798 (S.D. 1983), which states: "Without a formal and sufficient indictment or information, a court does not acquire subject matter jurisdiction and thus an accused may not be punished for a crime."]

54. [See: Black's Law Dictionary, Rev. 4th Ed. (1968), p. 1131 at "MAY," case cites given.]

55. [See: Hooker v. Boles, 345 F.2d 285, 286 (1965), which states: "[N]o authority needs to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable, ...and without any force and effect whatever."; cf. Honomichl v. State, 333 N.W.2d 797, 799 (S.D. 1983); 21 C.J.S., Courts, § 18, p. 25, which states: "Where judicial tribunals have no jurisdiction of subject matter, the proceedings are void."; cf. People v. McKinnon, 326 N.W.2d 809, 812 (Mich. App. 1982); Elna Pfeffer, et al v. Alvin Meissner, et al., 286 S.W.2d 241 (1955); State ex rel. Latty, 907 S.W.2d 486; United States v. Boch Oldsmobile, Inc. 909 F.2d 657, 661 (1st Cir. 1990); Puphal v. Puphal, 105 Ida. 647; Burnham v. Superior Court of California, County of Marin, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); Wahl v. Round Valley Bank, 38 Ariz. 411, 300 P. 955 (1931); Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914); Milliken v. Mayer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940); Long v. Shorebank Development Corp., 182 F.3d 548 (C.A.7 Ill. 1999); Triad Energy Corp. v. McNell, 110 F.R.D. 382 (S.D.N.Y. 1986); F.R.Civ.P., Rule 60(b)(4), 28 U.S.C.A.; Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985) City of Los Angeles v. Morgan, 234 P.2d 319 (Cal.App. 1951); Ward v. Terrier, 386 P.2d 350 (Colo. 1963); Davidson Chevrolet, Inc. v. City and County of Denver, 330 P.2d 116, cert. den. 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed.2d 629 (Colo. 1958); People v. Wade, 506 N.W.2d 954 (Ill. 1987). Eckel v. MacNeal, 628 N.E.2d 741 (Ill.App. 1993); People v. Sales, 551 N.E.2d 1359 (Ill.App. 1990); Hays v. Louisiana Dock Co., 452 N.E.2d 1383: (Ill.App. 1983); Matter of Marriage of Welliver, 869 P.2d 653 (Kan 1994); In re Estate of Wells, 983 P.2d 279 (Kan 1999); Lange v. Johnson, 204 N.W.2d 205 (Minn. 1973); Mills v. Richardson, 81 S.E.2d (N.C. 1954); State v. Blankenship, 675 N.E.2d 1303 (Ohio App. 1996); State v. Richie, 20 S.W.2d 624 (Tenn. 2000); State ex rel. Dawson v. Bomar, 354 S.W.2d 763 (Tenn. 1962); Underwood v. Brown, 214 S.W.2d 168 (Tenn. 1951); Richardson v. Mitchell, 237 S.W.2d 577 (Tenn. App. 1950); State ex rel. Turner v. Briggs, 971 P.2d 581 (Wash. 1999); In re Adoption of E.L., 733 N.E.2d 846 (ill. App. 2000); B & C Investments, Inc v. F & M Nat. Bank & Trust, 903 P.2d 339 (Okl. 1995); People ex rel Brzica v. Village of Lake Barrington, 664 N.E.2d 66 (Ill. App. 1994)]

56. [See: Fewell v. Fewell, 23 Cal.2d 431, 144 P.2d 592, 594] [See: State ex rel. Latty v. Owens, 907 S.W.2d 484 486 (Tex 1995); Mapco, Inc. v. Forest, 795 S.W.2 700, 703 (Tex. 1990); Elna Pfeffer et al. v. Alvin Meissner, et al. 286 S.W.2d 241 (1955); Long v. Shorebank Development Corp., 182 F.3d 548 (C.A.7 Ill) 1999); People v. Wade, 506 N.W.2d 954 (Ill. 1987); People v. Sales. 551 N.E.2d 1359 (Ill.App. 1990); People v. Rolland, 581 N.E.2d 907 (Ill. App. 1991); State v. Richie, 20 S.W.2d 624 (Tenn. 2000); Rook v. Rook, 353 S.E.2d 756 (Va. 1987); State ex rel. Turner v. Briggs, 971 P.2d 581 (Wash. 2000); In re Adoption of E.L., 733 N.E.2d 846 (Ill. 2000); Irving v. Rodriquez, 169 N.E.2d 145 (Ill. App 1960); B & C Investments, Inc. v. F & M Nat. Bank & Trust, 903 P.2d 339 (Okl. 1995); People ex rel. Brzica v. Village of Lake Barrington, 664 N.E.2d 66 (Ill.App. 1994); Williamson v. Berry, 8 How 945, 12 L.Ed. 1170, 1189 (1850)]

57. [See: Black's Law Dictionary, Rev. 4th Ed. (1968), p. 723 at "FALSE PERSONATION" and "FALSE PRETENSES," pp. 788-789 at "FRAUD," p. 1713 at "USURPATION"; Pa.C.S.A. Title 18, Crimes Code," §4107; 4 Steph.Comm. 181, 290; 22 C.J.S., Criminal Law, § 150, p. 183; Harrigan v. Gilchrist, 99 N.W. 909, 934, 121 Wis. 127 (1904)]

58. [See: Mutual Life Ins. Co. v. Steckel, 216 Io. 1189 250 N.W. 476; Herbert v. Langhoff, La.App., 164 So. 262, 266]

59. [See: Joiner v. Joiner (Tex.Civ.App.) 87 S.W.2d 903, 914-915; Long v. Shorebank Development Corp., 182 F.3d 548 (C.A.7 Ill.) 1999); Rook v. Rook, 353 S.E.2d 756 (Va. 1987); Irving v. Rodriquez, 169 N.E.2d 145 (Ill. 1960); People ex rel. Brzica v. Village of Lake Barrington, 664 N.E.2d 66 (Ill. 1994)]

61. [See: Ex parte Seidel, 39 S.W.2d 221, 225 (Tex. 2001); Ex parte Williams, No. 73,845 (Tex. 2001); Ex parte Spaulding, 687 S.W.2d 745; Ex parte Myers, 121 Neb. 56, 236 N.W. 143, 144; Billy Dunklin v. A.J. Land, et ux., 297 S.W.2d 360 (1956); Williamson v. Berry, 8 How. 945, 12 L. Ed. 1170, 1189, (1850); Commander v. Bryan, 123 S.W.2d 1008 (Tex.Civ.App. 1938); Maury v. Turner, 244 S.W. 809 (Tex.Civ.App. 1922); Reynolds v. Volunteer State Life Ins. Co., 80 S.W.2d 1087, 1092 (Tex.Civ.App. 1935); Gentry v. Texas Department of Public Safety, 379 S.W.2d 114, 119, (Tex.Civ.App. 1964); Luben v. Selective Service System Local Bd. No. 27 et al., 453 F.2d 645, 649, 14 A.L.R. Fed. 298; 15 Fed.R.Serv.2d 865 (C.A. (Miss.) 1972); Hobbs v. US Office of Personal Management, F.Supp. 205, recons. den. 149 F.R.D. 147, afrmd. 29 F.2d 1145 (N.D. Ill. 1992); Ruben v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985); Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Civ.App. 1985); Allcock v. Allcock, 437 N.E.2d 392 (Ill.App. 1982); In re Marriage of Parks, 630 N.E.2d 509 (Ill.App. 1994); Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998); City of Lufkin v. McVicker, 510 S.W.2d 141 (Tex.Civ.App. 1973); Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App. 1951); In re Marriage of Hampshire, 261 Kan. 854, 862, 934 P.2d 58 (1997); Black's Law Dictionary, Rev. 4th Ed. (1968), p. 1745 at "VOID JUDGMENT"]

62. [See: Commander v. Bryan, 123 S.W.2d 1008 (Tex.Civ.App 1938); Maury v. Turner, 244 S.W. 809 (Tex.Civ.App. 1922); Garcia v. Garcia 712 P.2d 288 (Utah 1986); Lucas v. Estate of Stavos, 609 N.E.2d 1114 (Ind.App. 1933); Commonwealth v. Miller, 150 A.2d 585 (Pa.Super. 1959); Ex parte Meyers, 121 Neb. 56]

Certified True, Accurate and Complete

63. [See: 3 Bl. Comm. 38] [See: Ex parte Williams, No. 73,845 (Tex.Civ.App. 2001); Ex parte Shields, 550 S.W.2d 675; Glunz v. Hernandez, 908 S.W.2d 253, 255 (Tex.App. 1995); Tidwell v. Tidwell, 604 S.W.2d 540, 542 (Tex.Civ.App. 1980); Billy Dunklin v. A.J. Land, et ux., 297 S.W.2d 360 (1956); Reynolds v. Volunteer State Life Ins. Co., 80 S.W. 2d 1087 (Tex.Civ.App. 1935); Gentry v. Texas Department of Public Safety, 379 S.W.2d 114, 119 (Tex.Civ.App. 1965); Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999); People v. Wade, 506 N.W.2d 954 (Ill. 1987); People v. Sales, 551 N.E.2d 1359 (Ill.App. 1990); People v. Rolland, 581 N.E.2d 907 (Ill.App 1991); City of Lufkin v. McVicker, 510 S.W.2d 141 (Tex.Civ.App. 1973); Irving v. Rodriquez, 169 N.E.2d 145 (Ill.App 1960); In re Estate of Steinfield, 630 N.E.2d 801; People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill. App. 1994); Sanchez v. Hester, 911 S.W.2d 173 (Tex.App. 1995); 46 Am.Jur.2d, Judgments, §25, pp. 388-389; John M. VanFleet, The Law of Collateral Attack on Judicial Proceedings, Callagham & Co., Chicago, 1892, p.25]

64. [See: Glunz v. Hernandez, 908 S.W.2d 253, 255, and see fn. 1 therein (Tex.Civ. App. 1995); Davis v. Boone, 786 S.W.2d 85, 87 (Tex.App. 1990)]

65. [See: Greenidge, The Legal Procedures of Cicero's Time, Intro, 1 (Oxford 1901); Poyser v. Minors, 7 Q.B.Div. 329, 333 (1881); Maine, Ancient Law, ch. V; Roman Private Law. Founded on the Institutes of Gauis and Justian, 2nd Ed. 1930, Macmillan & Co., Ltd., St. Martin's Street, London, wherein it states: "This is what Sir Henry Maine means by saying that the progress of society is from status to contract...Wherein a modern society ...the ordinary citizen is free to alter his legal position by express contract."]

66. [See: Glunz v. Hernandez, 908 S.W.2d 253, 255, fn. 1 (Tex.App. 1995); F.R. Civ. P. Rule 60(b) re "independent action"]

68. [See: Melo v. U.S., 505 F.2d 1026; Joyce v. U.S., 474 F.2d 215; Rosemond v. Lambert, 469 F.2d 416;. Lantana v. Hopper, 102 F.2d 188; Chicago v. New York, 37 F.Supp. 150; Stuck v. Medical Examiners, 94 Ca.2d 751, 211 P.2d 389; Maine v. Thiboutot, 100 S.Ct. 250; Hagans v. Lavine, 415 U.S. 533]

69. [See: Thomas, 906 S.W.2d 262; Harrison v. Whiteley, 6 S.W.2d 89 (Tex.Civ.App.); Neugent v. Neugent, 270 S.W.2d 223; Bridgham v. Moore, 143 Tex. 250, 183 S.W.2d 705, 707; Orner v. Shalala, 30 F.3d 1307, 1310 (C.A. 10 (Colo.) 1994), quoting V.T.A., Inc. v. Airco Inc., 597 F.2d 220, 224, n. 8 (C.A. 10 (Colo.) 1994); Athens Community Hospital, Inc. v. Schweiker, 686 F.2d 989 (1982), F.R.Civ.P., Rule 12(h); Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D.Fla. 1980); Rubin v. Jones, 109 F.R.D. 174 (D. Virgin Islands 1985); Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Civ.App. 1985); Allcock v. Allcock, 437 N.E.2d 392 (Ill.App. 1982); In re Marriage of Parks, 630 N.E.2d 509, 122 Ill.App.3d 905, 909 (1984); Stidham v. Whelchel, 698 N.E.2d 1152 (Ind.1998); Graff v. Kelly, 814 P.2d 489 (Okl. 1991); In re Marriage of Hampshire, 261 Kan. 854, 862, 934 P.2d 50 (1997)]

70. [See: Holder v. Scott, 396 S.W.2d 906 (Tex.Civ.App. 1965)]

71. [See: Kocher v. Dow Chemical Co., 132 F.2d 1225, 1230-1231; 39 Fed.R.Serv.3d 1148 (C.A. 8 (Minn. 1997)]

73. [See: United States v. U.S. Fidelity & Guarantee Co., 24 F.Supp. 961, 966 (1938), which states: "The test of jurisdiction is the right to decide, not right decision. Judgments of courts, which at the time the judgments were rendered had no jurisdiction, are absolutely void, and may be attacked and defeated collaterally."; cf. 47 Am.Jur.2d, Judgments, §916]

74. [See: Ralph v. Police Court of City of El Cerrito, 190 P.2d 632, 634, 84 Ca.App.2d 257 (1948)]

75. [See: Garcia v. Dial, 596 S.W.2d 524, 528 (Tex.Civ.App. 1980), which states: "Lack of jurisdiction and the improper exercise of jurisdiction are vitally different concepts. ...Where the court is without jurisdiction it has no authority to render any judgment other than one of dismissal."; 22 C.J.S., Criminal Law, § 150, p.183, which states: "Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction, and a usurpation thereof is a nullity."; Harriigan v. Gilchrist, 99 N.W. 909, 934, 121 Wis. 127 (1904), which states: "If [excessive exercise of authority] has reference to want of power over the subject matter, the judgment is void when challenged directly or collaterally. If it has reference merely to the judicial method of the exercise of power, the result is binding upon the parties to the litigation until reversed ... The former is usurpation; the latter error in judgment."; Voorhees v. The Bank of the United States, 35 U.S. 449, 474 (1836), which states: "The line which separates error in judgment from the usurpation of power is very definite."]

