# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 20-744 |
| v. | : | |
| | : | Hon. Robert B. Kugler |
| JOHN BARRY, JR. | : | |

---

## FINAL JURY INSTRUCTIONS

---

Exh. C-1

1. **<u>Role of the Jury</u>**

Members of the jury, you have seen and heard all the evidence and will soon hear the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart

phone, iPhone, Blackberry, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone or share any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

## 2. **Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or

anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses; and

(2) Documents and other things received as exhibits; and

The following are *not* evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when

they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

### 3.  **Direct and Circumstantial Evidence**

Two types of evidence were used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience, and common sense.

You should consider all the evidence that was presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

### 4. <u>**Presumption of Innocence; Burden of Proof; Reasonable Doubt**</u>

The Defendant, John Barry Jr., pleaded not guilty to the offenses charged. John Barry Jr. is presumed to be innocent. He started the trial with a clean slate with no evidence against him. The presumption of innocence stays with John Barry Jr. unless and until the Government has presented evidence that overcomes that presumption by convincing you that John Barry Jr., is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find John Barry Jr. not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that John Barry Jr. has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove John Barry Jr. is guilty, and this burden stays with the Government throughout the trial.

In order for you to find John Barry Jr. guilty of the offense charged, the Government must convince you that John Barry Jr is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of an offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of

an offense charged, then you must return a verdict of not guilty for that particular offense.

### 5. Not All Evidence; Not All Witnesses

Although the Government is required to prove the Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the Defendant is not required to present any evidence or produce any witnesses.

### 6. Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness's testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility,

remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

(7) Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also

consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

### 7. **Defendant's Character Evidence**

You have heard reputation and opinion evidence about whether the defendant has a character trait for trustworthiness, peacefulness, and being a law-abiding citizen.  You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges beyond a reasonable doubt.

**8. <u>Defendant's Testimony</u>**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, John Barry Jr., testified. You should examine and evaluate his testimony just as you would the testimony of any witness

**9. <u>Nature of Indictment</u>**

As you know, John Barry Jr. is charged in the indictment with violating federal law, specifically conspiracy to defraud the United States in violation of 18 U.S.C. § 371, aiding or assisting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), obstructing or impeding the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a), and failure to file an income tax return in violation of 26 U.S.C. § 7203.    As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.    An indictment is simply a description of the charges against a defendant.    It is an accusation only.   An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Barry has been indicted in making your decision in this case.

**10.     <u>On or About</u>**

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with

certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

11.     **Count 1: Conspiracy to Defraud the United States in Violation of 18 U.S.C. § 371**

Count 1 of the indictment charges that from at least in or about March 2015 through at least in or about 2016, in the District of New Jersey and elsewhere, John Barry Jr. agreed or conspired with one or more other persons to defraud the United States and that, to further the objective of the conspiracy, one member of the conspiracy committed at least one overt act, as alleged in the indictment.    It is a federal crime for two or more persons to conspire or agree to defraud the United States or any of its agencies, even if they never actually achieve their objective.    A conspiracy is a kind of criminal partnership.  In order for you to find Mr. Barry guilty of conspiracy to defraud the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

> First:    That two or more persons agreed "to defraud the United States," as charged in the indictment.    "Defraud the United States," means to cheat the United States government or any of its agencies out of money or property.    It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;
>
> Second:    That John Barry Jr. was a party to or member of that agreement;

Third:   That John Barry Jr. joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that Mr. Barry and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to defraud the United States; and

Fourth:   That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.  I will explain these elements in more detail.

## 12.      __Conspiracy-Existence of an Agreement__

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to defraud the United States.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.   The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to how the objective would be accomplished.   The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.   What the government must prove beyond a

14

reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.  You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.

You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding

### 13.        Conspiracy-Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find John Barry Jr. guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that Mr. Barry knowingly and intentionally joined that agreement or conspiracy during its existence.    The government must prove that Mr. Barry knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that John Barry Jr. knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.   The government also does not have to prove that Mr. Barry played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Mr. Barry joined the conspiracy, knew of its criminal objective, and intended to further the objective.   Evidence which shows that John Barry only knew about the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that he was a member of the conspiracy even if he approved of what was happening or did not object to it.   Likewise, evidence showing that Mr. Barry may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.   You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that John Barry Jr. joined the conspiracy.

