UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA　　　　:　　　Crim. No. 20-744 (RBK)

　　　v.　　　　　　　　　　　　　　:　　　HON. ROBERT KUGLER

JOHN W. BARRY JR.　　　　　　　　:

**Opposition to Defendant's Motion For Release Pending Appeal**

Following conviction and sentencing, John Barry has filed a motion to be released pending appeal. Doc. No. 88. The defendant does not meet the criteria set out in 18 U.S.C. § 3143(b)(1) for release from detention pending appeal. Therefore, his motion should be denied.

After being convicted of a crime beyond reasonable doubt by a jury and sentenced to a term of imprisonment, there is a presumption against bail pending appeal. *United States v. Brand,* 224 F. Supp. 3d 437, 440 (E.D. Pa. 2016) (citing United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985)). A defendant, however, may be granted bail pending an appeal if he satisfies the factors set forth in 18 U.S.C. § 3143(b). Section 3143(b)(1) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment shall be detained pending appeal unless the Court finds:

A.  By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

B.  That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in:
　　　i. reversal;
　　　ii. an order for a new trial;
　　　iii. a sentence that does not include a term of imprisonment, or
　　　iv. a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

1

18 U.S.C. § 3143(b)(1).

The Court already determined that the defendant had not offered clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community when the Court ordered the defendant detained following conviction and prior to sentencing. *See* Doc. No. 66; 18 U.S.C. § 3143(a)(1).  The defendant has not offered any new facts regarding his likelihood of fleeing or the danger to the safety of any other person or the community that he poses.  Rather, the defendant continues to argue that he is not subject to the laws of the United States. *See* Doc. No. 88, p. 2.  Thus, the defendant does not satisfy the provisions of § 3141(b)(1)(A).

To prevail, the defendant must also satisfy the provisions of § 3141(b)(1)(B).  The defendant has not filed any papers with the Third Circuit or this Court explaining his argument on appeal. *See United States v. Barry*, No. 21-3372 (3d Cir.)(Docket).  Therefore, he does not satisfy the provisions of subsection (B) because the Court cannot evaluate whether the defendant's appeal is "not for the purpose of delay and raises a substantial question of law or fact likely to result in" the outcomes enumerated in § 3141(b)(1)(B)(i)-(iv).

Defendant cannot satisfy either provision of § 3141(b)(1).  Thus, for the foregoing reasons and based on the evidence presented at trial and recited by the Court at sentencing and in detaining the defendant following trial, the defendant's motion should be denied.

Respectfully submitted by:

STUART M. GOLDBERG
Acting Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

  /s/Sam Bean
SAM BEAN
SEAN GREEN
Trial Attorneys
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement
(202) 514-3774
Samuel.B.Bean@usdoj.gov
Sean.M.Green@usdoj.gov