77. [See: Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347 (1935), which states: "The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of."; Silver v. Louisville & Nashville R.R. Co., 213 U.S. 175, 193 (1908), which states: "Where a case in this court can be decided without reference to questions arising under the Federal Constitution, that course is usually pursued."; cf. Light v. United States, 222 U.S. 523, 538 (1910); Panama R.R. Co. v. Johnson, 264 U.S. 375, 390 (1928), which states: "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score."; cf. United States v. Standard Brewery, 251 U.S. 210, 220 (1919); Hagans v. Levine, 415 U.S. 533, 547 (1973), which states: "[The ordinary rule [is] that a federal court should not decide federal constitutional questions where a dispositive un/non-constitutional ground is available."; Kurtz v. Erie, 389 pa. 557, 565, 133 A.2d 172, 176 (1957); Fortson v. Commonwealth, Crime Victim's Compensation Board, 512 A.2d 734, 738 (Pa.Comm. 1986)]

79. [See: H.R. 3190 (80th Congress, 1947-1948). Pub.L. 80-772; specifically April 24, 1947, H.R. Rep. No. 304, 80th Cong., 1st Sess., 100 app. (1947); 93 Cong. Rec. 5048-49, 5121; May 12, 1947, 93 Cong. Rec. 5049 (no quorum present, cf. U.S. Cons. Art. I, § 5, cl. 1, Art. I, § 7, cl. 2); S. Con. Res. 33, 93 Cong. Rec. 10522, 10439, July 26, 1947; 94 cong. Rec. 8075, June 14, 1948; S. Rep. 1620, 80th Cong., 2d Sess. 2430, June 18, 1948; 94 Cong. Rec. 8864; Daily Digest, 94 Cong. Rec. D556-557, 80th Cngress, June 18, 1948; 94 Cong. Rec. 8864-65: see S. Rept. 1620, 80th Cong., 2d Sess. 2430 (1948); 94 Cong. Rec. 9158; 94 Cong. Rec. 9354, 9363, 9365, June 19, 1948; and 94 cong. Rec. 9367, June 25, 1947.]

87. [See: 73 C.J.S., Public Administrative Law and Procedures, § 10, p. 372, citing: Parker v. Unemployment Compensation Commission, 214 S.W.2d 529, 358 Mo. 365, which states: "The powers granted to an administrative body may be such as to establish it as a legal entity, and, although not expressly declared to be a corporation, it may be considered a public quasi corporation."; Texas & Pacific Railway v. Interstate Commerce Commission, 162 U.S. 197 (1895), which states: "The Interstate Commerce Commission is a body corporate, with legal capacity to be a party plaintiff or defendant in the Federal courts."; 2 Am.Jur.2d, Administrative Law, § 32, p.56, which states: "Some administrative agencies are corporate bodies with legal capacity to sue and be sued."]

93. [See: Frisbe v. United States, 157 U.S. 160, 165; 39 L.Ed. 657 (U.S.La. 1895), which states: "The very act of pleading to it [an indictment] admits its geniuses as a record."; Koscielski v. State, 158 N.E. 902, 903 (Ind. 1927), which states: "The plea forms the issue to be tried, without which there is nothing before the court or jury for trial."; cf. Andrews v. State, 146 N.E. 817, 196 Ind. 12 (1925); State v. Acton, 160 A. 217, 218 (N.J. 1932); United States v. Aurandt, 107 P. 1064, 1065 (N.M. 1910)]

97. [See: Constitution of/for the United States of America (1789, as amended 1791) Art. I, § 8, cl. 3 and 18; accord specifically THE ACT OF MARCH 9TH, 1933 AND Titles 4, 7, 11, 12, 15, 16, 18, 28 and 42 USC; Title 27 CFR § 72.11; and United States v. Volungus, 595 F.3d 1. 4-5 (1st Cir. 2010); United States v. Pierson, 139 F.3d 501, 503 (5th Cir.), cert. denied, 525 US 896, 142 L Ed 2d 181, 119 S Ct 220, 1998 U.S. LEXIS 5985 (1998).]

99. [See: In re Self v. Rhay, 61 Wash.2d 261, 264, 265, 377 P.2d 885 (1963); cf. Oakley v. Aspinwall, 3 N.Y. 547, 568; Village of Ridgefield Park v. Bergen Co. Bd. of Tax, 162 A.2d 132, 134, 135, 65 N.J.Super. 133 (1960), citing: State v. Burrow, 104 S.W. 526, 527, 119 Tenn. 376 (1907)]

102. [See: State v. Doherty, 60 Maine 504, 509 (1872), which states: "The expressions 'due process of law' and 'law of the land' have the same meaning... The 'law' intended by the constitution is the common law that was handed down to us from our forefathers, as it existed and was understood and administered when that instrument was framed and adopted."]

103. [See: U.S. Const. 4th Amendment; Walter Anderson, A Treatise on the Law of Sheriffs, Coroners, and Constables, vol. I, § 166, p. 160 (1941), which states: "Heed should ever be paid to the voice of common law as it has echoed down through the ages, loudly proclaiming in the interests of the rights of the citizen, that it must not be forgotten that there can be no arrests without due process of law..."]

104. [See: 6 R.C.L., § 434, which states: "...it is clear that the common law is the foundation of which is designated as due process of law.']

105. [See: Constitution of/for the United States of America (1789, as amended 1791) article in amendment V; Thomas Cooley, Constitutional Limitations, 364 and notes]

106. [See: Murray's Lessee v. Hoboken Imp. Co., 18 How (U.S.) 272, 276 (1855), which states: "It is manifest it was not left to the legislative power to enact any process which might be devised. The [due process] article is a restraint on the legislative as well as the executive and judicial powers of Government, and cannot be so construed as to leave congress free to make any process 'due process,' by its mere will."; State ex rel. v. Billings, 55 Minn. 466, 474 (1893)]

108. [See: Twining v. New Jersey, 211 U.S. 78, 100 (1908)]

112. [See: 4 Bl .Comm. 292]

113. [See: 2 R.C.L, Constitutional Requirements as to Warrants, § 21, p. 463, which states: "[T]he fundamental constitutional guarantees of personal liberty protect private individuals in the right of enjoyment of personal freedom without unlawful restraint, and it is universally recognized that no one may be arrested except by due process of law."]

115. [See: Testolin v. State, 205 N.H. 825 (Wis. 1925)]

116. [See: Alexander v. Lindsey, 230 N.C. 663, 55 S.E.2d 470, 474 (1949), which states: "In 6 C.J.S., Arrest, § 4, p. 576 et seq., we find the general rule stated as follows: 'The warrant must at the time of arrest be in the possession of and with the person purporting to act there under or of one with whom he is acting in conjunction... Accordingly, where the warrant is at the officer's house some distance from the scene of arrest, or in the hands of another who is not at the scene of arrest, or in the central office of a city detective bureau, the arrest is unlawful.'"]

117. [See: State v. Shaw, 104 S.C. 359, 89 S.E. 322, 323 (1916); O'Halloran v. M'Guirk, 167 F. 493, 495, 93 C.C.A. 129 (1909); People v. Fischetti; 273 Ill.App. 215 (1933); Crosswhite v. Barnes, 139 Va. 471, 124 S.E. 242, 245 (1924), which states: "The text-books generally state, and many cases hold, that it is necessary not only that a warrant of arrest should have been issued, but that the officer making the arrest shall have it with him and show it on request... In 1 Bish. New Crim. Proc. § 190, it is said, 'To justify an arrest under a warrant, the officer must have it in possession; and, if though delivered to him, he leaves it at his office or station house, it will not protect him.'", NOTE: This court in deciding the matter of Crosswhite v. Barnes, also referred to, and relied upon, a previous case in Virginia; i.e. Muscoe v. Commonwealth, 86 Va. 443, 10 S. 534 (1890), wherein a policeman undertook to arrest Muscoe for a past misdemeanor, without warrant, and was shot and killed by Muscoe. Muscoe was convicted of murder and in the appeal; the court reversed the conviction stating: "Indeed, not only must there be a warrant in the class of cases last mentioned [misdemeanors], but, to justify the arrest, the officer must have the warrant with him at the time."]

118. [See: Smith v. State, 208 So.2d 746, 747 (Miss. 1968)]

119. [See: Walter H. Anderson, A Treatise on the Law of Sheriffs, Coroners, and Constables, vol. I, § 133, p. 128 (1941), which states: "Where arrest is being made under the authority of a warrant, the officer attempting to execute same, and arrest the party named therein, must be in possession of said warrant or it affords him no protection. The necessity for the possession of the warrant is not relaxed by reason of the fact the party to be arrested knows of the issuance and existence of such warrant for his arrest."]

120. [See: Smith v. State, 208 So.2d 746, 747 (Miss. 1968) wherein the Supreme Court of Mississippi stated that the warrant must be in the actual possession of the officer; and: "...he must show it to the accused, if requested to do so."; State v. Shaw, 104 S.C. 359, 89 S.E. 322 (1916), wherein the court stated the reason the warrant is to be in the actual possession of the arresting party is that: "... if demanded, he produce the warrant and read it to the accused, that he may know by what authority and for what cause he is deprived of his liberty."; Crosswhite v. Barnes, 139 Va. 471, 124 S.E. 242, 245 (1924), wherein a number of authorities in support are cited; e.g., "In the annotator's summary of the note in 42 A.L.R. at page 682, it is said: 'An accused person, if he demands it, is entitled to have the warrant for his arrest shown to him at the time of arrest. (See also 51 A.L.R. 211]'"; Frost v. Thomas, 24 Wend. 418, 419 (1840), which states: "A special deputy is bound to show his warrant if requested to do so, and if he omit, the party against who the warrant is may resist an arrest, and the warrant under such circumstances is no protection against an action for assault, battery and false imprisonment."; People v. Shanley, 40 Hun. 477, 478 (1886), which states: "[I]f the officer must show the warrant, if required, then it is plain that it must be in his actual possession. It would be absurd to construe this to mean that after making the arrest the officer must, if required, take the defendant to some other place and there show him the warrant."; State v. Phinney, 42 Me. 384 (1856), wherein it was stated that it is very important in all cases where an arrest has been made by virtue of a warrant that: "...the warrant should be produced if demanded."; Shovlin v. Commonwealth, 106 Pa. 369, 5 Am.Cr.Rep. 41 (1884), which states: "It is doubtless the duty of an officer who executes a warrant of arrest to state the nature and substance of the process which gives him the authority he professes to exercises, and, if it is demanded, to exhibit his warrant, that the party arrested may have no excuse for resistance."; Jones v. State, 114 Ga. 79, 39 S.E. 861 (1901), wherein it was held by the court that a constable was not justified in attempting to arrest the defendant under a warrant which was in the sheriff's hands. The court stated: "... it was the duty of an officer who attempts to make an arrest to exhibit the warrant if he has one."]

121. [See: Adams v. State, 121 Ga. 163, 48 S.E. 910, 911 (1904), which states: "in Gaillard v. Laxton, 2 Best & S. 363, 9 Cox C.C. 127, it was held that in a case in which a lawful arrest could not be made except under a warrant the arresting officers were bound to have the warrant ready to be produced if required; that an arrest in such a case by police officers who did not have the warrant in the possession at the time was illegal."]

122. [See: Cabell v. Arnold, 86 Tex. 102, 23 S.W. 645, 646 (1893), which states: "It ought not to be denied that the law contemplates that the warrant directing the arrest of a person charged with a crime will be in the possession of the officer when he makes the arrest under it, for if he is required to exhibit it, if called upon to do so; and this is based on a wise public policy, one purpose of which is that the officer may have to exhibit such evidence of his authority to make the arrest as will be deemed sufficient to take from the person whose arrest is commanded all right to question the authority of the officer."]

123. [See: Smith v. Clark, 53 N.J.L. 197, 21 A. 491 (1891), citing: Webb v. State, 51 N.J.L. 189, 17 A. 113, which states: "We think the authorities ...are all to the effect that the officer making the arrest must be in a situation to show, if required, the authority under which he is acting. It is the legal right of the citizen when arrested that such shall be the situation; and, therefore, when such situation does not exist that arrest is a legal wrong."; 2 R.C.L., Arrest, § 23, pp. 465-466, which states: "Every person relying upon a warrant in making an arrest should read it if requested so to do,... Where a warrant is necessary but the person making the arrest refuses to exhibit it when called upon to do so ...he may forfeit the protection which it otherwise would afford him."; 40 A.L.R., Annotated, p. 66, which states: "The weight of authority now, however, seems to support the proposition that an officer making an arrest under a warrant should show the warrant, if requested to do so, and in some jurisdictions he is expressly required by statute to do so."]