## 14.   **Conspiracy-Mental States**

In order to find John Barry Jr. guilty of conspiracy you must find that the government proved beyond a reasonable doubt that he joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove: (1) that Mr. Barry knew of the objective or goal of the conspiracy, (2) that he joined the conspiracy intending to help

further or achieve that goal or objective, and (3) that he and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including Mr. Barry's words or conduct and other facts and circumstances, in deciding whether Mr. Barry had the required knowledge and intent.

### 15.      **Conspiracy-Overt Acts**

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges the following overt acts:

(1) Defendant Mr. Barry and other conspirators filed and caused to be filed with the IRS false and fraudulent 1099-MISC IRS forms for the 2014 tax year that were purportedly filed by financial institutions and falsely claimed tax withholdings by these financial institutions;

(2) Defendant Mr. Barry and his co-conspirators filed and caused to be filed with the IRS false and fraudulent IRS Forms for the 2014 tax year which claimed false refund amounts;

(3) On March 30, 2015, Defendant Mr. Barry and CC-D filed and caused to be filed a false and fraudulent Form 1040 for the 2014 tax year, in

the name of CC-D, fraudulently asserting a claim for a refund totaling $851,908;

(4) On April 15, 2015, Defendant Mr. Barry filed and caused to be filed with the IRS a false and fraudulent Form 1040 for the 2014 tax year, in his own name, fraudulently asserting a claim for refund totaling $103,337;

(5) From January to March of 2016, Defendant Mr. Barry deposited and caused to be deposited into a bank account he controlled the fees from the proceedings of the fraudulent obtained tax refunds that were paid to him;

(6) From 2015 to 2016, Defendant Mr. Barry wired or caused to be wired funds to bank accounts controlled by CC-B;

(7) From 2015 to 2016, CC-D paid and transferred funds to Defendant Barry; and

(8) On or about April 4, 2016, CC-C paid Defendant Mr. Barry $120,142.00.

The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.    Also, the government does not have to prove that John Barry Jr. personally committed any of the overt acts. The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the

conspiracy.    You must unanimously agree on the overt act that was

committed.

**16.        Conspiracy-Success Immaterial**

The government is not required to prove that any of the members of the

conspiracy were successful in achieving any or all of the objectives of the

conspiracy.    You may find John Barry Jr. guilty of conspiracy if you find that

the government proved beyond a reasonable doubt the elements I have

explained, even if you find that the government did not prove that any of the

conspirators actually defrauded the United States.

**17.        Counts Two Through Twelve: Aiding or Assisting the**

**Preparation of False Tax Returns in Violation of 26 U.S.C. § 7206(2)**

Counts 2 through 12 of the indictment charge John Barry, Jr. with

aiding or assisting the preparation of false tax returns.    Under federal law:

Any person who . . . willfully aids or assists in, or procures, counsels, or

advises the preparation or presentation under . . . the internal revenue laws,

of a return, . . . which is fraudulent or false as to any material matter . . .

shall be guilty (of an offense against the laws of the United States).    26

U.S.C. § 7206(2)

**18.        Aiding or Assisting the Preparation of False Tax Returns-**

**Elements**

In order to find Mr. Barry guilty of Counts 2 through 12, you must find that the government has proven each of the following elements beyond a reasonable doubt:

First: That Mr. Barry aided, assisted in, procured, counseled, or advised the preparation, or the presentation, of an income tax return that was false or fraudulent as to a material matter as charged in the indictment;

Second: That Mr. Barry did such act or acts with knowledge that the income tax return in question was false or fraudulent as charged in the indictment; and

Third: That Mr. Barry did such act or acts willfully.

A "false" tax return is a return that was untrue when made and was then known to be untrue by the person making it or causing it to be made. A "fraudulent" tax return is a return made or caused to be made with the intent to deceive.