125. [See: Commonwealth v. Cooley, 6 Gray 350 (1856); Shovlin v. Commonwealth, 106 Pa. 369, 5 Am.Cr.Rep. 41 (1884), which states: "It is doubtless the duty of an officer who executes a warrant of arrest to state the nature and substance of the process which gives him the authority he professes to exercise, and, if it is demanded, to exhibit his warrant, that the party arrested may have no excuse for resistance."]

126. [See: 70 Am.Jur.2d, Sheriffs, Police, and Constables, § 165, pp. 353-354, which states: "Process that is void on its face is no protection to the officer who executes it. If a warrant, order, or writ of possession shows lack of jurisdiction of the court, the officer is not protected in serving it. In fact, in so doing he becomes a trespasser."; Lawyers Reports Annotated, vol. 51, p. 197, citing: Poulk v. Slocum, 3 Black (Ind.) 421]

128. [See: 5 Am.Jur.2d, Arrest, § 7, p. 700]

129. [See: 51 L.R.A. 197, citing: Frazier v. Turner, 76 Wis. 562, 45 N.W. 411; Carratt v. Morley, 1 Q.B. 18, 1 Gale & Dav. 45]

131. [See: Liberis v. Harper, 89 Fla. 477, 104 So. 853, 855, which states: "An affidavit that does not appear to have been sworn before any judicial officer, and a warrant signed only by the officer who made the arrest and not dated or authenticated, afford no lawful authority for the arrest and detention of an accused."; cf. 5 Am.Jur.2d, Arrest, § 12, p. 705]

132. [See: State v. Paulick, 277 Minn. 140, 151 N.W.2d 591, 596 (1967), which states: "The United States Supreme Court has considered and disposed of a related problem in Camara v. Municipal Court, 387 U.S. 523, 541... The majority in Camara nevertheless stressed the need for 'individual review' by a 'neutral magistrate' to avoid the issuance of 'rubber stamp warrants.'; Cox v. Perkins, 107 S.E. 863, 865 (Ga. 1921)]

Page 19 of 30

Contract J3:16fGsltwthghobS                                Certified True, Accurate and Complete

133. [See: Wharton's Criminal Procedure, 12th Ed., vol. I, § 54, p. 152 (1974), citing: Go-Bart Imp. Co. v. United States. 282 U.S. 344, 355 (1930); Ex parte Burford, 7 U.S. 448, 451 (1806); Smith v. Clark, 37 U. 116, 106 P. 653 (1910)]

134. [See: Oelk v. Commonwealth, 166 Ky. 39, 178 S.W. 1129 (1915); Moser v. Fulk, 237 N.C. 302, 74 S.E.2d 729 (1953); 2 R.C.L., Arrest, § 17, p. 460, citing: Brown v. Hadwin, 182 Mich. 491, 148 N.W. 693 (1914), wherein the rule on sufficiency of a charge on which a warrant can issue is stated as follows: "The complaint or charge on which a warrant is issued must set forth the facts constituting the offense on the knowledge of the person making the complaint, and if he does not know them other witnesses must be examined who do know them; and no person can be arrested on the mere belief of the person making the complaint."]

135. [See: 5 Am.Jur.2d, Arrest, § 8, p. 702]

136. [See: Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245 (1957); The State v. Gleason, 32 Kan. 245, 251 (1884), which states: "If a warrant, in the first instance, may issue upon mere hearsay or belief, than all the guards of the common law and the bill of rights, to protect the liberty and property of the citizen against arbitrary power, are swept away."]

137. [See: 61 A.L.R., Annotated, pp. 377-379; Housh v. People, 75 Ill. 487 (1897)]

138. [See: Tiedeman, Limitations of Police Power, p. 83, citing: Grumon v. Raymond, 1 Conn. 39; Clayton v. Scott, 45 Vt. 386]

142. [See: 1 A.L.R., Annotated, 586; 5 Am.Jur.2d, Arrest, § 2, p. 697]

146. [See: Giddens v. State, 154 Ga. 54, 113 S.E. 386, 388 (1922)]

147. [See: McAleer v. Good, 216 Pa. 473, 63 A. 934, 935 (1907)]

149. [See: Johnson v. Norfolk & W. Ry. Co., 82 W.Va. 692, 97 S.E. 189, 191 (1918)]

150. [See: Turney v. Rhodes, 42 Ga.App. 104, 155 SE. 112 (1930), which states: "Any restraint, however slight, upon another's liberty to come and go as he pleases, constitutes an arrest."]

151. [See: People v. McGrew, 77 Cal. 570, 20 P. 92 (1888); Knight v. Baker, 117 Ore. 492, 244 P. 543, 544 (1926)]

152. [See: Sergeant v. Watson Bros. Transp. Co., 244 Ia. 185, 52 N.W.2d 86, 92, 93 (1952), citing: Maxwell v. Maxwell, 189 Ia. 7, 177 N.W. 541 (1920), which states: "False Imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion... The good faith of the actor is not justification, nor is the want of probable cause an essential element, as in the case of malicious prosecution."; Bean v. Best, 77 S.D. 433, 93 N.W.2d 403 (1958); Carter v. Casey, 153 S.W.2d 744, 746 (Mo. 1941), which states: "It is well settled law the want of reasonable or probable cause and the want of malice are elements not entering into the action of false imprisonment in so far as actual damages are concerned."; Daniels v. Milstead, 221 Ala. 353, 128 So. 447, 448 (1930), which states: "In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith will not justify or excuse the trespass."; cf. De Armond v. Saunders, 243 Ala. 263, 9 So.2d 747, 751 (1942); Holland v. Lutz, 194 Kan. 712, 401 P.2d 1015, 1019 (1965), which states: "The motive with which a restraint of liberty is accomplished, be it evil or good, is irrelevant to the question of whether or not an unlawful arrest has been established. The existence of actual malice is of consequence only as it may afford the basis for punitive damages. In Garnier v. Squires, 62 Kan. 321, 62 P. 1005, the court said: 'As will be seen, malice and willfulness are not essential elements of false imprisonment; and motives of the defendant, whatever they may have been, are not material to the case.'"; Maha v. Adam, 144 Md. 335, 124 A. 901, 905 (1924), which states: "In false imprisonment suits, ...the essence of the tort consists in depriving the plaintiff of his liberty without lawful justification, and the good or evil intention of the defendant does not excuse or create the tort. 11 R.C.L. 791 ...Any deprivation by one person of the liberty of another without his consent, constitutes an imprisonment, and if this is done unlawfully, it is false imprisonment, without regard to whether it is done with or without probable cause."; Ehrhardt v. Wells Fargo & Co., 134 Minn. 58, 158 N.W. 721, 722 (1916); Swafford v. Vermillion, 261 P.2d 187 (Okl. 1953); 35 C.J.S., False Imprisonment, §7, p. 631; 32 Am.Jur., False Imprisonment, §§6, 7, p. 64, §114, p. 178; Hostettler v. Carter, 175 P. 244, 246 (Okl. 1918); Markey v. Griffin, 109 Ill.App. 212 (1903); Southern Ry. Co. in Kentucky v. Shirley, 121 Ky. 863, 90 SW. 597, 599 (1906), which states: "In Starkie's Evid. 1112, it is said: 'No proof of malice or want of probable cause is necessary to make a case for false imprisonment.'"]

153. [See: Carter v. Casey, 153 S.W.2d 744, 746 (Mo. 1941) (numerous cases cited); Ehrhardt v. Wells Fargo & Co., 134 Minn. 58, 158 N.W. 721, 722 (1916); Swafford v. Vermillian, 261 P.2d 187 (Okl. 1953); 35 C.J.S., False Imprisonment, § 7, p. 631; 32 Am.Jur., False Imprisonment, §§ 6, 7, p. 64, § 114, p. 178; Hostettler v. Carter, 175 p. 244, 246 (Okl. 1918)]

154. [See: Markey v. Griffin, 109 Ill.App. 212 (1903), which states: "In an action for trespass and false imprisonment, probable cause and the absence of malice constitute no defense... In this form of action belief in the guilt of the party arrested, no matter how strong or well founded in the mind of the officer or person making the arrest, will not justify the deprivation of another of his liberty; and it is unimportant whether the circumstances would lead a reasonable or prudent person to believe that the accused was actually guilty."]

155. [See: Hill v. Wyrosdick, 216 Ala. 235, 113 So. 49, 50 (1927)]

156. [See: Kraft v. Montgomery Ward & Co., 348 P.2d 239, 243 (Ore. 1959)]

157. [See: Sergeant v. Watson Bros. Transp. Co., 244 Ia. 185, 52 N.W.2d 86, 92, 93 (1952), citing: Neves v. Costa, 5 Cal.App. 111, 89 P. 860 (1907); Halliburton - Abbott Co. v. Hodge, 44 P.2d 122, 125 (Okl. 1935), which states: "The guilt of the plaintiff is not material."; Michigan Law Review, vol. 31, April, 1933, p. 750 (numerous cases cited), which states: "An arrest is unlawful, even though the arrestee be guilty of a felony, if the officer had not reasonable ground to believe him guilty. Thus, neither the guilt nor innocence of the person arrested has anything to do with the legality of the arrest; Riegel v. Hygrade Seed Co., 47 F.Supp. 290, 293 (1942), wherein it was held that the termination of a prior proceeding in favor of the one deprived of his liberty is not material to his suit; cf. Thompson v. Farmer's Exchange Bank, 62 S.W.2d 803, 810 (Mo. 1933); 25 A.L.R., annotations, p. 1518]

158. [See: Hotzel v. Simmons, 258 W. 234, 45 N.W.2d 683, 687 (1951); Anderson v. Foster, 73 Ida. 340, 252 P.2d 199, 202 (1953); Meints v. Huntington, 276 Fed. 245, 250 (1921), which states: "We are of opinion that the law does not permit the citizen to consent to unlawful restraint, nor permit such a claim to be made upon the part of the defendants. In Wharton on Criminal Law, vol. 1, § 751e, it is said: 'No man has a right to take away another's liberty, even though with consent, except by process of law. And the reason is, that liberty is an unalienable prerogative of which no man can divest himself, and of which any divestiture is null.'"]

159. [See: Town of Blacksburg v. Bean, 104 S.C. 146, 88 S.E. 441 (1916), which states: "Common as the event may be, it is a serious thing to arrest a citizen, and it is a more serious thing to search his person; and he who accomplishes it, must do so in conformity to the laws of the land. There are two reasons for this; one to avoid bloodshed, and the other to preserve the liberty of the citizen. Obedience to law is the bond of society, and the officers set to enforce the law are not exempt from its mandates."; 6A C.J.S., Arrest, § 16, p. 30, which states: "A sheriff who acts without process, or under a process void on its face, in doing such act, he is not to be considered an officer but a personal trespasser."; Roberts v. Dean, 187 So. 571, 575 (Fla. 1939); Allen v. State, 197 N.W. 808, 810-811 (Wis. 1924); Graham v. State, 143 Ga. 440, 85 SE. 328, 331 (1915), which states: "A citizen arrested has a right to resist force in proportion to that being used to detain him. An unlawful arrest is an assault and battery or a graver offense."; State v. Robinson, 145 Me. 77, 72 A.2d 260, 262 (1950), which states: "An illegal arrest is an assault and battery. The person so attempted to be restrained of his liberty has the same right, and only the same right, to use force in defending himself as he would in repelling any other assault and battery."; State v. Gum, 68 W.Va. 105, 69 S.E. 463, 464 (1910), which states: "What rights then has a citizen in resisting an unlawful arrest? An arrest without warrant is a trespass, an unlawful assault upon the person, and how far one thus unlawfully assaulted may go in resistance is to be determined, as in other cases of assault. Life and liberty are regarded as standing substantially on one foundation; life being useless without liberty. And the authorities are uniform that where one is about to be unlawfully deprived of his liberty he may resist the aggressions of the offender, whether of a private citizen or a public officer, to the extent of taking the life of the assailant, if that be necessary to preserve his own life, or prevent infliction upon him of some great bodily harm."; State v. Mobley, 240 N.C. 476, 83

Certified True, Accurate and Complete

S.E.2d^100, 102 (1954) (authorities cited therein), which states: "The offense of resisting arrest, both at common law and under statute, presupposes a lawful arrest. It is axiomatic that every person has the right to resist an unlawful arrest. In such case, the person attempting the arrest stands in the position of wrongdoer and may be resisted by the use of force, as in self-defense."; Wilkinson v. State, 143 Miss. 324, 108 So. 711, 712-713 (1926)]

160. [See: City of Columbus v. Holmes, 152 N.E.2d 301, 306 (Ohio App. 1958), which states: "What of the resistance to arrest?  The authorities are in agreement that since the right of personal property is one of the fundamental rights guaranteed by the Constitution, any unlawful interference with it may be resisted and every person has a right to resist an unlawful arrest."]

162. [See: John Bad Elk v. United States, 177 U.S. 529, 534-535 (1899); Caperton v. Commonwealth, 189 Ky. 652, 655, 225 S.W. 481, 483 (1920)]

163. [See: People v. Bart, 51 Mich. 199, 202, 16 N.W. 378 (1883), which states: "No one, whether private or officer, has any right to make an arrest without warrant in the absence of actual belief, based on actual facts creating probable cause of guilt.  Suspicion without cause can never be an excuse for such action.  The two must both exist, and be reasonably well founded."]