### 19. <u>**Willfully-Defined**</u>

The offense of aiding or assisting the preparation of false tax returns charged in the indictment requires the government to prove that John Barry Jr. acted "willfully." "Willfully" means a voluntary and intentional violation of a known legal duty.   Mr. Barry's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.   A good faith belief is one that is honestly and genuinely held.  You may consider the reasonableness of the belief in deciding whether the defendant actually held the belief.

However, mere disagreement with the law or belief that the tax laws are unconstitutional or otherwise invalid does not constitute a good faith misunderstanding of the requirements of the law; all persons have a duty to obey the law whether or not they agree with it.

**20.      Willful Blindness**

To find John Barry Jr. guilty of the offense of aiding or assisting the preparation of false tax returns charged in the indictment, you must find that the government proved beyond a reasonable doubt that John Barry Jr. knew that the income tax return in question was false or fraudulent. In this case, there is a question whether John Barry Jr. knew that the income tax returns in question were false or fraudulent.

When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that John Barry Jr. knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that John Barry Jr. deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that the defendant knew that the tax returns at issue were false, fictitious, or fraudulent as to a material fact based on evidence that you find exists that proves beyond a reasonable doubt that the defendant was aware of a high probability that the tax returns at issue were false,

fictitious, or fraudulent; and two, that defendant consciously and deliberately tried to avoid learning about this fact or circumstance.

You *may not* find that John Barry Jr. knew that the tax returns at issue were false, fictitious, or fraudulent as to a material fact if you find that the defendant actually believed they were not false, fictious, or fraudulent as to a material fact.  Also, you may not find that John Barry Jr. knew that the tax returns at issue were false, fictitious, or fraudulent as to a material fact if you find only that John Barry Jr. consciously disregarded a risk that the tax returns at issue were false, fictitious or fraudulent as to a material fact, or that John Barry Jr. should have known that they were false, fictitious, or fraudulent as to a material fact, or that a reasonable person would have known of a high probability that the tax returns were false, fictitious, or fraudulent as to a material fact.  It is not enough that John Barry Jr. may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.  You must find that John Barry Jr. subjectively believed there was a high probability that the tax returns at issue were false, fictitious, or fraudulent as to a material fact, consciously took deliberate actions to avoid learning of the tax returns false, fictitious, or fraudulent nature as to a material fact, and did not actually believe that the tax returns were correct or accurate.

### 21.    **Material Defined**

Something is "material" if it is essential to an accurate determination of the tax liability of the filer.    However, the government does not need to prove the

existence of a tax deficiency or loss to the government. Counts 2 through 12 charge that specific tax returns were false or fraudulent in the following material ways:

Count 2 charges that John Barry Jr.'s tax return, filed on or about April 15, 2015, for the calendar year 2014 was false and fraudulent as to a material matter in that it reported other income in the amount of $375,509 and federal income tax withheld in the amount of $220,685.

Count 3 charges that Gina Damiani's amended tax return, filed on or about October 20, 2015, for the calendar year 2014, was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $376,630, other income in the amount of $312,534, and federal income tax payments withheld in the amount of $317,955.

Count 4 charges that Nicole Hooks's amended tax return, filed on or about November 4, 2015, for the calendar year 2014, was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $405,982, other income in the amount of $334,134, and federal income tax withheld in the amount of $338,204.

Count 5 charges that Caroline Kennedy's tax return, filed on or about October 26, 2015, for the calendar year 2014 was false and fraudulent as to a material matter in that it reported other income in the amount of $419,834, and federal income tax withheld in the amount of $419,834.

Count 6 charges that Lisa Kennedy's amended tax return, filed on or about September 26, 2015, for the calendar year 2014 was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $306,853, other income in the amount of $256,790, and federal income tax withheld in the amount of $262,572.

Count 7 charges that Reginald Raghu's tax return, filed on or about April 4, 2015, for the calendar year 2014 that was false and fraudulent as to a material matter in that it reported other income in the amount of $102,037 and federal income tax withheld in the amount of $63,027.

Count 8 charges that Sandra Raghu's amended tax return, filed on or about December 30, 2015, for the calendar year 2014 that was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $174,406 and federal income tax withheld in the amount of $124,317.