164. [See: Snead v. Bonnoll, 63 N.Y.Supp. 553, 555, 97 N.Y.St.Rep. (1900), which states: "[An officer] cannot arrest a man for one cause, and when that cause is exploded [defeated] justify for another. Such a doctrine would be incentive to the loosest practices on the part of police officers, and a dangerous extension of their sufficiently great powers.  They cannot arrest without an apparent or disclosed cause, to be justified thereafter by whatever may turn up... You cannot arrest a man merely because, if all were known, he would be arrestable.  You must arrest him for some specified cause, and you must justify for that cause."]

167. [See: Henry v. United States, 361 U.S. 98, 104 (1959), which states: "It is better, so the Fourth Amendment teaches, that the guilty sometimes go free than that citizens be subject to easy arrest."; NOTE: Sir William Blackstone stated: "It is better that ten guilty persons escape than one innocent suffer."; Sarah Way's Case, 41 Mich. 299, 305, 1 N.W. 1021 (1879), which states: "Official illegality is quite as reprehensible as private violations of the law.  The law of the land must be accepted by every one as the only rule which can be allowed to govern the liberties of citizens, whatever may be their ill desert."]

168. [See: Radloff v.  National Food Stores, Inc., 20 Wis.2d 224, 121 N.W.2d 865, 867, which states: "In Stittgen v. Rundell, (1898), 99 Wis. 78, 80, 74 N.W. 536, this court established the principle that 'An arrest without a warrant has never been lawful except in those cases where the public security requires it; and this has only been recognized in felony, and in breaches of the peace committed in the presence of the officer.'" NOTE: This rule was reaffirmed in Gunderson v. Stuebing, 125 Wis. 173, 104 N.W. 149 (1905); A.L.R., Annotated, 585; Ex parte Rhodes, 202 Ala. 68, 79 So. 462, 464 (1918); State v. Mobley, 204 N.C. 476, 83 S.E.2d 100, 102 (1954), which states: "It has always been the general rule of the common law that ordinarily an arrest should not be made without warrant and that, subject to well-defined exceptions, an arrest without warrant is deemed unlawful. 4 Bl.Comm. 289 et seq.; 6 C.J.S., Arrest, § 5, p. 579.  This foundational principle of the common law, designed and intended to protect the people against the abuses of arbitrary arrests, is of ancient origin.  It derives from assurances of Magna Carta and harmonizes with the spirit of our constitutional precepts that the people should be secure in their persons.  Nevertheless, to the general rule that no man should be taken into custody of the law without the sanction of a warrant or other judicial authority, the process of the early English common law, in deference to the requirements of public security, worked out a number of exceptions.  These exceptions related in main to cases involving felonies and suspected felonies and to breaches of the peace." (Authorities cited)]

169. [See: Muscoe v. Commonwealth, 86 Va. 443, 447, 10 S.E. 534, 535 (1890)]

170. [See: 4 Bl.Comm., ch. 21, p. 292, which states: "A constable may, without warrant arrest any one for a breach of the peace committed in his view, and carry him before a justice of the peace."; Mullins v. Sanders, 189 Va. 624, 54 S.E.2d 116, 120 (1949), citing: 22 Am.Jur., False Imprisonment, §20, p. 366, which states: "It is the duty of an officer or other person making an arrest to take the prisoner before a magistrate with reasonable diligence and without unnecessary delay; and the rule is well settled that whether the arrest is made with or without a warrant, an action for false imprisonment may be predicated upon an unreasonable delay in taking the person arrested before a magistrate regardless of the lawfulness of the arrest in the first instance."; 35 C.J.S., False Imprisonment, §§30-31, pp. 545-547; Peckham v. Warner Bros. Pictures, 36 Cal.App.2d 214, 97 P.2d 472, 474 (1930); Oxford v. Berry, 204 Mich. 197, 170 N.W. 83, 83 (1918)]

171. [See: Kleidon v. Glascock, 215 Minn. 417, 10 N.W.2d 394, 397 (1943), which states: "Even though an arrest be lawful, a detention of the prisoner for an unreasonable time without taking him before a committing magistrate will constitute false imprisonment."; Orick v. State, 140 Miss. 184, 105 So. 465, 470 (1925), citing: Kurtz v. Moffitt, 115 U.S. 487, 499 (1885), wherein it was stated by the court: "By the common law of England" an "arrest without warrant for a felony" can be made "only for the purpose of bringing the offender before a civil magistrate."]

172. [See: Garnier v. Squires, 62 Kan. 321, 62 P. 1005, 1007 (1900), which states: "The law contemplates that an arrest either by an officer or a private person with or without warrant is a step in a public prosecution, and must be made with a view of taking the person before a magistrate or judicial tribunal for examination or trial; and an officer, even, subjects himself to liability if there is an unreasonable delay after an arrest in presenting the person for examination or trial."]

173. [See: Kominsky v. Durand, 64 R.I. 387, 12 A.2d 652, 655 (1940), which states: "When an officer makes an arrest, without warrant, it is his duty to take the person arrested, without unnecessary delay, before a magistrate or other proper judicial officer having jurisdiction, in order that he may be examined and held or dealt with as the case requires.  But to detain the person arrested in custody for any purpose other than that of taking him before a magistrate is illegal."; State v. Freemen, 86 N.C. 683, 685-686 (1882), which states: "[T]he question occurs, what is the officer to do with the offender when he shall have been arrested without warrant.  All the authorities agree that he should be carried, as soon as conveniently may be, before some justice of the peace."  NOTE: Though this case involved an arrest without warrant, the court stated it is the duty of the arresting officer upon making an arrest, "whether with a warrant or without one," to carry the offender at once before a justice.]

174. [See: Kirk v. Garrett, 84 Md. 383, 406-407, 35 A. 1089, 1091 (1896), which states: "From the earliest dawn of common law, a constable could arrest without warrant when he had reasonable grounds to suspect that a felony had been committed; and he was authorized to detain the suspected party such a reasonable length of time as would enable him to carry the accused before a magistrate.  And this is still the law of the land." NOTE: on p. 1092, ibid., it states: "It cannot be questioned that, when a person is arrested, either with or without a warrant, it becomes the duty of the officer or the individual making the arrest to convey the prisoner in a reasonable time, and without unnecessary delay, before a magistrate, to be dealt with as the exigency of the case may require.  The power to make the arrest does not include the power to unduly detain in custody; but, on the contrary, is coupled with a correlative duty, incumbent on the officer, to take the accused before a magistrate 'as soon as he reasonably can.' [Authorities cited].  If the officer fails to do this, and unreasonably detains the accused in custody, he will be guilty of a false imprisonment, no matter how lawful the original arrest may have been.", [citing: 1 Hill. Torts, § 9, pp. 213-214)]

175. [See: Heath v. Boyd, 175 S.W.2d 214 217 (Tex. 1943); Bank v. Stimson, 108 Mass. 520 (1871)]

176. [See: Walter H. Anderson, A Treatise on the Law of Sheriffs, Coroners, and Constables, vol. 1, §§ 179-180 (1941), which states: "It is the undoubted right on the part of a prisoner, on being arrested by a public officer or private citizen, and unquestionably a corresponding duty on the one making the arrest, to take the prisoner before a court or magistrate for a hearing or examination and this must be done without unnecessary delay.  The object of this right and corresponding duty is that the prisoner may be examined, held, or dealt with as law directs and the facts of the case require...  It is highly improper and an invasion of the lawful rights of the prisoner to take him to any other place than to a proper court or magistrate."]

177. [See: Winston v. Commonwealth, 188 Va. 386, 49 S.E.2d 611, 615 (1948), which states: "But even if the circumstances of the arrest were not within the purview of the particular statute, it was the duty of the arresting officer to have the defendant within a reasonable time, or without unnecessary delay, before a judicial officer in order that the latter might inquire into the matter and determine whether a warrant should be issued for the detention of the defendant, or whether he should be released."; NOTE: In speaking on what manner of arrests were lawful at common-law when an arrest is made, the Supreme Court of Rhode Island in Kominsky v. Durand, 64 RI. 387, 12 A.2d 652, 654 (1940) (authorities cited), stated: "Coupled with the authority to arrest went an imperative obligation on the officer to bring the

Certified True, Accurate and Complete

arrested person before a magistrate without delay.  Especially was this true where the arrest had been made without a warrant... When an officer makes an arrest, without warrant, it is his duty to take the person arrested, without unnecessary delay, before a magistrate or other judicial officer having jurisdiction, in order that he may be examined and held or dealt with as the case requires; but to detain the person arrested in custody for any purpose other than that of taking him before a magistrate is illegal."]

178. [See: 18 U.S.C.A., Rules of Criminal Procedure, Rule 5, p. 28, which states: "An officer making an arrest under a warrant issued upon a complaint, or any person making an arrest without a warrant, shall take the arrested person without unnecessary delay before the nearest available federal magistrate, or in the event that a federal magistrate is not reasonably available, before a state or local officer authorized by 18 U.S.C. § 3041."; Greenwell v. United States, 336 F.2d 962, 965 (1964), wherein two F.B.I. agents assisted by two local policemen on an outstanding warrant for bank robbery arrested a man, placed him in a police vehicle, drove a few blocks, parked on the street under a street lamp and began to interview the man wherein an alleged confession was obtained and the Federal Court of Appeals held the confession was inadmissible and reversed the conviction as the momentary parking of the police vehicle en route from the place of arrest was a detour from the path toward a prompt presentment before a magistrate, further stating: "The law requires an arresting officer to bring an accused before a magistrate as quickly as possible."]

179. [See: People v. Mummiani, 258 N.Y. 394, 180 N.E. 94, 96 (1932); Peckahani v. Warner Bros. Pictures, 36 Cal.App.2d 214, 97 P.2d 472, 474 (1939); Kindred v. Stitt, 51 Ill. 401, 409 (1869), which states: "We are of opinion, the arrest of the plaintiff was illegal, and the verdict contrary to law and the evidence. And if the arrest was legal, they did not proceed according to law, and take him before a magistrate for examination, but conveyed him to another country, and there imprisoned him in the county jail, in a filthy cell, thus invading one of the dearest and most sacred rights of the citizen, secured to him by the great character of our land."]

180. [See: Judson v. Reardon, 16 Minn. 387 (1871); Long v. The State, 12 Ga. 293, 318 (1852); Moses v. State, 6 Ga.App. 251, 64 S.E. 699 (1909; Hill v. Smith, 59 S.E. 475 (Va. 1907); Folson v. Piper, 192 Ia. 1056, 186 N.W. 28, 29 (1922); Edger v. Burke, 96 Md. 715, 54 A. 986, 988 (1903); Bryan v. Comstock, 220 S.W. 475]

181. [See: Leger v. Warren, 62 Ohio St. 500, 57 N.E. 506, 508 1900)]

182. [See: Great American Indemnity Co. v. Beverly, 150 F.Supp. 134, 140 (1956); Thomas Cooley, A Treatise on the Law of Torts, vol. I, § 114, p. 374 (numerous authorities cited therein), which states: "An officer; who has lawfully arrested a prisoner, may be guilty of false imprisonment if he holds for an unreasonable length of time without presenting him for hearing or procuring a proper warrant for his detention."; Farina v. Saratoga Harness Racing Ass'n, 246 N.Y.S.2d 960, 961, which states: "...even though the arrest, when made, was legal and justified," the officers "became trespassers ab initio and so continued to the time of the plaintiff's release because of their failure to take him before a magistrate as required."; Sequin v. Myers, 108 N.Y.S.2d 28, 30 (1951); Bass v. State, 92 N.Y.S.2d 42, 46-47, 196 Miscel. 177 (1949), which states: "If there was an unnecessary delay [in arraigning the claimant before a Justice of the Peace], then the arrest itself became unlawful on the theory that the defendants were trespassers ab initio and so continued down to the time when the plaintiff was lawfully held under a warrant of commitment, regardless of whether or not the plaintiff was guilty of any crime. [Numerous cases cited]. In Pastor v. Regan, supra, it is said that: 'The rule laid down in the Six Carpenters' case, 8 Coke 146, that if a man abuses an authority given him by the law he becomes a trespasser ab initio, has never been questioned."; Ulvestad v. Dolphin, et al., 152 Wash. 580, 278 p. 681, 684 (1929), which states: "Nor is a police officer authorized to confine a person indefinitely whom he lawfully arrested. It is his duty to take him before some court having jurisdiction of the offense and make a complaint against him.... Any undue delay is unlawful and wrongful, and renders the officer himself and all persons aiding and abetting therein wrongdoers from the beginning.]

184. [See: Brock v. Stimson, 108 Mass. 520 (1871) (authorities cited); Hefler v. Hunt, 129 Me. 10, 112 A. 675, 676 (1921)]

185. [See: State v. Schabert, 1S N.W.2d 585, 588 (Minn. 1944), which states: "We believe that fundamental fairness to the accused requires that he should with reasonable promptness be taken before a magistrate in order to prevent the application of methods approaching what is commonly called the 'third degree.' 'Fundamental fairness' prohibits the secret inquisition in order to obtain evidence."]