Count 9 charges that Chante Thomas's amended tax return, filed on or about December 30, 2015, for the calendar year 2014 was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $458,763, other income in the amount of $297,811, and federal income tax payments withheld in the amount of $189,199.

Count 10 charges that Curtis Graves's amended tax return, filed on or about December 16, 2015, for the calendar year 2014 was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount

of $552,912, other income in the amount of $500,165, and federal income tax withheld in the amount of $506,565.

Count 11 charges that Joseph Heath's amended tax return, filed on or about December 21, 2015, for the calendar year 2014, was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $3,276,435, other income in the amount of $3,242,101, and federal income tax withheld to the IRS in the amount of $1,990,101.

Count 12 charges that Jonathan Preston's amended tax return, filed on or about November 20, 2015, for the calendar year 2014, was false and fraudulent as to a material matter in that it reported adjusted gross income in the amount of $1,294,112, other income in the amount of $1,204,851, and federal income tax withheld in the amount of $1,224,452.

## 22.  **Proof of One False Material Item Enough**

In each of Counts 2 through 12, the indictment charges that the tax returns for which the defendant allegedly aided and assisted in the preparation were false in more than one material respect, specifically, that they overreported income and overreported federal tax withholdings.

The government is not required to prove that all of the items alleged in each of Counts 2 through 12 are materially false: proof that a single charged item is materially false is sufficient to convict the defendant on the Count associated with that tax return.  However, each of you must agree with each of the other jurors that the same item is materially false.  Unless you unanimously agree

that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty.

### 23.  Signing of Returns and Knowledge of the Taxpayer are Irrelevant

In making a determination as to whether the defendant aided or assisted in or counseled, advised, or generated or set in motion certain acts or the preparation of documents resulting in the preparation or presentation of fraudulent or false tax returns, the fact that the defendant did not sign and did not prepare the income tax returns in question is not material to your consideration.

And it is not necessary for the government to prove that any taxpayer whose returns were fraudulent or false had knowledge of the falsity of the returns. In this respect, I instruct you as a matter of law, that if you find beyond a reasonable doubt that the defendant knowingly and willfully furnished, prepared, or caused to be prepared, false and fraudulent documents (and offered false advice), which the defendant knew would be relied on in the preparation of income tax returns and would result in reporting overstated income and overstated federal income tax withholdings on the returns named in Counts 2 through 12 of the Indictment, then the government has met its burden of proof under this element of the offense.

### 24.  Count Thirteen: Interfering with the Internal Revenue Laws in Violation of 26 U.S.C. § 7212(a)

Count 13 charges John Barry, Jr. with corruptly trying to obstruct or impede the administration of the Internal Revenue laws.   It is against federal law to corruptly endeavor to obstruct or impede the administration of Internal Revenue laws.  For you to find Mr. Barry guilty of this crime, the government must prove the following things beyond a reasonable doubt:

First: that the defendant acted in any way corruptly; and

Second: that the defendant obstructed or impeded, or endeavored to obstruct or impede, the due administration of a known pending or reasonably foreseeable tax-related action or proceeding.

To act "corruptly" is to act with the intent to secure an unlawful advantage or benefit either for oneself or for another. The term "endeavored" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort that has a reasonable tendency to bring about the desired result. The government must prove some "act" by the defendant, rather than a failure to act. It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result. To "obstruct or impede" means to hinder, check, stop, or retard the progress of; or to make accomplishment difficult and slow.

The "due administration of the Internal Revenue laws" for purposes of § 7212(a) means a particular tax-related proceeding or targeted administrative action.   An effort to collect taxes owed or assess penalties would qualify. But it

does not include routine administrative procedures that are near-universally applied to all taxpayers, such as the ordinary processing of tax returns.

The government must prove a "nexus" between the defendant's obstructive conduct and the particular tax-related proceeding or administrative action.  To prove a nexus, there must be a relationship in time, causation, or logic between an alleged obstructive act and the tax-related action or proceeding.

The act need not be criminal in character.    An act, even if lawful in-and-of-itself, can serve as a corrupt act if it is done with the requisite intent. In sum, the  government  must  prove  that  the  defendant  deliberately  engaged  in an  act  intended to corruptly obstruct or impede a known pending, or reasonably foreseeable, tax-related proceeding or administrative action.