187. [See: Keefe v. Hart, 213 Mass. 476, 100 N.E. 558, 559 (1913), which states: "But having so arrested him, it is their [the officer's] duty to take him before a magistrate, who could determine whether or not there was ground to hold him. It was not for the arresting officers to settle that question [authorities cited]... The arresting officer is in no sense his guardian, and can justify the arrest only by bringing the prisoner before the proper court, that either the prisoner may be liberated or that further proceedings may be instituted against him."; Harness v. Steele, 64 N.E. 875, 878 (Ind. 1902), which states: "[T]he power of detaining a person arrested, restraining him of his liberty, is not a matter within the discretion of the officer making the arrest."; Stromberg v. Hansen, 177 Minn. 307, 325 N.W. 148, 149 (1929); Madsen v. Hutchinson, Sheriff, et al. 49 Ida. 358, 290 P. 208, 209 (1930) (numerous cases cited), which states: "The rule seems to be that an officer arresting a person on criminal process who omits to perform a duty required by law, such as taking the prisoner before a court, becomes liable for false imprisonment."; Simmons v. Vandyke, 138 Ind. 380, 37 N.E. 973, 974 (1894), citing: Ex parte Cubreth, 49 Cal. 436 (1875), which states: "We have no doubt that the exercise of the power of detention does not rest wholly with the officer making the arrest, and that he should, within a reasonable time, take the prisoner before a circuit, criminal, or other judicial court... In a case where the arrest is made under a warrant, the officer must take the prisoner, without unnecessary delay, before the magistrate issuing it, in order that the party may have a speedy examination if he desires it; and in the case of an arrest without warrant the duty is equally plain, and for the same reason, to take the arrested before some officer who can take such proof as may be afforded."; Pratt v. Hill, 16 Barb. 303, 307 (N.Y. 1853)]

188. [See: Bryant v. City of Bisbee, 28 Ariz. 278, 237 P. 380, 381 (1925); State v. Miller, 31 Tex. 564, 565 (1869) Winston v. Commonwealth, 188 Va. 386, 49 S.E.2d 611, 615 (1948), wherein an arresting officer delivered a man to the jailer at 4:30 p.m., with the instruction that said man be held there until 9:00 p.m., at which time he was to be brought before the judicial officer.  The Supreme Court of Virginia condemned this act asserting the officer usurped the functions of a judicial officer stating: "But the actions of the arresting officer and the jailer in denying the defendant this opportunity [to judicial review] by confronting him in the jail because they concluded that he was not in such condition to be admitted to bail, had the effect of substituting their discretion in the matter for that of the judicial officer.  Under the circumstances here, the defendant was clearly entitled to the judgment upon the question of his eligibility for bail. This right was arbitrarily denied him."]

189. [See: Bowles v. Creason, et al., 156 Ore. 278, 66 P.2d 1183, 1188 (1937); Geldon v. Finnegan, et al., 213 Wis. S39, 252 N.W. 369, 372 (1934), which states: "If the plaintiff was being detained for the purpose of arrest it was the duty of the arresting officer to take him before an examining magistrate as soon as the nature of the circumstances would reasonably permit. The power to arrest does not confer upon the arresting officer the power to detain a prisoner for other purposes."]

190. [See: 11 R.C.L., False Imprisonment § 15, pp. 801-802; Williams v. Zelzah Warehouse, 126 Cal.App. 28, 14 P.2d 177, 178 (1932)]

191. [See: Moran v. City of Berkley, 67 F.2d 161, 164 (1933), which states: "Orders from a superior do not excuse the arresting party from his duty [to bring the arrested party before a judicial officer], nor does delivery of the prisoner into the custody of another person; all those who take part in so detaining another person an unreasonable length of time are liable."; Leger v. Warren, 62 Ohio St. 500, 57 N.W. 506 (1900), which states: "The delivery of the plaintiff, after his arrest, into custody of another person, to be by him taken to prison, could not, we think, absolve the arresting officers from the duty required of them to obtain the writ necessary to legalize his further imprisonment... If the arresting officers chose to rely on some other person to perform that required duty, they take upon themselves the risk of its being performed; and, unless it is done in proper time, their liability to the person imprisoned is in no wise lessened or effected."]

192. [See: Mullins v. Sanders, 189 Va. 624, 54 S.E.2d 116, 120 (1949); Brown v. Meir & Frank Co. 86 P.2d 79, 83 (Ore. 1939)]

194. [See: Gow v. Bingham, 107 N.Y.Supp. 1011, 1014-1015, 1018, 57 Miscel. 66 (1908), which states: "To subject a citizen, never before accused, to such indignities, is certainly unnecessary in order to 'detect and arrest' him; for he must have been detected and arrested before he can be so dealt with. It is unnecessary to 'prevent crime,' for the acts for which indictment has been committed... The exercise of any such extreme police power as is here contended for is contrary to the spirit of Anglo-Saxon liberty... The acts of the police department here criticized were not only a gross outrage, not only perfectly lawless, but they were criminal in character. Every person concerned therein is not only liable to a civil action for damages, but to criminal prosecution for assault." NOTE: The court in this case also made it

Certified True, Accurate and Complete

known that it was "The duty of every member of the police force under penalty of fine or dismissal from the force, immediately upon arrest, to convey the offender, not to police headquarters to be photographed and measured, but 'before the nearest sitting magistrate that he may be dealt with according to law.'", p. 1016, ibid.; Hawkins v. Kuhne, 137 N.Y.Supp. 1090, 153 App.Div. 216 (1912), wherein the Gow case was upheld and it was acknowledged: "...that the taking of the plaintiff's picture before conviction was an illegal act."]

195. [See: People v. Hevern, 127 Miscel. Rep. 141, 215 N.Y.Supp. 412, 417-418 (1926), which states: "Article I, section 5 of the Constitution of New York, provides: 'Excessive bail shall not be required.' The prohibition against excessive bail necessarily includes the denial of bail... A defendant is arraigned, in fact innocent, and refuses to submit to a finger printing. A redolent from it is not unnatural. It cannot be said that the refusal is unreasonable or unjustified. Yet he is denied bail. The requirement for finger printing is oppressive and unreasonable. It contravenes article I, sec. 5, of the Constitution of the state of New York, and in my judgment is unconstitutional. There are other grounds upon which the unconstitutionality of the law must be declared. Article I, section 6 of the Constitution of the state of New York provides: 'No person shall... be compelled in any criminal case to be a witness against himself; nor be deprived of life, or property without due process of law.' Finger printing is an encroachment on the liberty of a person. It is justifiable, as is imprisonment, upon conviction for crime, in the exercise of the police powers of the state, for the purpose of facilitating future crime detection and punishment. What can be its justification when imposed before conviction? To charge that one's fingerprint records have been taken would ordinarily convey an imputation of crime, and very probably support a complaint for libel per se. In my judgment, compulsory finger printing before conviction is an unlawful encroachment upon a person, in violation of the state Constitution. Lastly, finger printing before conviction involves prohibited compulsory self-incrimination."; cf. Constitution of/for the United States of America articles to amendment V, VIII].

196. [See: United States v. Kelly, 51 F.2d 263, 266 (1931)]

198. [See: Bednarick v. Bednarick, 16 A.2d 80, 90, 18 N.J. Misc. 633 (1940), which states: "To subject a person against his will to a blood test is an assault and battery, and clearly an invasion of his personal privacy."; State v. Height, 117 Ia. 650, 91 N.W. 935 (1902); People v. Corder, 244 Mich. 274, 221 N.W. 309; Boyd v. United States, 116 U.S. 616 (1885); State v. Newcomb, 220 Mo. 54, 119 S.W. 405 (1909); cf. relevant articles and sections of both state and federal constitutions/charters as already cited above.]

205. [See: Knight v. Baker, 117 Ore. 492, 244 P 543, 544 (1926)]

207. [See: Street's Foundation of Legal Liability, vol. I, p. 12, citing: Bracton's Note Book, vol. II, p. 314 (1229), pl. 465, wherein Henry de Bracton (1200 - 1268) states: "Forcefully to deprive a man of freedom to go wheresoever he may is clearly a trespass. False imprisonment was indeed one of the first trespasses recognized by the Common Law."]

208. [See: Kroeger v. Passmore, 36 Mont. 504, 93 P. 805, 807 (1908); McBeth v. Campbell, 12 S.W.2d 118, 122 (Tex. 1929)]

210. [Joseph Chitty, Esq., The Practice of Law, vol. I, ch. II, p. 47, London, 1837, wherein Mr. Chitty states: "The infraction of personal liberty has been regarded as one of the greatest injuries. The injuries to liberty are principally termed false imprisonments, or malicious prosecutions."]

211. [See: Hanser v. Watson Bros. Transp. Co., 244 Ia. 185, 52 N.W.2d 86, 93(1952); Sinclair Refining Co. v. Meek, 62 Ga.App. 850, 10 S.E.2d 76, 79(1940); Southern Ry. Co. in Kentucky v. Shirley 121 Ky. 863, 90 S.W. 597, 599 (1906)]

212. [See: Thomas Cooley, Treatise on the Law of Torts, vol. I, 4th ed., § 109, p. 345, wherein Mr. Cooley states: "False imprisonment is a wrong akin to the wrongs of assault and battery, and consists in imposing, by force or threats, and un-lawful restraint upon a man's freedom of locomotion."; Meints v. Huntington, 276 F.2d 245, 248 (1921)]

213. [See: 3 Bl. Comm. 127, which states: "Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets."; Sergeant v. Watson Bros. Transp. Co., 244 Ia. 185, 52 N.W.2d 86, 93 (1952)]

214. [See: Mahan v. Adams, 144 Md. 355, 124 A. 901, 904 (1924), which states: "False imprisonment is the unlawful restraint by one person of the physical liberty of another, and as here used the word 'false' seems to be synonymous with unlawful."; Riley v. Stone, 174 N.C. 588, 94 S.E. 434, 440 (1917), which states: "False imprisonment is the unlawful and total restraint of the liberty of the person. The imprisonment is false in the sense of being unlawful. The right violated by this tort is 'freedom of locomotion.' It belongs historically to the class of rights known as simple or primary rights... The theory of law is that one interferes with the freedom of locomotion of another at his own risk."]

215. [See: Garnier v. Squires, 62 Kan. 321, 62 P. 1005, 1006 (1900), which states: "False imprisonment is necessarily a wrongful interference with the personal liberty of an individual. The wrong may be committed by words alone or by acts alone or by both, and by merely operating on the will of the individual, or by personal violence, or by both. It is not necessary that the wrongful act be committed with malice or ill will, or even with the slightest wrongful intention; nor is it necessary that the act be under color of any legal or judicial proceeding. All that is necessary is that the individual be restrained of his liberty without any sufficient legal cause therefore, and by words or acts which he fears to disregard." Kroeger v. Passmore, 36 Mont. 504, 93 p. 805, 807 (1908)]

216. [See: Riegel v. Hygrade Seed Co., 47 F.Supp. 290, 294 (1942), which states: "False imprisonment has been well defined to be a trespass committed by one against the person of another, by unlawfully arresting and detaining him without any legal authority."]

217. [See: Noce v. Ritchie, 155 S.E. 127, 128 (W.Va. 1930), which states: "False imprisonment is the unlawful arrest or detention of a person, without warrant or by an illegal warrant, or a warrant illegally executed."]

218. [See: Sinclair Refining Co. v. Meek, 62 Ga.App. 850, 10 S.E. 76, 79 (1940), which states: 'False imprisonment at common law and elsewhere consists in the unlawful detention of the person by another for any length of time, whereby he is deprived of his persona liberty.", citing: 3 Bl.Comm. 127; 12 Am.&Eng.Ency.Law 721; 19 Cyc 319; Sergeant v. Watson Bros. Transp. Co., 244 Ia. 185, 52 N.W.2d 86, 92 (1952), which states: "False imprisonment is defined as an act which, directly or indirectly, is an illegal cause of confinement of another within boundaries fixed by the actor for any time, no matter how short in duration, makes the actor liable to the other."]

219. [See: Knickerbockers Steamboat Co. v. Cusack, 172 F. 358, 360-361 (1905), which states: "The general rule of damages in cases of false imprisonment is that the person causing a wrongful imprisonment is liable for all the natural and probable consequences thereof. The plaintiff is entitled to recover damages for what the party wrongfully did... in Murphy v. Countiss, 1 Harr. (Del.) 143, in an action for trespass, assault and battery, and false imprisonment, the court held that the plaintiff could recover, not merely for the time the constable was bringing him to jail, but for the whole period of his imprisonment. And in Mandeville v. Guernsey, 51 Barb. (N.Y.) 99 the court said: 'The arrest being wrongful, the defendant is liable for all the injurious consequences to the plaintiff which resulted directly from the wrongful act.'"; Meints v. Huntington, 276 F. 245, 248 (1921), citing Adler v. Tenton, 24 How. (U.S.) 407, 410 (1860)]

220. [See: Black v. Clark's Greensboro, Inc., 263 N.C. 226, 139 S.E.2d 199, 201 (1964); State v. Robinson, 145 Me. 77, 72 A.2d 260, 262 (1950)]

223. [See: Ross v. Leggett, 61 Mich. 445, 28 N.W. 695, 697 (1886)]

224. [See: Cook v. Hastings, 150 Mich. 289, 114 N.W. 71, 72 (1907)]

225. [See: Trezevant v. City of Tampa, 741 F.2d 336 (1984), wherein damages were set as 25,000 dollars per twenty-three 23 minutes in a false imprisonment case.]