### 25.       Count Fourteen: Failure to File a Tax Return in Violation of 26 U.S.C. § 7203

Count 14 of the indictment charges the defendant, John Barry, Jr., with willfully failing to file tax returns for calendar year 2016, which is a violation of federal law.    In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Mr. Barry was required to file an income tax return;

Second: That Mr. Barry did not file a tax return at or before the time required by law or regulation; and

Third: That Mr. Barry's failure to file was willful.

**26.**     **Failure to File – Requirement that a Return Be Filed**

The first element that the government must establish beyond a reasonable doubt is that Mr. Barry was required to file an income tax return for the tax year in question.    During the relevant tax year, 2016, the law of the United States required that anyone with a filing status of married filing jointly having a gross income of $20,700 or more during a tax year was required to file an income tax return, regardless of whether a tax was due for that year.

Therefore, the government must establish, beyond a reasonable doubt, that Mr. Barry's gross income for the calendar year ending December 31, 2016, was more than $20,700.  Gross income means the total of all income received before making any deductions allowed by law.   Gross income includes, but is not limited to, compensation for services, including fees, commissions and similar items.

**27.**     **Failure to File**

The second element that the government must establish beyond a reasonable doubt is that John Barry Jr. failed to file an income tax return for the tax year in question at or before the time required.  An individual taxpayer who must file an income tax return is required to file his return on or before April 15 of the year following the taxable year in question.    Therefore, in order to satisfy this second element, the government must prove beyond a reasonable doubt that Mr. Barry filed to file his income tax return on or before April 18, 2017.

### 28.    <u>**Willfulness**</u>

The third element that the government must establish beyond a reasonable doubt is that John Barry Jr. failed to file an income tax return for the year in question willfully.   You were previously instructed on the meaning of willfully and here it has that same meaning - a voluntary and intentional violation of a known legal duty.

### 29.    <u>**Separate Consideration**</u>

John Barry Jr. is charged with one count of conspiracy to defraud the United States, eleven counts of aiding or assisting in the preparation of a false tax return, one count of obstructing or impeding the due administration of the internal revenue laws, and one count of failing to file a tax return; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.   You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.   For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.   Each offense should be considered separately.

**30.**      **Spokesperson; Unanimous Verdict; Do Not Consider**

**Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.    Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:    It is my custom to ask the juror in Seat 1, Ms. Densten, to act as your Spokesperson.  This person will speak for the jury here in court.  The views and vote of the spokesperson are entitled to no greater weight than those of any other juror.

Second:    I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.    To find John Barry Jr. guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.    To find Mr. Barry not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:    If you decide that the government has proved Mr. Barry guilty, then it will be my responsibility to decide what the appropriate punishment should be.    You should never consider the possible punishment in reaching your verdict.

Fourth:    As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of

31

the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:   Now that all the evidence is in, and once the arguments are completed, and I have finished these instructions, you are free to talk about the case in the jury room.    In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.    Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.    But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote.    It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.    Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Sixth:   Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.    During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone,

smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, Instagram, Snapchat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:   If you have any questions or messages, your spokesperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.   I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.    In the meantime, if possible, continue with your deliberations on some other subject.  One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense(s)

### 31.    **<u>Verdict Form</u>**

A verdict form has been prepared that you should use to record your verdicts.  Take this form with you to the jury room.    When you have reached your unanimous verdicts, the spokesperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.    If you decide that the government has proved John Barry Jr. guilty of any or all of the offenses charged beyond a reasonable

doubt, say so by having your spokesperson mark the appropriate place on the form.  If you decide that the government has not proved Mr. Barry guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your spokesperson mark the appropriate place on the form.

### 32.    Conclusion

Now, ladies and gentlemen, I have concluded my instructions and it is time to begin your deliberations.  You may have noticed whenever you left or entered the courtroom, everyone stood.  We do that for a very important reason, and that is to convey to each of you that, together, you are the judges in this case. By standing, we accord you the respect to which you, as jurors, are entitled.  I am confident that you will live up to our expectations and deliberate with all the care that justice requires and both parties deserve.