229. [See: Roberts v. Thomas, 135 Ky. 63, 121 S.W. 961, 96 (1909)]

230. [See: Marks v. Baltimore & O. R. Co., 131 N.Y.S.2d 325, 327, 284 App.Div. 251 (1954), wherein Justice Hand states: "The law watches personal liberty with vigilance and jealousy; and whoever imprisons another, in this country, must do it for a lawful cause and in a legal manner."]

232. [See: Earl of Halsbury, The Laws of England, vol. 38, 3rd ed., pt. 4, § 1266, p. 765, London (1962), wherein "The Plaintiff need not prove that the imprisonment was unlawful or malicious, but establishes a prima facie case if he proves that he was imprisoned by the defendant; the onus then lies on the defendant of proving a justification."]

Page 23 of 30

Contract J3:16fGsltwthghobS

Certified True, Accurate and Complete

233. [See: Burlington Transp. Co. v. Josephson, 153 F.2d 372, 376 (1946)]

237. [See: Southern Ry. Co. in Kentucky v. Shirley, 121 Ky. 863, 90 S.W. 597, 599 (1906), citing: 12 Am.&Eng.Ency.Law, 2d ed., p. 733; McAleer v. Good, 216 Pa. 473, 65 A. 934, 935 (1907); Mackie v. Ambassador Hotel & Inv. Co., 123 Cal .App. 215, 11 P.2d 3, 6 (1932); Jackson v. Knowlton, 173 Mass. 94, 53 N.E. 134 (1899), which states: "It was long ago said by Lord Mansfield: 'A gaoler, if he has a prisoner in custody, is prima facie guilty of an imprisonment; and therefore must justify.' Badkin v. Powel, Cowp. 476, 478. So, in Halroyd v. Doncaster, 11 Moore 440, it was said by Chief Justice Best: 'Where a man deprives another of his liberty, the injured party is entitled to maintain an action for false imprisonment, and it is for the defendant to justify his proceedings by showing that he had legal authority for doing that which he had done.'"; Snyder v. Thompson, 134 Ia. 725, 112 N.W. 239, 241 (1907), which states: "In 2 Bishop on Criminal Procedure, § 368, it is said, 'In matters of evidence, if the imprisonment is proved, its unlawfulness will be prima facie presumed; but authority may be shown by the defendant in justification.'"]

238. [See: Sinclair Refining Co., v. Meek, 62 Ga.App. 850, 10 S.E.2d 76, 79 (1940) (authorities cited therein); Stallings v. Foster, 119 Cal .App.2d 614, 259 P.2d 1006, 1009 (1953); Thompson v. Farmer's Exchange Bank, 333 Mo. 437, 62 S.W.2d 803, 811 (Mo. 1933). which states: "A lawful imprisonment does not become unlawful because of malicious motives nor does an unlawful detention become lawful because actuated by a laudable purpose or founded in good faith."; McNeff v. Helder, 337 P.2d 819, 821 (Ore. 1958), which states: "In an action for false imprisonment, neither actual malice nor want of probable cause is an essential element necessary to a recovery of general damages."]

239. [See: Maxims of Law, ed. C.A. Weismann, 57f; 1 Coke 177; 4 Bouvier's Institutes, n. 3828; 35 C.J.S., False Imprisonment, § 7, p. 630; Stembridge v. Wright, 32 Ga.App. 587, 124 S.E. 115 (1924), which states: "It is no defense that a person perpetrating an illegal arrest or imprisonment is ignorant of the legality of his acts."; Kroeger v. Passmore, 36 Mont. 504, 93 P. 805, 807 91908), which states: "False imprisonment is treated as a tort, and also as a crime... If the conduct is unlawful, neither good faith, nor provocation, nor ignorance of the law is a defense to the person committing the wrong."; Thiede v. Town of Scandia Valley, 217 Minn. 218, 231, 14 N.W.2d 400 (1944), which states: "As is the case of illegal arrests, the officer is bound to know these fundamental rights and privileges, and must keep within the law at his peril."]

241. [See: Dunnell Minnesota Digest, 3rd ed., vol. 84, False Imprisonment, §1.06(c), citing: Wahl v. Walton, 30 Minn. 506, 16 N.W. 397 (1883)]

242. [See: Coverstone v. Davis, 38 Cal.2d 315, 239 P.2d 876, 878 (1952), which states: "The finding of guilt in the subsequent criminal proceeding cannot legalize an arrest unlawful when made."; Wilson v. Loustalot, 85 Cal.App.2d 316, 193 P.2d 127, 132 (1948); Stewart v. State, 244 S.W.2d 688, 690 (Tex.Civ.App. 1951)]

243. [ Hopkins v. Clemson College, 221 U.S. 636, 642-643 (1910), which states: "But immunity from suit is a high attribute of sovereignty a prerogative of the State itself - which cannot be availed of by public agents when sued for their own torts."; Johnson v. Lankford, 245 U.S. 541, 546 (1917)]

245. [See: Rico v. State, 472 N.W.2d 100, 107 (Minn. 1991)]

247. [See: Muscoe v. Commonwealth, 86 Va. 443, 10 S.E. 534, 536 (1890), which states: "Arrest without warrant, where a warrant is required, is not due process of law; and arbitrary or despotic power no man possesses under our system of Government."]

248. [See: The State of Connecticut against Leach, 7 Conn.Rep. 452 (1829), which states: "A void process is no process. The complainant, the Justice of the peace who ordered him to be committed, the sheriff who executed the pretended warrant, and the jailer who held him under it, are all liable for false imprisonment. This is the undoubted doctrine of the common law from the time of the Marshalsea case, 10 Co. 68 to this day."]

264. [See: State v. Brechler, 185 Wis. 599, 202 N.W. 144, 148]

265. [See: Ellis v. Jones,        73 Colo. 516, 216 P. 257, 258]

271. [See: Freichnecht v. Meyer, 39 N.J.Eq. 551, 560]

274. [See: Black's Law Dictionary, Rev. 4th Ed., (1968), p. 1067 at LICENSE (cases cited); 168 A. 229; 114 N.J.Eq. 68]

276. [See: Ream v. Commonwealth, 3 Serg. & R. (Pa.) 209; Anderson v. Commonwealth, 275 Ky. 232, 121 S.W.2d 46, 47; Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc., Mass. 171, per shaw, C.J.]

277. [See: 3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga. 24 F. 481; Ex parte Thistleton, 52 Cal. 225; Erwin v. U.S., D.C.Ga. 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

278. [See: 1 Bl. Judgm. §173; In re Manning, 139 U.S. 504, 11 S.Ct. 624, 35 L.Ed. 264; Gildemeister v. Lindsey, 212 Mich. 299, 189 NW. 633, 635]

280. [See: State v. Delmonto, 110 Conn. 298, 147 A. 825, 826]

281. [See: Millar v. State, 2 Kan. 175; Bowers v. Bowers, 114 Ohio St. 568, 151 N.E. 750, 751; State v. Rardon, 221 Ind. 154, 46 N.E.2d 605, 609]

291. [See: Title 28 U.S.C., § 3002(15), in para materia Title 1 U.S.C., §109(a); 534 F.Supp. 724; 1 Marsh Dec. 177, 181; Bouvier's Law Dictionary, 5th Ed.; Black's Law Dictionary, 6th Ed.; 19 C.J.S., § 884, In re Merriam's Estate, 36 N.Y. 505, 141 N.Y. 479, affirmed in U.S. v. Perkins, 163 U.S. 625]

292. [See: 16 Stat. 419, ch. 62, 41st Congress, 3rd Session, "An Act to Provide a Government for the District of Columbia"; 20 Stat. 102, ch. 180, 45th Congress, 2nd Session, "An Act Providing a Permanent Form of Government for the District of Columbia."]

293. [See: House Joint Resolution 192 of June 5, 1933, Pub. R. 73-10; Executive Orders 6072, 6102, 6111, and 6246; Senate Report 93-549; Cong. Rec., March 17, 1993, vol. 33, speaker: James A. Trafficant, Jr., which states in part: "Mr. Speaker. We are now here in Chapter 11. Members of Congress are official trustees presiding over the greatest reorganization in world history, the U.S. Government.... It is an established fact that the United States Federal Government has been dissolved by the Emergency Banking Act, March 9, 1933, 48 Stat. 1, Public Law 89-719, declared by President Roosevelt, being bankrupt and insolvent. H.J.R. 192, 73rd Congress in session June 5, 1933 - Joint Resolution to Suspend the Gold Standard and Abrogate the Gold Clause - dissolved the Sovereign Authority of all United States and the official capacities of all United States Government Offices, Officers, and Departments and is further evidence that the United States Federal Government exists today in name only..."]

294. [See: 41st Congress' Act(s), Session 3, ch. 62, p. 419, Sec. 34, February 21, 1871]

295. [See: UCC 9-307(h); which states: "Location of United States is located in the District of Columbia."; cf. Title 28 D. C. Code § 28.9-307(h)].

296. [See: U.S. Rev. Stat. 1 Supp. 22; 7 D.C. 178; 132 U.S. 1, which states: "The sovereign power is lodged in the Government of the United States, and not the corporation of the district."]

298. [See: UCC 9-102(a)(76); cf. Title 28 D.C. Code § 28.9-102(a)(76)]

299. [See: California Revenue & Taxation Code, §§ 6017, 11205, 17018, and 23034]

300. [See: 2 Cra. 445; 1 Wheat. 91; Charlt.R.M. 374; 1 Kent, Com. 349, which states: "However extraordinary it might seem to be, that the courts of the United States, which were open to aliens, and to the citizens of every state, should be closed upon the inhabitants of those districts [territories and the District of Columbia], on the construction that they were not citizens of a state, yet as the court observed, this was a subject for legislative and not judicial consideration."; 182 U.S. 270; Bouvier's Law Dictionary, Baldwin's Student Edition, Banks - Baldwin Publishing Co. (1804), Cleveland, 1948), Complete Rev. Ed., p. 310]

301. [See: 74 F.R. 145, following 91 U.S. 398; Swanson v. Fuline Corp., 248 F.Supp. 364, 369 (U.S.D.C. Ore. 1965); Hart v. U.S., 95 U.S. 316, 24 L.Ed. 479; U.S. v. Fulton Distillery, Inc. 571 F.2d 923, 927 (C.A.5 1978)]

303. [See: Declaration of Interdependence, January 22, 1937, Book of the States, vol. II, p. 144]

307. [See: Taylor v. Standard Gas & Electric Co., 96 F.2d 693, 704 (C.C.A. Okl.); National Bond Finance Co. v. General Motors Corp., 238 F. Supp. 248, 255 (D.C.Mo.); Dyett v. Turner, Warden Utah State, 439 P.2d 266, 267 (Utah 1967), which states: "The United States Supreme Court, as at present constituted, has departed from the Constitution as it has been interpreted from its inception and has followed the urgings of social reformers in foisting upon this Nation laws which even Congress could not constitutionally pass. It has amended the Constitution in a manner unknown to the document itself. While it take three fourths of the states of the Union

Certified True, Accurate and Complete

to change the Constitution legally, yet as few as five men who have never been elected to office can by judicial fiat accomplish a change just as radical as could three fourths of the states of this Nation. As a result of the recent holdings of that Court, the sovereignty of the states is practically abolished, and the erstwhile free and independent states are in effect and purpose merely closely supervised units in the federal system."]

309. [See: 46 Am.Jur.2d, Judgments, §100, which states: "A judgment should identify the parties for and against whom it is rendered, with such certainty that it may be readily enforced, and judgment which does not do so may be regarded as void for uncertainty..."]

310. [See: Black's Law Dictionary, Rev. 4th Ed., p. 408 at CORPORATE FRANCHISE]

311. [See: ibid., p. 880 at IDEM SONANS]

312. [See: ibid., p. 1040 at LEGAL NAME]

315. [See: Black's Law Dictionary, 7th Ed. at PERSON, sub-head ARTIFICIAL PERSON]

318. [See: Black's Law Dictionary, Rev. 4th Ed, (1968), p. 591 at DUMMY]

319. [See: Black's Law Dictionary, 6th Ed. at DUMMY CORPORATION; UCC 3-419, cf, Title 13, Pa.C.S., §3419; also see: SURETY, VOLUNTARY SURETY, CO-SURETIES, CO-SURETY, SURETY SHIP, BAIL, GUARANTOR, NOVATION, IN SOLIDIO (SOLIDIUM), INVOLUNTARY SURETY SHIP, SURETY SHIP BY OPERATION OF LAW, VOLUNTARY SURETY SHIP in any Law Dictionary of your choosing; UCC 1-201(40), cf. Title 28 D.C. Code § 28.1-201(40)]

320. [See: Black's Law Dictionary Rev. 4th Ed., (1968), p. 624 at ENS LEGIS]

321. [See: ibid., p. 751 at FICTITIOUS NAME]

323. [See: Title S U.S.C., § 552a(a)(2)]

327. [See: Black' Law Dictionary, Rev. 4th Ed., p. 1737 at PUBLIC VESSEL]

332. [See: Calison v. Dean, C.C.A.Okl., 70 F.2d 55, 58]

333. [See: Rob. Pat. § 339; Gibbs v. Hoefner, 19 F. 323]

336. [See: Church of Scientology v. U.S. Dept. of Justice, 612 F.2d 417, 425 (1970); cf. Title 1, U.S.C., § 1]

337. [See: 2A C. Sands, Sutherlands Statutes and Statutory Construction ss 47.16, 4th ed., 1973; Lenhoff v. Birch Bay Real Estate, Inc., 587 P.2d 1087 (1978)]

338. [See: State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99, 100]

339. [See: Black, Interp. of Laws, 141; Goldsmith v. U.S., C.C.A.N.Y., 42 F.2d 133, 137; Aleksich v. Industrial Accident Fund, 116 Mont. 69, 151 P.2d 1016, 1021; King County Water Dist. 68 v. Tax Commission, 58 N.W.2d 282, 284 (1951); Dean v. McFarland, 81 Wash.2d 215, 221, 500 P.2d 1244 (1972)]

340. [See: Merriam Webster's Collegiate Dictionary, Tenth Edition, 1999, p. 867 (etymology), which states: "ME, fr. O.F. persone, fr. L persona actor's mask, character in a play, person, prob. fr. Etruscan phersu mask, fr. Gk prosopa, pl. of prosopon face, mask more at PROSOPOPOEIA"]

341. [See: Co. Litt. 210a; Burgin v. Forbes, 293 Ky. 456, 169 S. W. 2d 321, 325; Little v. Town of Conway, 171 S. C. 27, 170 S. E. 447, 448; cf. "Inclusio unius est exclusio alterius," Burgin v. Forbes, supra]

349. [See: Genesis, Ch. 1, vss. 26-27; Genesis, ch. 2, vss. 21-25; John 4:24; Q. 15:28-29, Q. 19:67; Q. 22:5, Q. 23:12-14, Q. 32:7-9, Q. 38:71-72, Q. 51:56]

354. [See: Riegel v. Hygrade Seed Co., 47 F.Supp. 290, 294 (1942), which states: "False imprisonment has been well defined to be a trespass committed by one man against the person of another,"]

369. [See: Reese v. Reese, 179 Misc. 665, 40 N.Y.S. 2d 468, 472; Zimmer v. Zimmerman, 175 Or. 535, 155 P. 2d 293, 295; In re Campbell Guardianship, 216 Minn. 113, 11 N.W. 2d 786, 789]

370. [See: Warnock v. Kraft, 30 Cal App. 2d 1, 85 P. 2d 505, 506]

371. [See: The American Heritage Dictionary, Second College Edition, 1982, p. 1169]

372. [See: Ex parte Shaw 12 S. Ct. 935, 145 U.S. 444, 36 L. Ed. 768; The Pizarro, 2 Wheat. 245, 4 L. Ed. 226]

378. [See: State ex rel. v. Houston Trust Co., 168 Tenn. 546, 79 S.W. 2d 1012, 1016; State ex rel. Supreme Temple of Pythian Sisters v. Cook, 234 Mo. App. 898, 136 S.W. 142, 146; Community Federal Sav. & Loan Ass'n of Independence, Mo. v. Fields, C.C.A. Mo., 128 F. 2d 705, 708; In re Grand Union Co., C.C.A.N.Y., 219 F. 353, 363; Staake v. Routledge, 111 Tex. 489, 241 S.W. 994, 998; Pennsylvania R. Co. v. Minis, 120 Md. 461, 496, 87 A. 1062, 1072]

379. [See: Wilkins v. U.S. C.C.A.Pa., 96 F. 837, 37 C.C.A. 588; People v. Williams, 24 Mich. 163, 9 Am. Rep 119]

380. [See: 1 Bish.Crim.Law, §43; In re Jacoby, 74 Ohio App. 147, 57 N.E.2d 932, 934, 935]

387. [See: Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979), quoting: United States v. Cooper Corp., 312 U.S. 600, 604 (1941); United States v. Mine Workers, 330 U.S. 258, 275 (1947)]

388. [See: The People v. Herkeimer, Gentle, One &c, 4 Cowen 345, 1825 N.Y. LEXIS 80]

389. [See: Restatement (Second) of Torts 895B, comment at 400 (1979)]

390. [See: Chisholm v. Georgia (February Term, 1793), 2 U.S. 419, 2 Dall. 419, 1 L.Ed. 440, which states: "I shall have occasion incidentally to evince, how true it is, that states and Governments were made for man; and same time how true it is, that his creatures and servants have first deceived, next vilified, and at last oppressed their master and maker... A state, useful and valuable as the contrivance is, is the inferior contrivance of man; and from his native dignity derives all its acquired importance... Let a political state be considered as subordinate to people; but let everything else be subordinate to the state... As the state has claimed precedence of the people; so, in the same inverted course of things, the Government has often claimed precedence of the state; and to this perversion in the second degree, many of the volumes of confusion concerning Sovereignty owe their existence... This second degree of perversion is confined to the old world, but the first degree is still too prevalent even in the several states, of which our union is composed. By state I mean, a complete body of free persons united together for their common benefit, to enjoy peaceably what is their own, and to do justice to others. It is an artificial person. It has its affairs and its interests; it has its rules; it has its rights; and it has its obligations. It may acquire property distinct from that of its members. It may incur debts to be discharged out of the public stock, not out of the private fortunes of individuals. It may be bound by contracts; and for damages arising from the breach of those contracts. In all our contemplations, however, concerning this feigned and artificial person, we should never forget, that, in truth and nature, those who think and speak and act, are men. Is the foregoing description of a state a true description? It will not be questioned, but it is... It will be sufficient to observe briefly that the sovereignties in Europe, and particularly in England, exist on feudal principles... The same feudal ideas run through their jurisprudence, and constantly remind us of the distinction between the prince and the subject. No such ideas obtain here [speaking of America]; at the revolution, the Sovereignty devolved on the people; and they are truly the Sovereigns of the country, but they are Sovereigns without subjects... and have none to govern but themselves; the citizens of America are equal as fellow citizens, and as joint tenants in the Sovereignty."]

392. [See: Hale v. Henkel, 201 U.S. 43, 47 (1905)]

395. [See: Wills v. Michigan State Police, 105 L.Ed.2d 45 (1989)]

397. [See: 73 C.J.S., Property, § 10; 63A Am.Jur.2d, Property, § 2]

398. [See: 7 C.J.S., § 4; Virgin Islands Bar Assoc. v. Dench, D.C. Virgin Islands, 124 F.Supp. 257]

401. [See: 7 C.J.S., § 4]

402. [See: 7 C.J.S., § 43]

403. [See: 7 C.J.S., § 4]

410. [See: Marshall v. Baltimore & Ohio P.R. (1853), 16 How. (U.S.) 314; Covington Drawbridge Co. v. Shepard (1857), 20 How (U.S.) 227; U.S. v. One 1966 Chevrolet Pickup Truck, 56 F.R.D. 459 (1972); U.S. of A. v. $3,976.62 In Currency, One 1960 Ford Station Wagon, 37 F.R.D. 564; U.S. v. Slater, 82-2 U.S.T.C. 9571; Rachel Templeton v. Internal Revenue Service, 86-1363 on appeal from 85 C. 457]

413. [See: Title 31, U.S.C., § 321(d) (2); Black's Law Dictionary, Rev. 4th Ed., 1968, p. 1669 at TRANSFER]

414. [See: Rules Against Perpetuities; Use; Null Charter; and, The Uniform Fraudulent Conveyances Act (Principal Provisions), Section 4, MT 57 (16) 0-2, Internal Revenue Manual - Administration, 392 2-87, Exhibit 800-1, p. 8051, which states: "Every conveyance or transfer made or executed without a fair or valuable consideration is made ab initio."; see also: GRANT, GRANTOR; and, GRANTOR TRUSTS in any Law Dictionary of Respondent's(s' ) choice]

416. [See: Title 12, U.S.C., § 411; Title 18, U.S.C., § 3613(c) - 49 Stat. 620, § 207; Title 31, U.S.C., § 321 (d) (2); Title 15, U.S.C., §§ 1 et seq. 17]

417. [See: Title 28 D.C. Code §§ 28.3-201(1) and 28.7-S04(1); Scheld v. Shields, 269 Ore. 236, 524 P.2d 1209, 1210; Hayter v. Fern Lake Fishing Club, 318 S.W.2d 912, 915 (Tex. Civ. App.)]

419. [See: Title 11, U.S.C., § 101 - Bankruptcy Code]

420. [See: Unification Act of 1964, 4 F.R.D. 325; Black Diamond S.S. Corp. v. Stewart & Son's, 336 U.S. 386, 403, 69 S.Ct. 622, 93 L.Ed.2d 754; Romero v. Int'l Terminal Operating Co. (1959), 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368; In re Alexander McNeil, 80 U.S. (13 Wall.) 236, 20 L.Ed. 624]

421. [See: U.S. v. Kirkpatrick, 186 F.2d 3931]

422. [See: National Sea Clammers Assoc. v. New York, 616 F.2d 1222 (C.A.3 N.J. 1980), vacated on grounds, 453 U.S. 1, 69 L.Ed.2d 435, 101 S.Ct. 2615]

423. [See: O v. Johns - Manville Corp., 764 F.2d 224 (C.A.4 Va. 1985), cert. den. 88 L.Ed.2d 319, 106 S.Ct. 351; U.C.C. Article 9 - Secured Transactions, cf. Title 28 D.C. Code: Article 9 - Secured Transactions]

424. [See: The Glide, 167 U.S. 606; The Corsair, 145 U.S. 342; American Ins. Co. v. Cantor, 1 Pet. (U.S.) 511, 545 (1828)]

425. [See: American Ins. Co. v. Cantor, 1 Pet. (U.S.) 511, 545 (1828)]

426. [See: Rabinowitz, The Story of the Mortgage Retold (1945), 94 U.Pa.L.R. 94; The Common Law Mortgage and the Conditional Bond (1943), 92 U.Pa.L.R. 179; Kamberg, Commercial Law According to the Talmud (1933), 38 Commercial Law Journal 239; 3 Tiffany, Real Property, 2nd Ed., 2373-2743]

427. [See: 17 How. (U.S.) 478; Pennsylvania v. Wheeling & Belmont Bridge Co. (1852), 54 U.S. S18, 14 L.Ed. 249]

428. [See: 2 Sumn. 401; 3 Wheat. 211; 2 McLean S68; 15 Pet. 9; 11 How. G69]

430. [See: 1 Greenl. Ev., § S25; 541 Bro.Civ. and Adm. Law, 98; 2 Gall.R. 200; 3 T.R. 269, 270; Tetley, Int'l C. of L., 1994, p. 79S; Judiciary Act of 1789, Sec. 9, 1 Stat. 77; The Moses Taylor, 4 Wall. (U.S.) 411, 431 (1866); see also: "QUASI IN REM"]

431. [See: Norback v. Bd. of Dir. of Church Ext. Soc., 84 Utah, 37 P.2d 339; 129 U.S. 4S, 46]

432. [See: United States v. $5,372.85, 283 F.Supp. 904 (1968)]

433. [See: Robinson v. Campbell (1818), 16 U.S. 212, 4 L.Ed. 372; Bennett v. Butterworth (1851), 52 U.S. 669, 13 L.Ed. 859; Thompson v. Railroad Cos. (1868), 73 U.S. 134, 18 L.Ed. 76S; Ellis v. Davis (1883), 109 U.S. 485, 27 L.Ed. 1006, 3 S.Ct. 327; La Abra Silver Mining Co. v. U.S. (1899), 175 U.S. 423, 20 S.Ct. 168, 44 L.Ed. 223; Commercial National Bank v. Parsons, 144 F.2d 231 (C.A.S La. 1944), reh. den. (C.A.S La.) 14S F.2d 191, cert. den. 323 U.S. 796, 65 S.Ct. 440, 89 L.Ed. 635; Phillips Petroleum Co. v. Johnson (C.A.5 Tx. 1946), 155 F.2d 185, cert. den., 329 U.S. 730, 67 S.Ct. 87, 91 L.Ed. 632]

434. [See: The Belgenland, 114 U.S. 355 (1885); The Rio Grande, 4 Wash.C.C. 53, 30 Fed. Case No. 17804 (1821); Cooper v. Reynolds, 10 Wall. (U.S.) 308 (1870); Pennoyer v. Neff, 95 U.S. 714 (1877) (no attachment); Freo, a Private Citizen, v. Alderson, 119 U.S. 185, 7 S.Ct. 165, 30 L.Ed. 372 (1886); Starkey v. Lunz, 57 Ore. 147, 110 P. 702 (1910) (attachment void); but see under "Privilegia Londini" or "Custom of London," 1 Bl.Com. 75; 3 Steph.Comm. 588; and, the Common Law Procedure Act of 1854, §§ 60-67 to affect the conclusive presumption that "the situs of every debts is at the domicile of the creditor." Waring v. Clark, 46 How. (U.S.) 441 (1847)]

435. [See: Megee v. Beirne, 39 Pa. 50; Bray v. McClurry, 55 Mo. 128; Raiguel v. McConnell, 25 Pa. 362, 363; Welsh v. Blackwell, 14 N.J.Law 344]

438. [See: Black's Law Dictionary, Rev. 4th Ed (1968), pp. 1299 - 1300 at "PERSON"]

439. [See: Maynard Mehl v. John H. Norton, No. 31,338, 201 Minn. 203, 275 NW. 843, 1937; W.H. Shearon v. Travis Henderson, Guardian, etc., 38 Tex. 245 (1873); Jo Elaine Bailey Woodland v. Shirley Wisdom, No. 06-97-00083-CV, 975 S.W. 2d 712 (1998); Charles L. Black Aycock et al. v. F.H. Pannhill, Sr. et al., 853 S.W.2d 161 (1993); F.M. Smith v. Texas Commerce Bank - Corpus Christi, NA., et al., 822 S.W.2d 812 (1992); Frances Jackson Rogers v. David Or, a Private Citizen, Rogers, Jr. 806 S.W.2d 886 (1991)]

444. [See: Uniform Fraudulent Conveyances Act (Principal Provisions) (IRM 822), 392 2-87 Legal Reference Guide, p. 8051, § 4, which states: "Sec. 4. Conveyances By Insolvent - Every conveyance made and every obligation incurred by a person who is or will be thereby insolvent is fraudulent as to creditors without regard to his actual intent if conveyance is made or the obligation is incurred without fair consideration."]

450. [See: Hartford Fire Ins. Co. v. Chicago, etc. R.Co., 175 U.S. 91, which states: "The term 'policy' as applied to statute, regulation, rule of law, course of action, or the like, refers to its probable effect, tendency, or object considered with reference to the social or political well-being of the state. Thus, certain classes of acts are said to be against 'public policy' when the law refuses to enforce or recognize them, on the grounds that they have a mischievous tendency, so as to be injurious to the interests of the state, apart from illegality or immorality."; Brown v. Brown, 88 Conn. 42; "Public Policy is a variable quantity; it must and does vary, with the habits, capacities, and opportunities of the public.", 36 CH.Div. S39; Chaffee v. Farmer's Co-Op Elevator Co., 39 N.D. 585]

453. [See: Aden v. Dalton, 341 Mo. 454, 107 S.W.2d 1070, 1073; Aust. Jur., § 308; Black's Law Dictionary, Rev. 4th Ed., p. 394, at "CONTRACT"]

455. [See: Brasswell v. United States, 487 U.S. 99 (1988), which states: "But individuals, when acting as representatives of a collective group, cannot be said to be exercising their personal rights and duties, not to be entitled to their purely personal privileges. Rather they assume the rights, duties, and privileges of the artificial entity or association of which they are agents or officers and they are bound by its own obligations."; United States v. White, 322 U.S. 694 (1944); Wilson v. U.S., 221 U.S. 361 (1911); Wheeler v. U.S., 226 U.S. 478, 489, 490; Grant v. U.S., 227 U.S. 74, 80 (1913)]

456. [See: Davis v. Beason, 133 U.S. 333, 10 S.Ct. 229, 32 L.Ed. 637, which states: "...the term 'religion' in this Amendment refers exclusively to a person's views of his relations to his Creator, though often confused with some particular form of worship, from which it must be distinguished; Thomas v. Collins (1945), 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430, which states: "First Amendment gives freedom of mind same security as freedom of conscience."]

457. [See: Robin v. Hardaway (1772), 1 Jefferson 109; 1 Am.Jur.2d, § 14]

462. [See: Hanson v. Deckla, 357 U.S. 235 (1958)]

463. [See: Funk v. United States, 290 U.S. 371; Hanson v. Deckla, 357 U.S. 235 (1958)]

464. [See: Baker v. City of Milwaukee, 271 Ore. 500, 552 P.3rd 772]

467. [See: John Barron v. The Mayor and City of Baltimore, 7 Pet. (U.S.) 240; Spies v. Illinois (1887), 123 U.S. 131, 31 L.Ed. 80]

468. [See: Charles C. Steward Mach. Co. v. Davis, 301 U.S. S48, 575 S.Ct. 883 (May 24, 1937); La Belle Iron Works v. United States, 256 U.S. 377, 392, 41 S.Ct. 528, 532; Brushaber v. Union Pacific R.R. Co., 240 U.S. 1, 24, 36 S.Ct. 236, L.R.A. 1917D, 414, Ann. Cas. 1917B, 713; Curtiss v. Loether (1974), 415 U.S. 189, 192, n. 6, wherein the court ruled that the "common law" (Bill of Rights) is not incorporated into the XIVth Amendment; Minneapolis & St. Louis R.R. v. Bombis (1916), 241 U.S. 211; Chauffers, Teamsters & Helpers, Local No. 391 v. Terry (1990), 110 S.Ct. 1339, 1344; Delima v. Bidwell, 182 U.S. 1 (1901)]

471. [See: H. Liebes & Co. v. Klengenberg, 23 F.2d 611, 612 (C.C.A.Cal)]

472. [See: H. Liebes & Co. v. Klengenberg, supra]

473. [See: Corbin, Contracts, 1 vol. ed., 1952]

Certified True, Accurate and Complete

474. [See: 1 Story, Eq.Jur., § 222; Larvick v. White Tops Cabs, 10 So.2d 67, 73, (la.App.)]

476. [See: 9 Car. & P. 722]

479. [See: 37 Am.Jur.2d, Fraud, § 8]

480. [See: Joiner v. Joiner, 87 S.W.2d 903, 91S (Tex.Civ.App.)]

481. [See: Maher v. Hibernia Ins. Co., 67 N.Y. 292; Alexander v. Church, S3 Conn. 561, 4 A. 103; Studer v. Bleistein, 11S N.Y. 316, 7 L.R.A. 702; McNair v. Southern States Finance Co., 191 N.C. 710, 133 S.E. 85, 88]

482. [See: 1 Story, Eq. Jur., § 187; Howard v. West Jersey & S.S.R. Co., 102 N.J.Eq. 517, 141 A. 755, 757]

483. [See: Padelford, Fay & Co. v. The Mayor and Alder of the City of Savannah, 14 Ga. 438 (1854), which states: "But indeed, no private person has a right to complain, by suit in court, on the grounds of a breach of the Constitution. The Constitution, it is true, is a compact (contract), but he is not a party to it. The States are a party to it..."]

All of the aforementioned are hereby restated in their entirety, and incorporated herein, as if set forth in full as an integral part of these instant matters and Creation-Wide Record.

By signing/autographing below, Explicit Consent and Authority is granted to proceed without hindrance and delay.

Respectfully Filed

Any and all documents, papers, writings, digital data, tangible mediums and tangible items made and executed by the Undersigned are hereby restated in their entirety, and incorporated herein, as if set forth in full as an integral part of these matters and Creation Wide Public Record for all of Creation to rely upon;

Any and all documents, papers, writings, digital data, tangible mediums and tangible items filed and/or submitted into case # 15-0491 in the now defaulted, dishonored and non-existent WEST VIRGINIA SUPREME COURT OF APPEALS are hereby restated in their entirety, and incorporated herein, as if set forth in full as an integral part of these matters and Creation-Wide Public record for all of Creation to rely upon;

Any and all digital data discs and/or other tangible mediums and items, whether filed now or in the future, are hereby restated in their entirety, and incorporated herein, as if set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Contract J3:16fGsltwthghobS  Conditional Acceptance for Value upon Proof of Claim is hereby restated in its entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Contract J3:16fGsltwthghobS  Declaration and Notice of Default and Dishonor, Opportunity to Cure is hereby restated in its entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Contract J3:16fGsltwthghobS Notice and Offer for Dispute Resolution Negotiations is hereby restated in its entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Each Notice and Declaration of Acceptance, Acknowledgement, Claim and Continuance are hereby restated in its entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Each Notice and Declaration of Cancellation and Revocation are hereby restated in its entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Certified True, Accurate and Complete

Any and all Proofs of Service are hereby restated in their entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

Will and Word of the Creator also known as Holy Bible, and any and all versions and/or translations thereof, are hereby restated in their entirety, and incorporated herein, as set forth in full as an integral part of these matters and Creation-Wide Public Record for all of Creation to rely upon;

The Undersigned do hereby give present, past and future notice of corrections of any manual and/or automated filing systems and procedures which alter, or attempt to alter, unlawfully or not, our real-man Living Soul Heir and Beneficiary capacities, conditions, characters, status, standings and/or our Lawful Jurisdiction, Venue and Law Form, without limitation, ab initio, nunc pro tunc, in perpetuity, without recourse, without prejudice;

The Undersigned do hereby give present, past and future notifications of corrections of any manual and/or automated filing systems and procedures which alter, or attempt to alter, unlawfully or not, the Respondents and/or their status, standings, capacities, characters, conditions in any way, shape, form and/or facet, without limitation, ab initio, nunc pro tunc, in perpetuity, without recourse;

- In all instances of the use of the letter combinations "UNITED STATES OF AMERICA, United States of America and UNITED STATES, GOVERNMENT OF THE UNITED STATES, STATE OF ..., LOCAL, State of ..., Local, Principal" it shall mean the following, to wit: THE UNITED STATES OF AMERICA aka/dba UNITED STATES OF AMERICA aka/dba United States of America aka/dba UNITED STATES aka/dba United States aka/dba UNITED STATES GOVERNMENT aka/dba GOVERNMENT OF THE UNITED STATES aka/dba UNKNOWN, foreign entity, trustee, any and all derivatives, appellations, identifiers, numbers and their combinations, letters and their combinations, abbreviations, styles, idem sonans and/or all other legal, financial and managerial forms and formats of any nature, shape, cause and kind, and any and all variations and combinations thereof, any and all corporate, military, commercial, civil, political, social, ecclesiastical and other entities of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all creations and liabilities by, of, through and from of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all political subdivisions and instrumentalities of any nature, shape, cause kind, form and format, and any and all variations and combinations thereof, any and all capacities, characters, conditions, status, standings, jurisdictions, venues and law forms of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all agents, assigns, successors, principals, beneficiaries, employees, officers, contractors, franchisees, licensees, members of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all trusts, structures, hierarchies, systems, networks, regimes and any and all other limits and constructs of any nature, shape, cause, kind, form and format, and any and all variations and combinations thereof, any and all of the aforementioned both known and unknown, any and all of the aforementioned both perceived and unperceived, and any and all variations and combinations of the aforementioned, without limitation, private for profit entities providing quasi-governmental and other goods and services purporting to be lawful government, also referred to as Respondent.

Any omission of any possible issue, matter, right, defense, process and/or procedure, or any other term of art describing, demonstrating and/or utilized to mean the same, is explicitly reserved.

Any omission is not a waiver thereof.

A copy, facsimile and digital scan are lawfully declared to be, and has the same force, affect and effect as, the Original.

The Undersigned are not guarantors, acceptors, accommodating parties, debtors, sureties or any other term of art describing, demonstrating and/or utilized to mean the same, to and/or for anything Creation-Wide, by the explicit notice.

Page **28** of **30**
**Contract J3:16fGsltwthghobS**                                    **Certified True, Accurate and Complete**

The Undersigned reserve the right to amend, enhance and/or delete from this document and writing at any time and any place the need arises, by explicit reservation.

The Undersigned reserve the right to define all words and letter combinations contained herein; and further, reserve the right to interpret and construct the intent thereof, with full finality, by explicit reservation.

The Undersigned do hereby knowingly, willingly, intelligently and intentionally declare and affirm that the foregoing is true, accurate and complete, the truth, whole truth and nothing but the truth, to the best of our knowledge and ability, so help us Creator.

The Undersigned, under full liability and complete transparency, do hereby knowingly, willingly, intelligently and intentionally Affirm, Declare, Proclaim and Publish that this set of documents and tangible mediums are hereby absolutely and duly affirmed, authorized, declared, stated, made, issued, certified, confirmed, ratified, verified, executed, noticed, re-affirmed, re-authorized, re-declared, re-stated, re-issued, re-certified, re-confirmed, re-ratified, re-verified and re-noticed, absolutely and duly perfected, protected and secured in their entirety for all of Creation to rely upon, without limitation, in perpetuity, without recourse, without prejudice, under the penalties of false witness, to the best of our knowledge and ability, governed by, and under, the Laws of the Creator, under the Laws of Creation.

Hereunto we have set our Hands and knowingly, willingly, intelligently and intentionally caused our autographs to become affixed hereto.

Executed in Creation, by, under and pursuant to the Laws of the Creator and the Laws of Creation.

On the twelfth day of June, in the Year of our Creator two thousand nineteen.

Heir of the Creator, Real-man Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Grantor, Bailor, Administrator, Creditor, Custodian, Beneficiary; All rights, privileges, freedoms and immunities are hereby claimed, reserved and exercised, without limitation, without prejudice, without recourse

Heir of the Creator, Real-man Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Grantor, Bailor, Administrator, Creditor, Custodian, Beneficiary; All rights, privileges, freedoms and immunities are hereby claimed, reserved and exercised, without limitation, without prejudice, without recourse

Certified True, Accurate and Complete

Heir of the Creator, Real-man Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Grantor, Bailor, Administrator, Creditor, Custodian, Beneficiary; All rights, privileges, freedoms and immunities are hereby claimed, reserved and exercised, without limitation, without prejudice, without recourse



Heir of the Creator, Real-man Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Grantor, Bailor, Administrator, Creditor, Custodian, Beneficiary; All rights, privileges, freedoms and immunities are hereby claimed, reserved and exercised, without limitation, without prejudice, without recourse



Heir of the Creator, Real-man Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Grantor, Bailor, Administrator, Creditor, Custodian, Beneficiary; All rights, privileges, freedoms and immunities are hereby claimed, reserved and exercised, without limitation, without prejudice, without recourse

Certified True, Accurate and Complete